UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22128-CIV-KING/GARBER

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ, AND
LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs,

v.

CURAÇAO DRYDOCK COMPANY, INC.,
a/k/a CURAÇAOSE DOKMAATSCHAPPIJ
NV, a/k/a CDMNV,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Curaçao Drydock Company, Inc.'s Motion to Dismiss Amended Complaint (D.E. #35), filed on March 13, 2007. Defendant originally moved to dismiss the complaint on two grounds: a) lack of personal jurisdiction over the corporation, and b) *forum non conveniens*. On September 28, 2007, Defendant conceded the issue of personal jurisdiction. For the reasons stated below, the remainder of Defendant's motion to dismiss, arguing *forum non conveniens*, is denied.

**I.    BACKGROUND**

Plaintiffs allege a conspiracy between the Defendant and the government of Cuba to traffic laborers from Cuba to Curaçao and force them to work on ships and oil platforms there. One goal of this conspiracy, it is alleged, was to aid and abet Cuba's evasion of the Cuban Embargo. The Cuban Democracy Act of 1992 prohibited ships that call on Cuban ports to visit U.S. ports for six months. It also limits commerce between the United States and Cuba. Further,

1

it is alleged that the defendant benefited from hosting an outpost of totalitarian Cuba's forced labor system by enjoying the labors of workers compelled to work by the Cuban state.

Plaintiffs are three Cuban nationals who are now residents of Florida. The complaint alleges they suffered an arduous ordeal, as follows: The Defendant and the Cuban government trafficked the Plaintiffs from Cuba to Curaçao under threat of physical and psychological harm including the threat of imprisonment. Upon arrival in Curaçao, the Plaintiffs' passports were taken and they were held on the grounds of the Defendant, along with scores of their compatriots. The workers were only allowed to leave those grounds under the guard of Cuban government agents. They were forced to work in slave-like conditions for 112 hours per week performing drydock services on ships and oil platforms. The pay for their work, the complaint alleges, was paid to the Cuban government. (In discovery, Defendant admitted that it credited Cuba on a debt it was owed by Cuba in exchange for the labors of the Cuban workers). The complaint alleges a situation in which the government of Curaçao was likely complicit due to the circumstances in which the Plaintiffs were transported to Curaçao and held there. Further, the Plaintiffs were denied all protections of the laws of Curaçao for injuries they suffered there, and, when any of the workers were injured or complained, they were promptly deported to Cuba and treated as enemies of the state. If they escaped and were caught, they were likewise deported to Cuba and punished. Plaintiffs, however, successfully escaped the Defendant's drydock facility, and were hunted by Defendant and agents of the Defendant within Curaçao and by the agents of the Cuban government all the way to Colombia, where they were granted political asylum. The United States then granted Plaintiffs parole to enter the United States.

Plaintiffs' principal claims are that the Defendant and its government agents and co-conspirators violated the laws of nations by trafficking them from Cuba to Curaçao and by

2

holding them and forcing them to work there. The main thrust of their action travels under the Alien Tort Statute, 18 U.S.C. § 1350, which grants district courts jurisdiction over actions by aliens alleging torts in violation of international law, and under federal RICO laws. Defendant has withdrawn its challenge to personal jurisdiction. The only issue before this court is Defendant's motion to dismiss for *forum non conveniens*.

## II.  LEGAL STANDARD

Under the doctrine of *forum non conveniens*, "when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case,' even if jurisdiction and venue are established. *Eastman Kodak Co. v. Kavlin*, 978 F. Supp. 1078 (S.D.Fla. 1997), quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 447-48, 127 L. Ed. 2d 285, 114 S. Ct. 981 (1994) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981)).

A four-part test has been developed:

> As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. Next, the trial judge must consider all relevant factors of *private* interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. If the trial judge finds this balance of private interests to be in equipoise or near equipoise, he must then determine whether or not factors of *public* interest tip the balance in favor of a trial in a foreign forum. If he decides that the balance favors such a foreign forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

*La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1982) (citing *Pain v. United Technologies Corp.*, 637 F.2d 775, 784-85 (D.C. Cir. 1980)). In sum, the four parts of the test

are: a) an adequate alternative forum, b) balance of private interests, c) balance of public interests, and d) ability to reinstate without undue inconvenience or prejudice to the plaintiff.

In applying this test, plaintiffs' choice of forum is entitled to a strong presumption of suitability, and "positive evidence of unusually extreme circumstances" must be present and . . . the court must be "thoroughly convinced that material injustice is manifest" before ousting a domestic plaintiff from this country's courts.

*SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097 (11th Cir. 2004) (quoting *La Seguridad*, 707 F.2d at 1308 n.7.)

> One more concern bears mentioning. It has long been held that
>
> where Congress has given the federal courts a special responsibility to implement federal law, that duty will outweigh factors of convenience and mandate that the suit be heard. If federal law applies to a case in which a *forum non conveniens* dismissal has been sought, the court must inquire further to determine if Congress has entrusted the federal courts with a special duty to implement that federal law, a duty mandating that the case should be heard. The court must ascertan if there is anything about the specific federal statute which indicates that Congress implicitly spoke to, and rejected, the application of *forum non conveniens* doctrine to a suit thereunder.

*La Seguridad v. Transytur Line*, 707 F.2d 1304, n.10. While the Court recognizes that Congress did not reject the application of the doctrine of *forum non conveniens* in cases brought under the Alien Tort Statute, it also recognizes that it has been entrusted not only with a federal law, but with a federal law that allows actions to be brought for the most serious violations of international law. Further, international law recognizes universal subject matter jurisdiction in such cases in recognition of all nations' and all of humankind's common interest in punishing those who commit such acts. Courts should be careful not to dismiss as inconvenient such cases. As the Second Circuit has stated about ordering victims to return to countries were they were victims of violations of the law of nations:

> [I]n many instances, the victim would be endangered merely by returning to that place. It is not easy to bring such suits in the courts of another nation. Courts are often inhospitable. Such suits are generally time consuming, burdensome, and difficult to administer. In addition, because they assert outrageous conduct on the part of another nation, such suits may embarrass the government of the nation in whose courts they are brought.

*Wiwa v. Dutch Petroleum*, 226 F.3d 88, 106 (2nd Cir. 2000). In this case, any of the factors that may make it difficult for Plaintiffs to bring their action, or for Defendant to defend this action, in the Southern District of Florida must be weighed against the extreme difficulties Plaintiffs would have in bringing this action in Curaçao and the importance of ensuring that there is a forum for actions alleging violations of international law.

### III.  DISCUSSION

In this case, Defendant has not met its burden to provide evidence that convinces the court that material injustice would result should this court exercise its jurisdiction in this matter. To the contrary, this Court determines that justice will best be served by its hearing this action in the Southern District of Florida.

A. <u>Defendant Fails to Meet its Burden of Proving that Curaçao is an Adequate Alternative Forum for this Action and that Plaintiffs Can Reinstate their Suit there without Undue Inconvenience or Prejudice (Factors 1 and 4).</u>

Defendant submits that Curaçao is an adequate alternative forum to hear this matter. In so doing, it posits that Defendant is amenable to service of process and subject to the jurisdiction of courts in Curaçao, and that Curaçao has been found to be an adequate forum for actions in the past, citing the case of *Reyes v. Cruise Ship Catering & Servs.*, 2006 U.S. Dist. LEXIS 57814 (S.D. Fla. 2006). Defendant counters Plaintiffs' arguments that they cannot travel to Curaçao with a declaration from the Lieutenant Governor of Curaçao, who has come forth on behalf of Defendant to affirmatively attest that, although Cuban nationals require visas to travel to Curaçao, and although Plaintiffs violated their prior visas in fleeing Curaçao surreptitiously, that

Plaintiffs will be granted visas and not prosecuted or deported to Cuba if they travel to Curaçao to prosecute a lawsuit filed there.

Plaintiffs argue first and foremost that no matter what the Lieutenant Governor might say, that they only went to Curaçao because they were forced, that the fled Curaçao at risk to their lives, and that they were granted political asylum after escaping *from* Curaçao, and so simply cannot go back there. The Court, while not passing judgment on the courts or government of Curaçao, finds the interest of the government of Curaçao in this particular matter, as evidenced by the curious fact that the Lieutenant Governor has come forth with testimony in a private lawsuit, peculiar. The government has evinced something other than what one might call a regulatory or governmental interest in this lawsuit, and something more akin to a personal interest in this lawsuit, which threatens to not only be embarrassing, but to be embarrassing in a very small community in which the Defendant plays a major economic role. The Lieutenant Governor's affidavit does little to make this court believe that Curaçao is an adequate alternative forum or that the Plaintiffs can reinstate their suit there without undue inconvenience or prejudice.

Further, Defendant has failed to provide positive evidence that overcomes the fact that Plaintiffs received political asylum after escaping *from* Curaçao. Defendant cites the cases of *Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345 (1st Cir. 1992) and *Hilton Int'l Co. v. Carrillo*, No. 3D07-1773 (Fla. 3d DCA filed Jan. 9, 2008) for the proposition that fear of arrest or violence is not enough to render a foreign forum inadequate. Defendant's argument overstates the holdings of those cases while both understating the gravity of the situation faced by Plaintiffs and sidestepping the several unique indicators that make Curaçao inadequate for this particular case. In *Mercier*, the Court found that the plaintiffs' lawsuit could easily be brought by a co-

plaintiff, and the reason one of the plaintiffs could not return to the forum had nothing to do with the claim for breach of contract at issue in that case. Here, by contrast, there are no proxy co-plaintiffs to bring this action for Plaintiffs' benefit, and their fear of traveling to Curaçao is intricately related to this cause of action. Plaintiffs allege and provide affidavit testimony that Cuban government agents and a private security firm hired by Defendant pursued them in Curaçao, their precise fears today. And, these fears are in no way addressed by any evidence put forth by Defendant. No one, not even the Lieutenant Governor of Curaçao, can claim to control the Cuban government's actions.

The *Hilton* case is likewise distinguishable. In that matter, there was no particularized, ongoing danger to the plaintiffs, who, by the way, had *voluntarily* traveled to Egypt in the first place. More importantly, the plaintiffs in that case *admitted* that Israel was an adequate alternative forum in which the plaintiffs were under no threat, and where most of them in fact had lived freely and voluntarily.

Here, by contrast, the only proposed alternative forum is one in which the Plaintiffs allege they only ever went to forcibly, and one in which they allege they never lived as free men. Courts have recognized that a forum where a plaintiff suffered trauma is inadequate. *See Guidi v. Intercontinental Hotels Corp.*, 224 F.3d 142 (2d Cir. 2000). Here there is more than trauma. If the current facts did not make Curaçao inadequate, it certainly would be an undue prejudice or inconvenience to make these Plaintiffs go to the country they allege they were trafficked to, held in captivity, and face ongoing danger. A *forum non conveniens* dismissal in these circumstances would not pass the "ultimate inquiry" of serving not just the convenience of the parties, but also the "ends of justice", and so is not warranted. *Guidi* at 147, citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947).

B. <u>Private and Public Interest Factors do not Favor Dismissal (Factors 2 and 3).</u>

Likewise, a balancing of the private and public interest factors does not support dismissal.

The private interest factors to be considered are the relative ease of access of proof, ability to obtain witnesses, and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 952 (11th Cir. 1977). In this matter, Defendant is in Curaçao. However, Plaintiffs are all in Florida. The alleged injuries to Plaintiffs for forced labor occurred in Curaçao. On the other hand, the trafficking took place internationally and in Cuba, as well as in Curaçao.

The witnesses to this matter include the three Plaintiffs and whatever witnesses Defendant proffers. Defendant has not named any witness to the court concerning the principal allegations that could not be compelled by it as employees or officers of the Defendant corporation. Further, depositions could be used at trial, reducing the expense and inconvenience to witnesses. Without naming any individual witnesses, Defendant argues that medical doctors in Curaçao could be witnesses concerning the negligence claim, which is a small portion of the overall case. If those witnesses are indeed necessary, depositions or other means of obtaining their testimony may be possible. Defendant has clearly not met its burden of showing that this forum is inconvenient due to an inability to compel necessary witnesses.

Likewise, insofar as there are documents in this case, although likely located in Curaçao, any relevant documents could be produced in Miami at little inconvenience to Defendant. The factors of location of witnesses and documents and where the incident arose slightly favor Defendant's position.

8

On the issues of this Court's ability to try a case in which many of the witnesses might speak a language other than English and in which many of the documents may be in a language other than English, this Court is well-equipped and experienced in such situations. Further, this Court promises to convenience all parties by holding a trial without undue delay, and has set a trial date within this calendar year. Finally, before me are a Defendant that is a large company that has brought seven federal lawsuits in U.S. courts, on the one hand, and three Plaintiffs who are recent immigrants who claim never to have entered Curaçao voluntarily on the other. Even though some private interest factors favor Defendant, if one factors the extreme prejudice to Plaintiffs in litigating in Curaçao, and the relatively light burden on Defendant litigating in the U.S., that advantage is erased.

The public interests to be considered include court congestion, the local interest in the controversy, avoidance of unnecessary problems in the application of foreign law, and avoidance of imposing jury duty on residents of a jurisdiction having little relationship to the controversy. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

This Court does not foresee any problems with the application of foreign law regarding the claims of negligence alleged by the Plaintiffs. In any event, Plaintiffs' primary claims are ones arising from laws of the United States—the Alien Tort Statute and federal RICO.

Local interest in the controversy requires more examination. As stated before, the government of Curaçao has a general interest in regulating its corporations and enforcing its labor laws. This interest augurs towards it as a forum. However, Curaçao's more particularized interest in this case, stemming from any allegations that it was complicit in, acquiesced in, or failed to stop the alleged abuses of such a serious and explosive nature, is not seen by this Court as a local interest factor that militates towards Curaçao.

Further, any interest that a forum in Curaçao may have is countered by the public interest factors this jurisdiction has in the matter. This case concerns alleged violations of international human rights norms of concern to all nations and that the Alien Tort Statute empowered this Court to address. It concerns an alleged act of international trafficking. It concerns the human rights of people who have been Cuban citizens, an issue of concern to many members of this community. It concerns the foreign policy interests of the United States as expressed in the Cuban Democracy Act of 1992, and the interests of Congress expressed in the RICO statute. All these public interest factors militate in favor of this Court's retention of this matter.

Finally, this Court is not too congested, and local jurors will not be unduly burdened by this action. Case filings in this district are at historic lows, and this dispute is of concern to this community.

Accordingly, this Court determines that a balancing of the private and public interest factors favors this Court as a more convenient and appropriate forum for this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court declines to dismiss this action for *forum non conveniens.* Trying this case in this Court presents no particular difficulties to the Court or the parties.

Therefore, having considered the briefs submitted and oral argument presented by the parties, the Court has considered Defendant's motion, and the pertinent portions of the record, and this Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (D.E. # 35) is DENIED.

DONE AND ORDERED in Chambers at Judge James Lawrence King Federal Justice Building, Miami, Florida, this 22nd day of February, 2008.

*signature*

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

**Counsel for Plaintiffs**
John Andres Thornton
John Andres Thornton
100 SE 2 Street
Suite 2700
Miami, FL 33131
305-532-6851
Fax: 538-1070
Email: johnandresthornton@hotmail.com

**Counsel for Defendant**
Matthew Henry Triggs
Proskauer Rose
2255 Glades Road
Suite 340 West
Boca Raton, FL 33431-7360
561-241-7400
Fax: 241-7145
Email: mtriggs@proskauer.com

**Stephanie Reed Traband**
Proskauer Rose
2255 Glades Road
Suite 340 West
Boca Raton, FL 33431-7360
561-241-7400
Fax: 241-7145
Email: straband@proskauer.com