# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

ALBERTO JUSTO RODRIGUEZ
LICEA, FERNANDO ALONSO
HERNANDEZ, and LUIS ALBERTO
CASANOVA TOLEDO,

**CASE NO. 06-22128-CIV-KING**

      Plaintiffs,

v.

CURACAO DRYDOCK COMPANY, INC.,
a/k/a CURACAOSE DOKMAATSCHAPPIJ
NV, a/k/a CDMNV,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATE OF APPEALABILITY

THIS CAUSE comes before the Court upon Defendant's Motion to Certify 28 U.S.C. § 1292(b) Interlocutory Appeal and to Stay Proceedings (D.E. #66), filed February 27, 2008. Plaintiff's Response (D.E. #67) was filed February 28, 2008, followed by Defendant's Reply (D.E. #69) on March 3, 2008.

### I. Procedural Background

On August 24, 2006, Plaintiffs filed a complaint in the above-styled action

alleging forced labor, false imprisonment, negligence, and acts of conspiracy.[1] On March 13, 2007 (seven months after the filing of the original complaint), Defendant filed a Motion to Dismiss for Lack of Jurisdiction (D.E. #35)[2]. Specifically, Defendant sought dismissal of the above-styled action for lack of personal jurisdiction and *forum non conveniens*. The Court held an initial hearing on Defendant's Motion to Dismiss on May 24, 2007 where it developed that the parties needed to develop the record more fully with discovery. (Minute Entry, D.E. #49.) As a result of this hearing, the Court entered an Order on June 21, 2007, taking Defendant's Motion to Dismiss under advisement and lifting the Court's prior Order staying discovery as to jurisdictional discovery only. (D.E. #52.) On November 28, 2007, nearly four months after the initial hearing on Defendant's Motion to Dismiss, Defendant filed a Notice of Withdrawal of its lack of personal jurisdiction defense and reasserted its *forum non conveniens* defense. (D.E. #53.)

On January 18, 2008, the Court heard oral argument on Defendant's Motion to Dismiss based on *forum non conveniens*. The hearing allowed both parties to set

---

[1] Plaintiffs' initial complaint (DE # 1) brought nine claims for relief. However, Plaintiffs' Amended Complaint (DE # 31), filed January 11, 2007 only alleges the afore-mentioned four claims.

[2] Plaintiff's Response (D.E. #36) was filed on March 30, 2007, followed by Defendant's Reply (D.E. #40) on April 16, 2007.

forth their arguments regarding whether Curacao was a suitable alternative forum. At the end of the two hour hearing, the Court rendered its decision and stated on the record detailed findings of fact which resulted in the denial of Defendant's Motion to Dismiss. Plaintiff was instructed to submit a draft order of the opinion rendered in open court. The parties were unable to reach an agreement on the language of the order and decided to submit competing proposed orders. After carefully reading both proposed orders, the Court signed and entered the Order which it thought best reflected the findings made on the record.[3]

The instant motion seeks to certify the Court's Order Denying Defendant's Motion to Dismiss as immediately appealable under 28 U.S.C. § 1292(c). Defendant contends that there are controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the case. (D.E. #66.) These matters were all submitted to the Court in prior briefs and oral argument. The Court balanced the private and public interest factors and, in exercising a trial Court's discretion to proceed with trial promptly, took into account that this matter has been pending for over eighteen months. Additional delay for an interlocutory

---

[3]To clarify a statement made in Defendant's Reply, the Court did in fact note the certification language included at the end of Defendant's proposed order.

appeal on issues that can be fully reviewed after Trial and final judgment is both

unfair to the parties and an unnecessary expense of time, effort, and cost.

Accordingly, after a careful review of the record and being otherwise fully

advised, it is therefore,

ORDERED, ADJUDGED and DECREED that Defendant's Motion To

Certify 28 U.S.C. § 1292(b) Interlocutory Appeal and to Stay Proceedings (**D.E.**

**#66**) be, and the same is hereby, **DENIED**.  It is further

ORDERED, ADJUDGED and DECREED that the above-styled case

shall proceed in accordance with the Court's January 18, 2008 Scheduling Order

(D.E. #58), setting the discovery deadline for August 14, 2008, the motion practice

deadline for August 19, 2008, Pretrial Conference for October 24, 2008 and Trial

for the Court's two-week calendar of November 17, 2008.

DONE and ORDERED in chambers at the James Lawrence King Federal

Justice Building and United States Courthouse, Miami, Florida, this 11th day of

March, 2008.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

4

cc:     ***Counsel for Plaintiffs***
        John Andres Thornton, Esq.
        John Andres Thornton
        100 SE 2 Street
        Suite 2700
        Miami, FL 33131
        305-532-6851
        Fax: 538-1070

        Seth Eric Miles, Esq.
        Grossman Roth, P.A.
        Grand Bay Plaza - Penthouse 1
        2665 South Bayshore Drive
        Miami, FL 33133
        305-442-8666
        Fax: 305-285-1668

        ***Counsel for Defendant***
        Matthew Henry Triggs, Esq.
        Stephanie Reed Traband, Esq.
        Proskauer Rose
        2255 Glades Road
        Suite 340 West
        Boca Raton, FL 33431-7360
        561-241-7400
        Fax: 241-7145