UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22128-CIV-KING/BANDSTRA

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONZO HERNANDEZ, and
LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs,

vs.

CURACAO DRYDOCK COMPANY, INC. a/k/a
CURACAOSE DOKMAATSCHAPPIJ NV a/k/a
CDMNV,

    Defendant,

and

ISLAND TERRITORY OF CURACAO and
THE GOVERNMENT OF THE NETHERLANDS
ANTILLES,

    Supplemental Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Motion to Dismiss Based on Lack of Subject Matter Jurisdiction and Sovereign Immunity, by the Netherlands Antilles and the Island Territory of Curacao (D.E. 143) filed on August 13, 2010. On October 26, 2010, this motion was referred to the undersigned for appropriate judicial action by the Honorable

James Lawrence King pursuant to 28 U.S.C. §636(b). Accordingly, the undersigned conducted a hearing on this motion on December 14, 2010. Following careful review of the pleadings, the court file and applicable law, and in consideration of oral argument of the parties, the undersigned RECOMMENDS that this motion to dismiss be GRANTED for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. § § 1602-1611 ("FSIA").

## PROCEDURAL HISTORY

On August 24, 2006, Alberto Justo Rodriguez Garcia and two other Cuban nationals then residing in the United States (hereinafter "plaintiffs") filed this action under the Alien Tort Statute, 28 U.S.C. § 1350 (2000), and the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(b) (2000), on allegations that they suffered physical and psychological damages as victims of a forced labor scheme in which defendant, Curacao Drydock Company, Inc. ("Curacao Drydock"), in concert with the government of Cuba, trafficked them to Curacao and extracted forced labor.

On August 8, 2008, this Court entered an order striking Curacao Drydock's answer to the amended complaint and entering a default judgment in favor of plaintiffs on the issue of liability following Curacao Drydock's refusal to defend this action.

On August 31, 2008, the Court then entered Final Judgment the amount of $80 million following a bench trial on damages which also was not attended by Curacao Drydock. This judgment remains outstanding at this time.

On January 5, 2010, plaintiffs filed a motion for supplemental proceedings to

2

implead the countries of Curacao and the Netherlands Antilles in order to add these governmental entities as judgment debtors responsible for the judgment entered against Curacao Drydock. Plaintiffs sought such relief under federal procedures for execution of a judgment set forth in FR Civ. P. 69(a) and pursuant to state procedural rules governing supplemental proceedings set forth in Fla.Stat. §56.29.

On April 20, 2010, this Court entered an Order granting in part and denying in part plaintiffs' motion for supplemental proceedings with respect to the governments of both Curacao and the Netherlands Antilles. Specifically, the Court allowed plaintiffs to implead the governments of both countries pursuant to Fla. Stat. §56.29 but denied plaintiffs' request to add these governmental entities as judgment debtors pending further proceedings in the case. See Court Order dated April 20, 2010 (D.E. 133).

On August 13, 2010, the public entities of the Netherlands Antilles and the Island Territory of Curacao (hereinafter the "Governments") filed the instant motion to dismiss the supplementary proceedings against them arguing that they are immune from any proceedings in aid of execution as foreign states under provisions of the FSIA.

## ANALYSIS

The Governments of Curacao and the Netherlands Antilles seek dismissal from this lawsuit under §1604 of the FSIA which provides in relevant part:

> .... a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in [statutory exceptions discussed below].

28 U.S.C. § 1604. The Governments essentially argue that the FSIA alone sets forth the

exclusive basis for establishing federal jurisdiction over foreign states and, absent an applicable statutory exception, this Court lacks jurisdiction over them in these supplemental proceedings initiated pursuant to Fla. Stat. § 56.29(a). The Governments then contend that no exceptions are applicable here - - particularly when plaintiffs seek to execute against them as judgment debtors in an action in which they were not named as defendants or served with the underlying complaint and to which they had no opportunity to contest this Court's jurisdiction or defend against the merits of the claims brought against Curacao Drydock.

Plaintiffs oppose the Governments' motion contending that the "commercial activity" exception contained within § 1605(a)(2) of the FSIA is applicable here and establishes jurisdiction over the Governments in light of "uncontested" evidence establishing that the Governments are "alter egos" of Curacao Drydock subject to liability on the judgment previously entered in this case. Most notably, plaintiffs point to evidence that Curacao Drydock was owned by the Governments of Curacao and the Netherlands Antilles at all relevant times and controlled the activities of that company so that they are responsible for its actions complained about in this case. Plaintiffs recognize the general provisions of the FSIA and the broad immunity from litigation ordinarily enjoyed by foreign states in courts of the United States. Plaintiffs argue, however, that neither Curacao nor the Netherlands Antilles is immune from this Court's jurisdiction here due to the "commercial activities" exception to immunity found in §1605(a)(2) of that statute.

Federal cases involving actions against foreign states uniformly recognize that the FSIA is the exclusive basis for establishing jurisdiction over a foreign state. The Supreme Court has explained:

> As we said in *Verlinden*, the FSIA "must be applied by the district courts in every action against a foreign sovereign, since subject-matter jurisdiction in any such action depends on the existence of one of the specified exceptions to foreign sovereign immunity." *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493, 103 S.Ct. 1962, 1971, 76 L.Ed.2d 81 (1983).

*Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 435 (1989). The FSIA applies regardless of whether a plaintiff is seeking to establish original jurisdiction over a foreign state to initiate a lawsuit or, as in this case, to execute on assets of a foreign state following earlier litigation:

> Our analysis of this question begins with the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. §§ 1602-1611. The FSIA provides the exclusive basis for federal court jurisdiction in civil actions against foreign states, their agencies and instrumentalities, and the circumstances under which judgments rendered against foreign states can be executed. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 491 n. 16, 103 S.Ct. 1962, 1970 n. 16, 76 L.Ed.2d 81 (1983); *Jackson v. People's Republic of China*, 794 F.2d 1490, 1493 (11th Cir. 1986); 28 U.S.C. § 1602. Under the framework established by Congress, the FSIA grants foreign states immunity from suit and from execution in U.S. courts, subject to certain specified exceptions. 28 U.S.C. §§ U.S.C. 1604-07, 1609-11.

*Hercaire Intern., Inc. v. Argentina*, 821 F.2d 559, 563 (11th Cir. 1987).

Under the FSIA, a foreign state is "presumptively immune" from suit. *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). Thus, in order to establish subject matter jurisdiction under the FSIA, a plaintiff must overcome that presumption by producing evidence that "the conduct which forms the basis of [the] complaint falls within one of the statutorily defined exceptions [to immunity]." *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312-1313 (11th Cir. 2009) (quoting *S & Davis, Int'l v. Republic of Yemen*, 218 F.3d 1292, 1213 (11th Cir.

5

2000)).¹ Generally, whether a plaintiff has satisfied his burden of production in this regard it is determined by looking at the "allegations of the complaint [and] the undisputed facts, if any, placed before the court by the parties." *Id.* (citing In re *Terrorist Attacks on September* 11, 2001, 538 F.3d 71, 80 (2nd Cir. 2008) (plaintiff has burden of producing evidence showing that, under exceptions to the FSIA, immunity should not be granted). Once the plaintiff demonstrates that one of the statutory exceptions to FSIA immunity applies, the burden then shifts to the defendant to prove, by a preponderance of the evidence, that the plaintiff's claims do not fall within the exception. *See S & Davis Int'l*, 218 F.3d at 1300. Foreign sovereign immunity under the FSIA is immunity from suit, not merely a defense to liability, so that denial of a claim of sovereign immunity is immediately appealable as a final decision under 28 U.S.C. § 1291. See *O'Bryan v. Holy See*, 536 F.3d 361, 372 (6th Cir. 2009).

In this case, plaintiffs' recognize that the Governments of Curacao and the Netherlands Antilles are foreign sovereigns presumptively entitled to immunity under the FSIA but argue that evidence of their ownership and control of Curacao Drydock at the time of plaintiff' injuries satisfies the "commercial activity" exception found in 28 U.S.C. § 1605(a)(2) which provides, in relevant part:

---

¹In this case, plaintiffs initiated this action against the Governments pursuant to state law procedures for execution of a judgment against supplemental defendants under Fla.Stat. §56.29. Thus, no complaint was ever filed against the Governments setting forth the exception(s) relied upon by plaintiffs to overcome the statutory presumption of immunity under the FSIA. Rather, plaintiffs have responded to this motion to dismiss arguing the "commercial activity" exception contained within §1605(a)(2) of the FSIA. Plaintiffs, however, failed to distinguish between the two "commercial activity" exceptions for actions against foreign states enumerated in the statute and as discussed more fully below.

### § 1605. General exceptions to the jurisdictional immunity of a foreign state

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case-

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States, ....

Plaintiffs rely on affidavits, discovery responses, and other evidence filed in these supplemental proceedings which establish, in their view, the Governments' ownership of Curacao Drydock; their control of the day-to-day management and operational activities of Curacao Drydock including the hiring and compensation of its employees; the Governments' "orchestration" of the "joint venture "between a Cuban drydock company and Curacao Drydock which resulted in plaintiffs' injuries and damages; the amount of revenues generated by the Curacao Drydock derived from customers located within the United States; and other evidence demonstrating that the Governments did, in fact, engage in commercial activity both in and causing a direct effect in the United States. Plaintiffs then argue that this evidence clearly satisfies the general "commercial activity" exception contained in § 1605 (a)(2) so that it is now the Governments' burden to prove that this exception does not apply.

The Government's respond to plaintiffs' position in two ways. First, the Governments argue that plaintiffs fail to acknowledge that these supplemental proceedings are in aid of execution on a Judgment entered against another party (Curacao Drydock);

and erroneously seek a general § 1605 exception to immunity which is clearly inapplicable here. The Governments direct the Court's attention to § 1610(a)(2) of the FSIA which reads, in pertinent part:

> **§ 1610. Exceptions to the Immunity from Attachment or Execution**
>
> (a) The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if -
>
> > (2) the property is or was used for the commercial activity upon which the claim is based;

The Governments contend that this statutory provision, rather than the more expansive "commercial activity" exception contained in §1605(a)(2), is the only possible exception here that could be used by plaintiffs in their attempt to execute upon a judgment previously obtained against Curacao Drydock. The Governments then argue that plaintiffs do not meet the requirements of §1610(a)(2) because they fail to identify any property of the Governments which was "used for commercial activity in the United States" and that such property was used "for the commercial activity upon which this claim is based" as required for the "commercial activity" exception to attachment or execution contained in §1610(a)(2). Alternatively, the Governments contend that plaintiffs have also failed to satisfy the requirements of §1605(a)(2) should the Court find that exception applicable here.

Reviewing the parties' positions, all applicable provisions of the FSIA, and relevant case law, the undersigned agrees with the Governments' position and finds that §1610(a)(2) is the only possible exception to immunity in these supplemental proceedings

brought in aid of execution against the Governments. Plaintiffs, despite their filing of a lengthy memorandum in opposition, totally ignores §1610(a)(2) and its applicability here choosing to argue this Court's jurisdiction over the Governments under a "general" exception to immunity for original actions brought against a foreign state. Federal courts, however, have routinely held that the narrower exceptions to immunity from attachment or execution are applicable in this particular context. Most instructive is the Fifth Circuits decision in *Connecticut Bank v. Republic of the Congo*, 309 F.3d 240 (5th Cir. 2002), where the Appellate Court looked to §1610(a)(2) and its waiver of immunity provisions in an action by a domestic creditor in possession of a default judgment against a foreign state. Important here is the Court's discussion concerning the differences between §1605 and §1610 exceptions to immunity based on commercial activity of the foreign states:

> ....The FSIA deals separately with immunity from jurisdiction (§1605) and immunity from execution (§1610). Although each of these sections creates a "commercial activity" exception from immunity, Congress phrased the two "commercial activity" exceptions very differently. Section 1605(a)(2), concerning immunity from jurisdiction, provides:
>
>> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case...
>>
>> (2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States *in connection with a commercial activity* of the foreign state elsewhere; or upon an act outside the territory of the United States *in connection with a commercial activity of the foreign state* elsewhere and that act causes a direct effect in the United States;
>
> This section uses the phrase "in connection with" a commercial activity. It allows a plaintiff to pierce a foreign state's immunity for suits based on acts that have any connection with a commercial activity in the United States (or with a commercial activity elsewhere that causes a direct effect in the United States). This phrase, "in connection with," means something like "related to"

9

or "integral to." That is, the phrasing in the immunity section means much the same thing that the Bank wants to assign to the phrasing in the execution section.

Section 1610(a), concerning immunity from execution, does not use the phrase "in connection with." If Congress had intended to allow execution on property that had a "relationship with" or was "integral to" a commercial transaction in the United States, we would expect it to say as much, probably by using the same phrase ("in connection with") as it used in crafting the exception to jurisdictional immunity. Instead, §1610(a) provides:

> (a) *The property in the United States* of a foreign state, as defined in section 1603(a) of this chapter, *used for a commercial activity in the United States*, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if [one of several additional factors applies].

Congress used the more specific phrase "used for a commercial activity" in this section rather than the less specific phrase "in connection with a commercial activity" used in § 1605.

209 F.3d at 255. The Court in *Connecticut Bank* went on to note that the Second Circuit in *DeLetelier v. Republic of Chile*, 748 F.2d 790, 798-99 (2d Cir. 1984), relied on the international law context of the FSIA and concluded that its exceptions to "executional immunity [are] indeed narrower than its exceptions to jurisdictional immunity." *Id.* at 256. The instant case is an action seeking to execute on assets belonging to the Governments so that §1610(a)(2) clearly applies.

Plaintiffs totally ignore the important distinctions between the commercial activity exceptions for jurisdictional and executional immunity in the FSIA. Plaintiffs never sought to establish this Court's original jurisdiction over the Governments to litigate the underlying case against them, claiming that they lacked knowledge concerning the Governments'

involvement with Curacao Drydock when this lawsuit was filed in 2006. Even assuming that to be true, however, does not allow plaintiffs to now rely on the broader "jurisdictional" exceptions in the FSIA in these execution proceedings against the Governments for reasons explained in the above authority. Clearly, plaintiffs are obligated to find an exception under §1610 and not §1605 to proceed against the Governments in order to execute on the judgment previously entered in this case. Plaintiffs' reliance on §1605's "commercial activity" exception simply will not do. Once again, the undersigned notes plaintiffs' complete failure to seek an exception to immunity under the executional jurisdiction provisions of §1610.

The Governments' position under §1610(a)(2) is correct, and shows plaintiffs' failure to meet the "commercial activity" exception in that portion of the statute. Indeed, §1610(a)(2) itself provides that the only property of foreign state subject to execution is property "used for commercial activity in the United States" and which was used "for the commercial activity upon which the claim is based." 28 U.S.C. §1610(a)(2). Plaintiffs identify no such property in the United States and make no attempt to show that such property, if it exists, is or was used for the commercial activity upon which its claim against Curacao Drydock was based. Instead, plaintiffs seek to impose liability on the Governments for the default judgment obtained against Curacao Drydock without identification of any property belonging to the Governments located in the United States which is now or was formally used in conjunction with the underlying claim. The FSIA prevents plaintiffs from proceeding in this way.

Finally, the undersigned finds support for the Government's position in the Eleventh Circuit's recent decision in *Butler v. Sukhoi, supra*, decided in 2009. In that case, plaintiffs

sued a Russian corporation ("SDB") for damages arising out of an aircraft crash in Florida due to defects in the aircraft. SDB responded with defenses on the merits, but did not raise the issue of immunity under the FAIA. During the course of the litigation, SDB failed to respond to discovery or comply with various orders of the court. The court entered a default judgment on liability as a sanction, and then conducted a trial on damages.

Thereafter, plaintiffs filed a second action naming SDB and several other defendants including the government of Russia. Neither the Russian government nor the additional defendants were parties in the initial litigation. The allegations were that the Russian corporations owned the majority of the shares of SDB, and that the Russian government ultimately merged all of these successor corporations into a company that was the alter ego of the Russian government. The second action sought a declaration that, because of their "alter ego" status, the new defendants, including Russia, was jointly and severely liable for the underlying judgments.

Addressing a similar motion to dismiss filed by Russia, the Eleventh Circuit reviewed the FAIA and its exceptions to immunity for foreign states and found that plaintiffs failed to allege a general exception to Russian immunity alleging only that Russia was the "alter ego" of the original defendants. The Appellate court dismissed the case and rejected plaintiffs' attempt to conduct "jurisdictional discovery" to support their "alter ego" theory of liability.

While *Butler* was decided under §1605, the same conclusion must be reached here. Plaintiffs initially failed to identify any exception to the Governments' immunity under the FAIA, and now attempts to assert an "alter ego" theory and the "commercial activity" exception for original jurisdiction under §1605(a)(2). Plaintiffs' attempt is misplaced

because §1610(a)(2) is the only exception possibly available here. Once again, plaintiffs have made no attempt to met the requirements of §1610(a)(2). Plaintiffs supplemental proceedings against the Governments brought pursuant to Fla.Stat. §56.29 simply cannot succeed because that state statute provide no basis for establishing jurisdiction to execute on the judgment against Curacao Drydock over the Governments in these supplemental proceedings.

## RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that the Governments' motion to dismiss the supplemental proceedings against them be GRANTED for lack of subject matter jurisdiction under FSIA.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of the receipt. See 28 U.S.C. § 636(b)(1)(C); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983);

Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida this 31st day of January, 2011.

_____
Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
All counsel of record