UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22128-CIV-KING/BANDSTRA

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ,
AND LUIS ALBERTO CASANOVA TOLEDO,

      Plaintiffs,

v.

CURACAO DRYDOCK COMPANY, INC.,
a/k/a CURACAOSE DOKMAATSCHAPPIJ NV,
a/k/a CDMNV,

      Defendant.
_____/

## ORDER AFFIRMING IN PART REPORT
## AND RECOMMENDATION OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon the January 31, 2011 Report and Recommendation ("R&R") of the Honorable Ted E. Bandstra (DE #165), recommending the dismissal with prejudice of supplemental proceedings against the Island Territory of Curaçao and the Government of the Netherlands Antilles ("the Governments"). *Id.* Plaintiffs filed Objections to the R&R March 1, 2011. (DE #170). The Governments filed a Response to Plaintiff's Objections (DE #178) April 18, 2011, to which Plaintiffs replied April 25, 2011. (DE #179). The Court considers the objections *de novo*. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After a careful review of the record, the Court concludes that the R&R should be affirmed and adopted in part. The

supplemental proceedings will be dismissed without prejudice.

I.   **Background**[1]

Plaintiffs are Cuban nationals who were abducted from Cuba, trafficked to Curaçao, and then forced to work at Defendant Curaçao Drydock Company's ("Curaçao Drydock") shipyard under deplorable conditions. This forced labor scheme was carried out over a period of fifteen years pursuant to an agreement between Cuba and Curaçao Drydock. Plaintiffs suffered severe physical, psychological, and emotional injuries as a result of their forced servitude. Plaintiffs escaped, and eventually made it to the United States.

They commenced the instant suit against Curaçao Drydock under the Alien Tort Statute, 28 U.S.C. § 1350 (2000), and the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(b) (2000). Curaçao Drydock abandoned its defense of this lawsuit during the discovery phase, and the Court entered default against it on the issue of liability on August 8, 2008. (DE #101). After holding a bench trial on damages in which Curaçao Drydock declined to appear, the Court entered Final Judgment in the amount of $80 million in favor of Plaintiffs. *Licea v. Curaçao Drydock Co.*, 584 F.Supp. 2d 1355 (S.D. Fla. 2008). On January 5, 2010, Plaintiffs moved pursuant to Federal Rule of Civil Procedure 69(a)[2] and Florida Statute § 56.29(a)[3] to commence proceedings supplementary to implead

---

[1]The facts of this case are laid out in detail in the Final Judgment entered by this Court on October 31, 2008. *Licea v. Curaçao Drydock Co.*, 584 F.Supp. 2d 1355 (S.D. Fla. 2008).

[2]Rule 69(a) provides, in relevant part:

A money judgment is enforced by a writ of execution, unless the court directs

2

the Governments and add them as Judgment Debtors. (DE #120). Magistrate Judge Ted E. Bandstra granted the Motion in part, permitting Plaintiffs to implead the Governments, but finding it would be premature to rule on the portion of the Motion seeking to add the Governments as judgment debtors. (DE #133).

The Governments then moved to dismiss the supplementary proceedings on the ground that they are immune from suit under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 ("FSIA"), and this Court therefore lacks jurisdiction. The Motion to Dismiss was referred to the Honorable Ted E. Bandstra. The issue raised by the motion, responses, Judge Bandstra's R&R, and the objections to the R&R that are now before the court is which of two provisions of the FSIA are applicable here. In addition, Plaintiffs argue that Judge Bandstra erred by not granting them the opportunity to conduct jurisdictional discovery.

---

> otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

[3]Section 56.29(1) provides:

> When any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment holder or judgment lienholder may file an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment holder or judgment lienholder is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29(1).

## II. Discussion

Under the FSIA, foreign states are presumptively immune from the jurisdiction of the courts of the United States. 28 U.S.C. § 1604 ("[A] foreign state shall be immune from the jurisdiction of the courts of the United States and of the states except as provided in [exceptions provided in later sections of the FSIA]."). A plaintiff must overcome this presumption by producing evidence that the conduct underlying the complaint falls within one of the statutory exceptions to immunity. *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312–13 (11th Cir. 2009). The Parties here have focused on two exceptions in the FSIA pertaining to commercial activity by a foreign government. They disagree as to which one applies.

### A. Applicable FSIA Exception

In general, a foreign government that acts as an ordinary participant in the economic market, and not in its capacity as a sovereign, is not immune from suit for conduct relating to its commercial activities. *See Republic of Argentina v. Weltover*, 504 U.S. 607, 614 (1992). The FSIA embodies this principle in two exceptions from immunity. The first is an exception from immunity from jurisdiction generally:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case . . . in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2).

The second relevant exception provides an exception to the immunity of a foreign state's property from attachment or execution:

> The property in the United States of a foreign state . . . used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State . . . if . . . the property is or was used for the commercial activity upon which the claim is based.

28 U.S.C. § 1610(a)(2). Section 1610's exception from execution is narrower than Section 1605's exception from jurisdiction generally. *Connecticut Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 253 (5th Cir. 2002) ("Immunity from execution is nevertheless narrower than jurisdictional immunity."). The Governments argue that because this is a proceeding in aid of execution, Section 1610's narrower exception clearly applies. Plaintiffs now argue in their Objections to the R&R that because the Governments were not a part of the original lawsuit and there is no judgment against them, this is a "pre-judgment" proceeding. Accordingly, they argue that Section 1605's broader exception to jurisdiction applies. In a well-reasoned R&R, Judge Bandstra found that Section 1610 applies, and that Plaintiffs have failed to allege the required elements to bring the Governments within that exception. The Court agrees.

Courts have long recognized that the FSIA's two "commercial activity" exceptions are substantively different, and that these differences reflect a deliberate policy choice by Congress. *See, e.g., Connecticut Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 252–54 (5th Cir. 2002) (explaining in detail that "the differences in phrasing between the

jurisdictional (§ 1605) and execution (§ 1610) immunity sections in the FSIA [result from] a deliberate choice to narrow the scope of immunity from execution"); *DeLetier v. Republic of Chile*, 748 F.2d 790, 798–99 (2d Cir. 1984) (holding Congress intentionally created a scheme to make immunity from execution narrower than immunity from jurisdiction).

This Court is not free to disregard the policy choices made by Congress, and to apply the two "commercial activity" exceptions in the FSIA interchangeably. Because Plaintiffs are clearly seeking to implead the Governments for the sole purpose of executing upon their assets to satisfy a judgment, Plaintiffs must establish an exception to immunity under Section 1610. They have failed to do so. The operative pleading here, Plaintiffs' Motion to Commence Proceedings Supplementary, does not allege any facts supporting a finding that any exception under Section 1610 applies. The R&R's findings that Section 1610 of the FSIA applies, and that Plaintiffs have not adequately pled a Section 1610 exception are affirmed and adopted.

**B.      Jurisdictional Discovery**

Section 1610 of the FSIA creates an exception from immunity from execution for a foreign state's property in the United States if it was "used for the commercial activity on which the claim is based." 28 U.S.C. § 1610(a)(2). Plaintiffs argue that without the benefit of jurisdictional discovery, they will be unable to plead Section 1610's requirements. Plaintiffs further argue that denying jurisdictional discovery would be particularly harsh in the circumstances of this case. Curaçao Drydock, the alleged alter ego of the Governments,

consistently defaulted on its discovery obligations in earlier stages of the litigation. Plaintiffs argue that absent discovery, they will never be able to identify what assets of the Governments are subject to attachment under the FSIA.

In FSIA cases, the plaintiff must overcome the presumption of immunity by producing some evidence that the foreign state's conduct falls within a statutory exception. *S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1300 (11th Cir. 2000). Once the plaintiff comes forward with evidence that an exception applies, the burden shifts to the defendant to prove the plaintiff's claims do not fall within an FSIA exception. *S & Davis Int'l*, 218 F.3d at 1300. Whether a plaintiff has met this burden depends on "the allegations in the complaint [and] the undisputed facts, if any, placed before the court by the parties." *In re Terrorist Attacks of Sept. 11, 2001*, 538 F.3d 71, 80 (2d Cir. 2008), *abrogated on other grounds by Samantar v. Yousuf*, 130 S.Ct. 2278 (2010). Jurisdictional discovery is only available where the plaintiff is able to carry its initial burden of establishing a *prima facie* case that jurisdiction exists. *Butler v. Sukhoi*, 579 F.3d 1307, 1313–14 (11th Cir. 2009).

In arguing that discovery is not appropriate, the Governments rely heavily on *Butler v. Sukhoi*, 579 F.3d 1307, 1313 (11th Cir. 2009). In *Butler*, the Eleventh Circuit Court of Appeals held the grant of jurisdictional discovery under the FSIA was an abuse of discretion where the plaintiffs did not adequately plead any FSIA exception in the complaint. 579 F.3d 1307, 1313–14 (11th Cir. 2009). In that case, the plaintiffs were injured in a plane crash. *Id.* at 1310. The plaintiffs first sued the Russian aircraft manufacturer that built the plane.

*Id.* They then sought to recover against Russia on the theory that Russia was the alter ego of the manufacturer. *Id.* The complaint's only attempt to establish subject matter jurisdiction under the FSIA was "the bald assertion that jurisdiction exists under § 1605 because the action 'involves a foreign state and instrumentalities of a foreign state not entitled to immunity." *Id.* at 1313. The Eleventh Circuit found that these conclusory allegations did not meet the plaintiff's burden of establishing a *prima facie* case of jurisdiction. *Id.*

As in *Butler*, Plaintiffs here have not adequately pled an FSIA exception. Plaintiffs' original Motion for Proceedings Supplementary (DE #120) does not allege any exceptions under the FSIA, and in fact does not mention the FSIA at all. Plaintiffs did not argue the application of any FSIA exception until they filed a Response to the Governments' Motion to Dismiss. Under *Butler*, jurisdictional discovery is not available under these circumstances.

However, *Butler* does not hold, as the Governments argue, that jurisdictional discovery is never appropriate where a plaintiff seeks to impose alter ego liability. Rather, the Eleventh Circuit found:

> The complaint in this case fails to allege an FSIA statutory exception to sovereign immunity that could be subjected to verification through discovery. The Butlers simply assert that they are entitled to further discovery regarding [Russia's and the aircraft manufacturer]'s alter-ego status.

*Butler*, 579 F.3d at 1314. The court found that even if the plaintiffs' alter ego allegations were proven through discovery, they would not establish FSIA jurisdiction because there is no exception in the FSIA for simply being an alter ego. *Id.* at 1313. Thus, the *Butler* plaintiffs were not entitled to discovery because they never pled *how* Russia's conduct as an

8

alter ego would bring Russia within an exception to the FSIA. Moreover, the *Butler* Court expressly acknowledged that jurisdictional discovery is appropriate in some FSIA cases. *Id.* at 1314 (explaining balancing test for determining when jurisdictional discovery under the FSIA should be granted). *See also First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 177 (2d Cir. 1998) (holding denial of further discovery into jurisdiction under FSIA was abuse of discretion); *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1333–34 (2d Cir. 1990) (instructing district court to consider whether FSIA jurisdictional discovery was appropriate on remand). The Court now finds that consistent with *Butler*, a plaintiff relying on an alter ego theory that is able to allege the existence of an exception to immunity under the FSIA may be entitled to jurisdictional discovery. Accordingly, Plaintiffs will be permitted to amend the Motion to Commence Proceedings Supplementary to plead, if they are able to do so, an exception to immunity under Section 1610 of the FSIA.

Accordingly, upon careful consideration of the record and the Court being otherwise fully advised, it is hereby

**ORDERED, ADJUDGED and DECREED** as follows:

1. Magistrate Judge Ted E. Bandstra's January 31, 2011 Report and Recommendation **(DE #165)** be, and the same is, hereby **AFFIRMED and ADOPTED IN PART.**

2. The Governments' Motion to Dismiss Based on Lack of Jurisdiction and Sovereign Immunity **(DE #143)** is **GRANTED.**

3. The Proceedings Supplementary commenced pursuant to Magistrate Bandstra's April 20, 2011**(DE #133)** are **DISMISSED, without prejudice** to file an Amended Motion to Commence Proceedings Supplementary within **twenty (20) days** of the date of this Order.

4. All other pending motions are **DENIED as moot.**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 27th day of May, 2011.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Copies furnished to all parties listed below:**

**Magistrate Judge Ted E. Bandstra**

*Counsel for Plaintiff:*

**John Thornton**
do Campo & Thornton, P.A.
100 Southeast Second Street
Suite 2700
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: jt@dandtlaw.com

**Orlando do Campo**
do Campo & Thornton, P.A.
Miami Tower
100 S.E. 2nd Street

Suite 2700
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com

**Stuart Z. Grossman**
Grossman Roth PA
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
305-442-8666
Fax: 285-1668
Email: szg@grossmanroth.com

**Casey D. Laffey**
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
212-521-5400
Fax: 212-521-5450
Email: claffey@reedsmith.com

**Eric A. Schaffer**
Reed Smith LLP
435 6th Avenue
Pittsburgh, PA 15219-1886
412-288-4584
Email: eschaffer@reedsmith.com

**Jordan W. Siev**
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
212-521-5400
Fax: 212-521-5450
Email: jsiev@reedsmith.com

**Scott D. Baker**
Reed Smith LLP

101 Second Street
Suite 1800
San Francisco, CA 94105
415-543-8700
Fax: 415-391-8269
Email: sbaker@reedsmith.com
**Seth Eric Miles**
Grossman Roth, P.A.
2525 Ponce De Leon Blvd.
Suite 1150
Miami, FL 33134
305-442-8666
Fax: 305-285-1668
Email: sem@grossmanroth.com

*Defendant:*

Curaçao Drydock Company, Inc.

a/k/a Curaçaose Dokmaatschappij, NV

a/k/a CDMNV

Dokweg 1, Koningsplein

P.O. Box 3012

Curaçao, Netherland Antilles

*Counsel for the Governments*
**Guy W. Harrison**
Etcheverry Harrison LLP
150 South Pine Island Road
Suite 105
Ft. Lauderdale, FL 33324