## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 06-22128-CIV-KING

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ,
AND LUIS ALBERTO CASANOVA TOLEDO,

     Plaintiffs,

v.

CURACAO DRYDOCK COMPANY, INC.,
a/k/a CURACAOSE DOKMAATSCHAPPIJ NV,
a/k/a CDMNV,

     Defendant,

_____/

### ORDER DENYING RENEWED MOTION FOR STAY

     **THIS MATTER** comes before the Court upon the Country of Curaçao and the

Kingdom of the Netherlands' Renewed Motion for Stay Pending Appeal (DE #267), filed

June 1, 2012. Therein, The Country of Curaçao and the Kingdom of the Netherlands argue

that the above-styled action should be stayed pending the Eleventh Circuit Court of Appeals'

ruling on their Motion for Rehearing En Banc on the Circuit Court's dismissal of their

interlocutory appeal of this Court's November 7, 2011 Order granting limited jurisdictional

discovery to verify allegations of an exception to the Foreign Sovereign Immunities Act, 28

U.S.C. § 1602 ("FSIA") and a subsequent order denying reconsideration. The Court is fully

briefed on the matter.[1] Upon consideration of the Parties' arguments as set forth in the pleadings, the Court finds that the Country of Curaçao and the Kingdom of the Netherlands' appeal is frivolous to preclude entry of a stay.

## I. Background

Plaintiffs are three Cuban nationals who were abducted from Cuba, trafficked to Curaçao, and then forced to work at Defendant Curaçao Drydock Company's ("Curaçao Drydock") shipyard under deplorable conditions. Upon arrival in Curaçao, Plaintiffs passports were seized. Plaintiffs, along with scores of other workers, were held on the grounds of Curaçao Drydock and were only allowed to leave the grounds under the guard of Cuban government agents. They were forced to work in slave-like conditions for 112 hours per week, performing drydock services on ships and oil platforms. Curaçao Drydock admitted during discovery that it did not pay Plaintiffs directly for their services. (Esser Aff. ¶ 11, DE #41-3; Hernandez Aff. ¶ 11, DE #414). Instead, the payment owed Plaintiffs was credited to a debt owed by Cuba to Curaçao Drydock. (Esser Aff. ¶ 11, DE #41-3; Hernandez Aff. ¶ 11, DE #414). This forced labor scheme continued for a period of fifteen years pursuant to an agreement between Cuba and Curaçao Drydock to satisfy a debt. Plaintiffs suffered severe physical, psychological, and emotional injuries as a result of their forced servitude. Eventually, Plaintiffs escaped and made it to the United States.

In 2006, Plaintiffs filed suit against Curaçao Drydock under the Alien Tort Statute,

---

[1] Plaintiffs filed a Response (DE #269) on June 15, 2012, and The Country of Curaçao and the Kingdom of the Netherlands filed a Reply (DE #273) on June 21, 2012.

28 U.S.C. § 1350 (2000), and the Racketeering Influenced and Corrupt Organizations Act,

18 U.S.C. § 1962(b) (2000). After a denial of Curaçao Drydock's Motion to Dismiss for

*forum non conveniens* (DE #64), Curaçao Drydock abandoned its defense of this lawsuit

during the discovery phase, and the Court entered default against it on the issue of liability

on August 8, 2008. (DE #101). After holding a bench trial on damages in which Curaçao

Drydock declined to appear, the Court entered Final Judgment in the amount of $80 million

in favor of Plaintiffs. *Licea v. Curaçao Drydock Co.*, 584 F. Supp. 2d 1355 (S.D. Fla. 2008).

On January 5, 2010, Plaintiffs initiated supplementary proceedings pursuant to Federal

Rule of Civil Procedure 69(a)[2] and Florida Statute § 56.29(a)[3] to implead the governments

of the Island Territory of Curaçao and the Netherlands Antilles, and add them as Judgment

---

[2] Rule 69(a) provides, in relevant part:

A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

[3] Section 56.29(1) provides:

When any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment holder or judgment lienholder may file an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment holder or judgment lienholder is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29(1).

Debtors on an alter-ego theory. (DE #120). On April 6, 2010, attorney Guy Harrison filed a Notice of Limited Appearance to assert immunity and contest jurisdiction. (DE #127). The following week, Magistrate Judge Bandstra held a hearing, at which Mr. Harrison appeared as counsel on behalf of Curaçao and the Netherlands Antilles. (DE #131). On April 20, 2010, Magistrate Judge Bandstra granted the Motion in part, permitting Plaintiffs to implead Curaçao and the Netherlands Antilles, but finding it would be premature to rule on the portion of the Motion seeking to add the Governments as judgment debtors. (DE #133).

Curaçao and the Netherlands Antilles then moved to dismiss the supplementary proceedings on the ground that they are immune from suit under the FSIA. (DE #143). Specifically, Curaçao and the Netherlands Antilles argued that Plaintiffs had failed to plead any exception to the FSIA. The Motion to Dismiss was referred to the Honorable Ted E. Bandstra. (DE #155). On December 14, 2010, Magistrate Judge Bandstra held a hearing on the Motion to Dismiss, at which Mr. Harrison appeared as counsel for Curaçao and the Netherlands Antilles. (DE #164).On May 27, 2011, this Court entered an Order affirming in part Magistrate Judge Bandstra's R&R on the Motion to Dismiss, finding that Plaintiffs had failed to plead a Section 1610 exception to the FSIA, and dismissing Plaintiffs' supplementary proceedings without prejudice to file an Amended Motion to Commence Proceedings Supplementary. (DE #180).

Less than two months later, Plaintiffs filed the Amended Motion to Amend the Caption and Add the Supplemental Defendants as Judgment Debtors or, in the Alternative,

4

to Take Specific Discovery from the Supplemental Defendants. (Am. Motion, DE #183). Therein, Plaintiffs sought to add the Kingdom of the Netherlands and the Country of Curaçao[4] as judgment debtors. Alternatively, Plaintiffs sought limited jurisdictional discovery to verify the facts alleged in support of a Section 1610 exception to immunity. Plaintiffs alleged the following in support of the Amended Motion.

In 1983, Curaçao took control over Curaçao Drydock. (Am. Motion ¶¶ 22, 32, DE #183; Hoppel Dep. 39:1–20, DE #184-8). As of August 2009, Curaçao owned 50% of the shares of Curaçao Drydock. The other 50% was owned by CDM Holding N.V.—a company that is owned 100% by Curaçao. (Am. Motion ¶ 23, DE #183). By 2010, the Netherlands Antilles owned 30% of Curaçao Drydock, and Curaçao owned the remaining 70%. (Am. Motion ¶ 28, DE #183). Until October 2007, Curaçao Drydock held bank accounts with Chase in New York. Customers of Curaçao Drydock located in the United States wired payments to Curaçao Drydock's bank accounts at Chase in New York. (Am. Motion ¶¶ 33–34, DE #183). The Governments currently use bank accounts in the United States to operate Curaçao Drydock. (Am. Motion ¶ 36, DE #183). Curaçao uses Girobank N.V. for the commercial business of Curaçao Drydock. Girobank N.V. is a bank located in Curaçao

---

[4] On October 10, 2010, a political and constitutional realignment with the Kingdom of the Netherlands occurred that dissolved the Island Territory of Curaçao and the Country of the Netherlands Antilles. As part of this realignment, the Country of Curaçao was created as an autonomous country within the Kingdom of the Netherlands. Through the statutes effectuating the realignment, all civil rights and obligations of the Country of the Netherlands Antilles and the Island Territory of Curaçao not duly specified were transferred to the Country of Curaçao. The Kingdom of the Netherlands and the Country of Curaçao contend that the Country of Curaçao should now be deemed the real party in interest, as legal successor to the former entities.

and owned by Curaçao. Girobank N.V. transacts business with ING Bank and Citibank in the United States for the commercial business of Curaçao Drydock. (Am. Motion ¶ 36, DE #183). Klattenberg Marine Associates, a Florida corporation, is an agent of Curaçao Drydock is in the United States. (Am. Motion ¶ 37, DE #183). Curaçao and the Kingdom of the Netherlands operate a government-owned postal system that is registered as a limited liability company in the State of Florida. (Am. Motion ¶ 37, DE #183; DE #184-15).

For three-and-a-half months, neither the Country of Curaçao nor the Kingdom of the Netherlands ever responded to or denied Plaintiffs allegations in support of the FSIA Section 1610 exception. Eventually, on November 7, 2011, this Court entered an Order that permitted Plaintiffs to take limited jurisdictional discovery to determine if the Country of Curaçao or the Kingdom of the Netherlands used assets to facilitate Curaçao Drydock's commercial operations so as to determine whether an exception to the FSIA exists. (DE #185). In so ordering, the Court found that Plaintiffs had sufficiently pled a *prima facie* Section 1610 exception to the FSIA. (DE #183, at 5–6). This Court also found that until Plaintiffs were able to verify the exception with limited jurisdictional discovery, it was premature for the Court to add the Country of Curaçao or the Kingdom of the Netherlands as judgment-debtors or to make a determination on sovereign immunity. (DE #183, at 7).

On November 9, 2011, the Country of Curaçao and the Kingdom of the Netherlands filed a Motion for Relief from the Court's order permitting limited jurisdictional discovery. (DE #186). Therein, counsel for Country of Curaçao and the Kingdom of the Netherlands

6

urged the Court to consider an extremely untimely response on behalf of Country of Curaçao and the Kingdom of the Netherlands, and cited counsel's error to excuse the three-and-a-half-month period during which Country of Curaçao and the Kingdom of the Netherlands did not respond to Plaintiffs' Amended Motion. (DE #186 ¶¶ 1–2). This Court denied Country of Curaçao and the Kingdom of the Netherlands' Motion for Relief by an Order dated November17, 2011. (DE #197). This Court then denied reconsideration on the basis that Country of Curaçao and the Kingdom of the Netherlands could have and should have presented their legal and factual arguments during the three-and-a-half month period in between Plaintiffs' July 18, 2011 motion and the Court's November 7, 2011 order granting limited jurisdictional discovery. (DE #197).

On December 9, 2011 and December 12, 2011, respectively, the Country of Curaçao, the Netherlands Antilles, and the Kingdom of the Netherlands filed Notices of Appeal. (DE #208; DE #214). Days later, the Country of Curaçao and the Kingdom of the Netherlands filed Motions for Stay Pending Appeal. (DE #216; DE #219). Before this Court entered an order on the Motions for Stay, the Eleventh Circuit Court of Appeals dismissed the Government's interlocutory appeal for lack of jurisdiction. (DE #263). This Court then denied the Motions for Stay as moot. (DE #265).

Following the Eleventh Circuit Court of Appeals' dismissal for lack of jurisdiction, the Governments moved for rehearing en banc. On June 1, 2012, the Country of Curaçao and the Kingdom of the Netherlands filed the instant Renewed Motion for Stay Pending Appeal.

(DE #267).

## II. Legal Standard

Under the Foreign Sovereign Immunities Act ("FSIA"), foreign states are presumptively immune from the jurisdiction of the courts of the United States. 28 U.S.C. § 1604 ("[A] foreign state shall be immune from the jurisdiction of the courts of the United States and of the states except as provided in [exceptions provided in later sections of the FSIA]."). There are, however, a number of exceptions to this presumption of immunity. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312–13 (11th Cir. 2009). One such exception is the "commercial activity" exception of Section 1610(a)(2),[5] which provides an exception to the immunity of a foreign state's property from attachment or execution:

> The property in the United States of a foreign state . . . used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State . . . if . . . the property is or was used for the commercial activity upon which the claim is based.

28 U.S.C. § 1610(a)(2).

To execute judgment on a sovereign's property pursuant to the Section 1610(a)(2) "commercial activity" exception, a plaintiff must: 1.) identify specific assets, such as accounts or funds, of the sovereign; 2.) that are located within the United States; and 3.) used for a "commercial activity" within the United States; as well as 4.) demonstrate that the "commercial activity" is the same activity upon which the plaintiff's claim is based. 28

---

[5] This Court has previously ruled that the "commercial activity" exception of Section 1610(a)(2) is the exception applicable to the above-styled action. (DE #180).

U.S.C. § 1610(a)(2); *see also Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 297 (2d Cir. 2011). As the plaintiff has the burden to identify assets that come within the Section 1610(a)(2) exception, courts have recognized the necessity of limited jurisdictional discovery to establish whether a claim comes within the exception. *See, e.g., Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992) (recognizing the role of limited jurisdictional discovery "to verify allegations of specific facts crucial to an immunity determination"); *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332–33 (2d Cir. 1990) (recognizing the need for limited jurisdictional discovery to establish exception to the FSIA). Before a court grants limited jurisdictional discovery as to whether the exception applies, a plaintiff must first plead the *prima facie* elements of the exception. *See, e.g., Butler*, 579 F.3d at 1313 (denying jurisdictional discovery where plaintiff failed to plead elements of exception to presumption of sovereign immunity). Once a plaintiff pleads the *prima facie* elements of an exception, then those allegations are entitled to verification through limited jurisdictional discovery. *See id.* at 1314.

Whether a district court's grant of limited jurisdictional discovery is immediately appealable hinges on whether the allowance of limited jurisdictional discovery is akin to a denial of a sovereign's claim of immunity. *See, e.g., id.* at 1311 ("It is well-settled that a court of appeals has jurisdiction over interlocutory orders denying claims of immunity under the FSIA."). "The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to

litigation, including pretrial discovery." *Blinco v. Green Tree Serv., LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004).

Typically, a district court properly stays litigation, including discovery, pending appeal of a denial of sovereign immunity. *Id.* at 1252; *see also Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). An interlocutory appeal of a denial of sovereign immunity ordinarily divests the district court of jurisdiction to proceed with the litigation pending its resolution. *Ungar v. Palestine Liberation Org.*, 402 F.3d 274, 293 (1st Cir. 2005); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

A stay pending an interlocutory appeal, however, is not always automatic. In particular, "a stay need not be granted at the outset if the appeal is frivolous." *Blinco*, 366 F.3d at 1252. Both the district court and the appellate court have the authority to declare an appeal frivolous. *Id.* at 1252. A court may deem an appeal frivolous if the ground for the appeal is "so baseless that it does not invoke appellate jurisdiction," or where "the district judge has not finally resolved the question of immunity." *See generally Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) (discussing frivolous appeals in the context of qualified immunity from 42 U.S.C. § 1983 claims). If the appeal is declared frivolous, "the district court may carry on with the case." *Bradford-Scott Data Corp.*, 128 F.3d at 506.

### III. Analysis

The only issue before the Court is whether the above-styled action should be stayed pending the resolution of the Country of Curaçao and the Kingdom of the Netherlands' Motion for Rehearing En Banc of this Court's orders granting limited jurisdictional discovery to verify allegations of an exception to the FSIA and denying reconsideration. The Country of Curaçao and the Kingdom of the Netherlands argue that the above-styled action should be stayed because their appeal automatically divests this Court of jurisdiction. (DE #216, ¶3).[6] In response, Plaintiffs argue that the above-style action should not be stayed because the appeal is frivolous under *Blinco*. (DE #225). Upon consideration of the Parties' arguments as set forth in the pleadings and at oral argument, the Court finds that jurisdiction is properly before this Court where the appeals taken by the Country of Curaçao and the Kingdom of the Netherlands are frivolous because the appeal is premature as the Court has yet to rule on the issue of sovereign immunity and the Court limited discovery to establishing an evidentiary basis for an exception to the FSIA.

### A. *The November 7, 2011 Order Did Not Rule on Sovereign Immunity*

In the Renewed Motion for Stay, the Country of Curaçao and the Kingdom of the Netherlands argue that Eleventh Circuit precedent requires that the proceedings before this Court be stayed because an appeal taken to determine whether an exception to sovereign

---

[6] The Country of Curaçao and the Kingdom of the Netherlands incorporate by reference the arguments presented in the original Motions for Stay Pending Appeal (DE #216, 219, & 230). (DE #267, ¶7).

immunity exists goes to the subject matter jurisdiction of the district court to hear this matter in the first instance. (DE #216, ¶3). *See Butler*, 579 F.3d at 1311 ("It is well-settled that a court of appeals has jurisdiction over interlocutory orders denying claims of immunity under the FSIA."). As applied to the instant matter, the Country of Curaçao and the Kingdom of the Netherlands argue, despite their decision not to respond to Plaintiffs' Amended Motion or to file a motion to dismiss the supplementary proceedings, that this Court's grant of limited jurisdictional discovery was akin to a ruling on the legal sufficiency of Plaintiffs' claims so as to divest this Court of jurisdiction where the Plaintiffs failed to plead sufficiently an exception to immunity under the FSIA,. (DE #216, ¶2). In response, Plaintiffs argue that contrary to the Country of Curaçao and the Kingdom of the Netherlands' characterization of the Court's November 7, 2011 Order and the issues on appeal, this Court has yet to rule on the Country of Curaçao and the Kingdom of the Netherlands' sovereign immunity. To resolve this issue, the Court turns to its Order of November 7, 2011.

On November 7, 2011, the Court entered an order that denied Plaintiffs' motion to add the Country of Curaçao and the Kingdom of the Netherlands as judgment defendants, while permitting limited jurisdictional discovery to determine whether there existed an exception to the Country of Curaçao and the Kingdom of the Netherlands' presumed sovereign immunity under the FSIA. (DE #185). Specifically, while the Court did not make a finding as to whether jurisdiction exists over the Country of Curaçao and the Kingdom of the Netherlands (DE #185, at 7), the Court did find that:

12

> [I]n the Amended Motion, Plaintiffs have made the changes necessary to plead an exception to FSIA. Plaintiffs have appropriately alleged that the Governments can be sued under 28 U.S.C. § 1610(a)(2), the statutory exception to the FSIA, by identifying property belonging to the Governments located in the United States which is now or was used in conjunction with the underlying claim. . . . These allegations, if true, would provide a basis for jurisdiction pursuant to Section 1610.

(DE #185, at 5). To determine whether an exception to the FSIA exists, the Court ordered discovery "limited to the essentials necessary to determine the assets used by the Governments to fund, operate, or otherwise facilitate the Drydock's commercial enterprise." (DE #185, at 7). The Order expressly advised the Parties that the "Court has not decided whether jurisdiction even exists over the Supplemental Defendants." (DE #185, at 7). Accordingly, the Court finds, given the plain language of the Court's November 7, 2011 Order, that a stay is not automatic because the Court did not rule on the issue of sovereign immunity.

The Court also notes that the Country of Curaçao and the Kingdom of the Netherlands have yet to file a motion to dismiss the amended motion and they did not respond in a timely manner to Plaintiffs' motion to take limited jurisdictional discovery. Until this Court makes a ruling on Plaintiffs' argued exception to the FSIA, it is premature for the Court of Appeals to address the matter. Accordingly, the Court finds that the Country of Curaçao and the Kingdom of the Netherlands' appeal of a denial of sovereign immunity is frivolous because the Court has yet to resolve the question of immunity in the first instance. *See, e.g., Apostol,* 870 F.2d at 1339 ("a notice of appeal may be so baseless that it does not invoke appellate

jurisdiction . . . [where] the district judge has not finally resolved the question of immunity").

**B. *Limited Jurisdictional Discovery Does Not Infringe on Sovereign Immunity***

The Country of Curaçao and the Kingdom of the Netherlands contend that any discovery, including limited jurisdictional discovery, infringes on their presumptive sovereign immunity. (DE #216, at 3). Generally, sovereign immunity shields defendants not only from judgment, but from the litigation process, including discovery. *See, e.g., Rubin v. The Islamic Republic of Iran*, 637 F.3d 783, 785 (7th Cir. 2011) (holding district court's order permitting "general asset discovery" prior to ruling on alleged exception to the FSIA infringed on sovereign immunity). The instant situation, however, is an exception to the general rule because the Court has ordered discovery for the limited purpose of establishing whether an exception to the presumption of immunity under the FSIA exists as opposed to "general asset discovery." (DE #185, at 7). To accept the view that this limited grant of jurisdictional discovery infringes on sovereign immunity would render exceptions to the FSIA meaningless by making it impossible (absent an admission from the defendant sovereign) for a plaintiff to present a court with an evidentiary basis for an exception. Accordingly, the Court finds that its grant of limited jurisdictional discovery does not infringe on sovereign immunity.

**IV. Conclusion**

As a final note, the Court would be remiss not to point out the Country of Curaçao and the Kingdom of the Netherlands' failure to comply with the procedures of the Court. The

Country of Curaçao and the Kingdom of the Netherlands waited to raise sovereign immunity until almost four months after Plaintiffs filed the amended motion for limited jurisdictional discovery. The Eleventh Circuit Court of Appeals, along with many courts of appeals around the country, looks disfavorably on "Defendants who abuse the pretrial process through such stalling . . . ." *See Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) (holding defendants waived right to raise qualified immunity at pre-trial proceedings); *see also, e.g., Ungar*, 402 F.3d at 293 (finding that although foreign sovereign immunity is usually immediately appealable under the collateral order doctrine, "sovereign immunity is [not] a trump card that may be held in reserve until a defendant sees fit to play it, thus enabling the defendant to stop the litigation in its tracks at a time of its choosing"); *Apostol*, 870 F.2d at 1339 (finding that "defendants who play games with the district court's schedule forfeit their entitlement to a pre-trial appeal" on immunity).

Accordingly, having considered the parties' pleadings and filings and being otherwise advised, it is hereby **ORDERED**, **ADJUDGED**, **and DECREED** the Country of Curaçao and the Kingdom of the Netherlands' Renewed Motion for Stay Pending Appeal (**DE #267**) be, and the same is hereby, **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida on this 25th day of June, 2012.

JAMES LAWRENCE KING
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

15

cc:

*Counsel for Plaintiffs*

**John Thornton**
do Campo & Thornton, P.A.
100 Southeast Second Street
Suite 2700
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: jt@dandtlaw.com

**Orlando do Campo**
do Campo & Thornton, P.A.
Miami Tower
100 S.E. 2nd Street
Suite 2700
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com

**Stuart Z. Grossman**
Grossman Roth PA
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
305-442-8666
Fax: 285-1668
Email: szg@grossmanroth.com

**Casey D. Laffey**
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
212-521-5400
Fax: 212-521-5450
Email: claffey@reedsmith.com

**Eric A. Schaffer**
Reed Smith LLP
435 6th Avenue
Pittsburgh, PA 15219-1886

412-288-4584
Email: eschaffer@reedsmith.com

**Jordan W. Siev**
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
212-521-5400
Fax: 212-521-5450
Email: jsiev@reedsmith.com

**Scott D. Baker**
Reed Smith LLP
101 Second Street
Suite 1800
San Francisco, CA 94105
415-543-8700
Fax: 415-391-8269
Email: sbaker@reedsmith.com

**Seth Eric Miles**
Grossman Roth, P.A.
2525 Ponce De Leon Blvd.
Suite 1150
Miami, FL 33134
305-442-8666
Fax: 305-285-1668
Email: sem@grossmanroth.com


***Counsel for the Kingdom of the Netherlands and the Country of Curaçao***

**Guy William Harrison**
Etcheverry & Harrison LLP
150 S Pine Island Road
Suite 105
Plantation, FL 33324-2667
954-370-1681
Fax: 370-1682
Email: harrison@etchlaw.com

17