UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22128-CIV-KING
CASE NO. 11-22568-CIV-KING (consolidated)

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ,
AND LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs,

v.

CURACAO DRYDOCK COMPANY, INC.,
a/k/a CURACAOSE DOKMAATSCHAPPIJ NV,
a/k/a CDMNV,

    Defendant.
_____/

## ORDER STAYING DEFENDANTS' MOTIONS TO DISMISS

**THIS MATTER** comes before the Court upon consideration of the Country of Curaçao's Motion to Dismiss for Lack of Subject Matter Jurisdiction Based on Sovereign Immunity (Case No. 11-22568-CIV, DE #17) and the Kingdom of the Netherlands' Motion to Dismiss (Case No. 11-22568-CIV, DE #18), both filed February 6, 2012. Therein, Defendants the Country of Curaçao ("Curaçao") and the Kingdom of the Netherlands ("the Netherlands") move to dismiss Plaintiffs' Complaint by asserting sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"). For the following reasons, the Court finds that it must stay the Motions to Dismiss pending limited jurisdictional discovery.

In the above-styled consolidated action, Plaintiffs seek to collect a judgment entered against Defendant Curaçao Drydock Company, Inc. from Curaçao and the Netherlands under the theories of alter ego liability and fraudulent transfer. Curaçao and the Netherlands have moved to dismiss

Plaintiffs' attempts to hold them liable for the judgment against Defendant Curaçao Drydock Company, Inc., arguing that they are shielded from any litigation by the FSIA.

Almost four years ago, in Case No. 06-22128-CIV, the Court entered final judgment against Defendant Curaçao Drydock Company, Inc. in the amount of $80,000,000.00, finding that Defendant Curaçao Drydock Company, Inc. was liable to Plaintiffs for enslaving them pursuant to an agreement with the government of Cuba. (Case No. 06-22128-CIV, DE #112). Subsequent to the entry of judgment, Plaintiffs moved to alter judgment to implead Curaçao and the Netherlands and to add Curaçao and the Netherlands as judgment debtors, on the theory that Curaçao and the Netherlands controlled and funded the commercial activities of Defendant Curaçao Drydock Company, Inc. (Case No. 06-22128-CIV, DE #120). On April 20, 2010, Magistrate Judge Bandstra entered an order impleading Curaçao and the Netherlands for the purpose of supplementary post-judgment proceedings in aid of execution. (Case No. 06-22128-CIV, DE #133). Curaçao and the Netherlands then filed a Motion to Dismiss Based on Lack of Subject Matter Jurisdiction and Sovereign Immunity (Case No. 06-22128-CIV, DE #143). On May 27, 2011, the Court granted Curaçao and the Netherlands' Motion and dismissed Plaintiffs' Motion to Alter Judgment without prejudice, finding that Plaintiffs' had not sufficiently pled an exception to the FSIA. (Case No. 06-22128-CIV, DE #180).

Then, on July 18, 2011, Plaintiffs filed a timely Amended Motion to Amend the Caption and Add the Supplemental Defendants as Judgment Debtors or, in the Alternative, to Take Specific Discovery from the Supplemental Defendants. (Case No. 06-22128-CIV, DE #183). The Court granted Plaintiffs' Motion to Take Specific Discovery, finding that Plaintiffs had sufficiently pled the existence of commercial assets in the United States. The Court denied, however, Plaintiffs'

motion to amend the caption or add Curaçao and the Netherlands as judgment-debtors, finding that it was premature to determine whether jurisdiction existed over Curaçao and the Netherlands prior to a factual record being developed through limited jurisdictional discovery. (Case No. 06-22128-CIV, DE #185). Presently, Plaintiffs, Curaçao, and the Netherlands are engaged in limited jurisdictional discovery to determine whether an exception to the FSIA applies to permit the post-judgment proceedings against Curaçao and the Netherlands to progress. (Case No. 06-22128-CIV, DE #279).

Turning to the instant matter, on July 28, 2011, the same day that Plaintiffs filed their Amended Motion in Case No. 06-22128-CIV, Plaintiffs also filed a new Complaint in a new case seeking to collect the same judgment entered against Curaçao Drydock Company, Inc. (Case No. 11-22568-CIV, Compl., DE #1). That case was assigned to the Honorable Joan A. Lenard, and was eventually transferred to the undersigned on August 13, 2012, where it was consolidated with Case No. 06-22128-CIV. Currently pending in the consolidated action are the instant Motions to Dismiss. (Case No. 11-22568-CIV, DE #17&18).

Upon review of the pleadings in Case No. 11-22568-CIV, the Court finds that Plaintiffs' Complaint sufficiently pleads an exception to the FSIA. The Court also finds that, prior to a factual record being developed through limited jurisdictional discovery, it is premature to determine whether jurisdiction actually exists over Curaçao and the Netherlands and rule on the pending Motions to Dismiss. In addition, the Court finds that the issue of Curaçao and the Netherlands' sovereign immunity in the post-judgment proceedings in Case No. 06-22128-CIV is substantially similar to the issue of sovereign immunity raised in the instant Motions to Dismiss. Accordingly, the Court finds that the instant Motions should be stayed pending the limited jurisdictional discovery currently

underway in Case No. 06-22128-CIV.

Accordingly, upon careful consideration of the record, and being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that the Country of Curaçao's Motion to Dismiss for Lack of Subject Matter Jurisdiction Based on Sovereign Immunity (Case No. 11-22568-CIV, DE #17) and the Kingdom of the Netherlands' Motion to Dismiss (Case No. 11-22568-CIV, DE #18) are hereby **STAYED** until further notice.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 16th day of August, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
Hon. Joan Lenard

*Counsel for Plaintiffs*

**John Thornton**
do Campo & Thornton, P.A.
100 Southeast Second Street
Suite 2700
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: jt@dandtlaw.com

**Orlando do Campo**
do Campo & Thornton, P.A.
Miami Tower
100 S.E. 2nd Street
Suite 2700
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com

**Stuart Z. Grossman**
Grossman Roth PA
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
305-442-8666
Fax: 285-1668
Email: szg@grossmanroth.com

**Casey D. Laffey**
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
212-521-5400
Fax: 212-521-5450
Email: claffey@reedsmith.com

**Eric A. Schaffer**
Reed Smith LLP
435 6th Avenue
Pittsburgh, PA 15219-1886
412-288-4584
Email: eschaffer@reedsmith.com

**Jordan W. Siev**
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
212-521-5400
Fax: 212-521-5450
Email: jsiev@reedsmith.com

**Scott D. Baker**
Reed Smith LLP
101 Second Street
Suite 1800
San Francisco, CA 94105
415-543-8700
Fax: 415-391-8269
Email: sbaker@reedsmith.com

**Seth Eric Miles**

Grossman Roth, P.A.
2525 Ponce De Leon Blvd.
Suite 1150
Miami, FL 33134
305-442-8666
Fax: 305-285-1668
Email: sem@grossmanroth.com

*Counsel for the Netherlands Antilles, the Island Territory of Curaçao, the Kingdom of the Netherlands, and the County of Curaçao*

**Guy William Harrison**
Etcheverry & Harrison LLP
150 S Pine Island Road
Suite 105
Plantation, FL 33324-2667
954-370-1681
Fax: 370-1682
Email: harrison@etchlaw.com