UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22128-CV-KING/MCALILEY

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ, AND
LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs/Judgment Creditors,

vs.

CURAÇAO DRYDOCK COMPANY, INC., A/K/A
CURAÇAOSE DOKMAATSCHAPPIJ NV, A/K/A
CDMNV,

    Defendant/Judgment Debtor.
_____/

### JUDGMENT CREDITORS' REPLY TO DOLE FOOD COMPANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO WRIT OF GARNISHMENT

Judgment Creditors reply to Garnishee Dole Food Company, Inc.'s Answer and Affirmative Defenses to Writ of Garnishment served November 12, 2013.

Judgment Creditors controvert the answer of the garnishee, Dole Food Company, Inc. ("Garnishee") filed in response to the Writ of Garnishment. Judgment Creditors have good reason to believe and do believe that Garnishee's Answer (the "Answer") is incorrect in the following particulars:

1. Contrary to the Answer, Garnishee was indebted to Petitioner/Judgment Debtor, Curacao Drydock Company, a/k/a Curacaose Dokmaatshcappij NV, a/k/a CDMNV (the "Drydock") as of the time of the Answer on November 12, 2013, or at times since issuance on October 23, 2013

and service of the Writ, or at times between such times and did have or still has monies of the Drydock in its custody, possession or control, and have or may have had other tangible or intangible personal property of the Drydock in its possession or control at the time of the Answer or at times since the service of the Writ.  At the time of Garnishee's Answer, Garnishee was aware of persons or entities indebted to the Drydock, who had or may still have property of the Drydock in its custody, possession or control.

    2.  Specifically, Garnishee and/or its alter ego or agent is the owner or manager of the M/V Dole Ecuador, a vessel that, at the time of the service of the Writ, was undergoing repairs by the Drydock at their facility in Curacao.  In its Answer, Garnishee baldly denies having any property payable to the Drydock within its control, but, in the same breath, Garnishee concedes that its agent, Reefership Marine Services, Ltd. ("Reefership") will receive funds payable to the Drydock, and that it will, in fact, make payment to the Drydock.  The Web site of Reefership, which bears Garnishee's logo on the top of its home page, states "Reefership Marine Services, Ltd is the exclusive operation, logistics and transportation provider for Dole Food Company, Inc."  See http://www.dole-reefership.com.  In its Answer, Garnishee states that Ventura Trading Limited, a company incorporated in Bermuda, owns the M/V Dole Ecuador, and is indebted to the Drydock.  However, Garnishee also states that "the funds payable by vessel owner, Ventura Trading Limited, will be delivered into the possession of Reefership for the purpose of paying the judgment debtor for repairs to the M/V Dole Ecuador prior to the departure of the vessel from the Curacao Drydock repair facility."  See Answer ¶4.  Despite Garnishee's knowledge, Garnishee provides no explanation regarding the relationship between Garnishee and Ventura Trading Limited, or the rela-

tionship between Garnishee and Reefership with respect to the management of the M/V Dole Ecuador or the payment of funds to the Drydock.

    3. Notwithstanding the arguments on the merits asserted in Garnishee's Answer, Garnishee asserts that the Writ of Garnishment should be dissolved for lack of *in personam* jurisdiction and for insufficiency of service of process. As a general rule, Florida courts have personal jurisdiction over nonresidents when that nonresident is properly served with service of process while voluntarily present in the state. Keveloh v. Carter, 699 So.2d 285, 288 (Fla. 5th DCA 1997). Here, jurisdiction is proper because Garnishee is the manager of the M/V Dole Colombia and Judgment Creditors, through the U.S. Marshals Service, validly served Garnishee by serving the Captain of the vessel M/V Dole Colombia while the vessel was docked within the state of Florida. See Witham v. The James E. McAlpine, 96 F. Supp. 723 (E.D.MI 1951) (holding that service on ship Captain by U.S. Marshal was valid service upon operator of vessel). See also Andras Pota, et al., v. Kenneth Holtz, M.D., 852 So. 2d 379, 381 (Fla. 3rd DCA 2003) (service valid aboard foreign-flagged vessel docked in the City of Miami).

    WHEREFORE, Judgment Creditors request that the issues raised by this Reply and the Answer of Garnishee be tried, as provided by law, and demand judgment against Garnishee in accordance with the findings of the Court against the Judgment Debtors and against Garnishee in order that Judgment Creditors' Final Judgments in the amount of $80,000,000, plus interest and costs may be collected and for such other and further orders and relief as the Court may deem just and proper; and further request that the Court allow Judgment Creditors a reasonable opportunity to conduct discovery in aid of judgment and execution pursuant to Fed. R. Civ. P. 69(a) into the factual disputes raised in the Answer and this Reply.

Respectfully submitted,

Dated: Miami, Florida
December 5, 2013

          GROSSMAN ROTH, P.A.

          By: /s/ Seth Miles, Esq.
          Seth Miles, Esq.
          Stuart Grossman, Esq.
          2525 Ponce de Leon Blvd., Suite 1150
          Coral Gables, Florida 33134
          (305) 442-8666

          DO CAMPO & THORNTON, P.A.
          John Thornton, Esq.
          Orlando do Campo, Esq.
          100 Southeast Second Street, Suite 2700
          Miami, Florida 33131

          REED SMITH LLP
          Jordan W. Siev, Esq.*
          Casey D. Laffey, Esq.*
          599 Lexington Avenue
          New York, New York 10022
          *Admitted *Pro Hac Vice*

          *Attorneys for Judgment Creditors*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of December, 2013, the undersigned electronically executed the foregoing document with the Clerk of Court via the CM/ECF system, and that a true and correct copy is being served this day via Notices of Electronic Filing generated by CM/ECF, on counsel for all parties.

Dated:   Miami, Florida
          December 5, 2013

                              GROSSMAN ROTH, P.A.

                              By:     /s/ Seth Miles, Esq.
                              Seth Miles, Esq.
                              Stuart Grossman, Esq.
                              2525 Ponce de Leon Blvd., Suite 1150
                              Coral Gables, Florida 33134
                              (305) 442-8666