# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

```
┌─────────────────────────────────┐
│ FILED by  MC  D.C.              │
│ ELECTRONIC                      │
│                                 │
│      FEB 10, 2014               │
│                                 │
│      STEVEN M. LARIMORE         │
│      CLERK U.S. DIST. CT.       │
│      S. D. OF FLA. · MIAMI      │
└─────────────────────────────────┘
```

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 10, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  12-14440-EE
Case Style:  Alberto Licea, et al v. The Kingdom of the Netherlands, et al
District Court Docket No:  1:06-cv-22128-JLK
Secondary Case Number:  1:11-cv-22568-JLK

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Lois Tunstall, EE
Phone #: (404) 335-6224

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 12-14440

---

D.C. Docket Nos. 1:06-cv-22128-JLK,
1:11-cv-22568-JLK (consolidated)

ALBERTO JUSTO RODRIGUEZ LICEA, et al.,

Plaintiffs-Appellees,

versus

THE COUNTRY OF CURACAO, et al.,

Defendants-Appellants.

---

Appeal from the United States District Court
for the Southern District of Florida

---

Before MARTIN and JORDAN, Circuit Judges, and BAYLSON,[*] District Judge:

PER CURIAM:

---

[*] Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

This interlocutory appeal arises from the second of two related, procedurally complex actions now consolidated in the Southern District of Florida.[1]   The Country of Curacao, as legal successor to the Netherlands Antilles and the Island Territory of Curacao, and the Kingdom of the Netherlands seek appellate review of the district court's order staying their motions to dismiss in the second filed action. For the reasons discussed below, we dismiss the appeal for lack of jurisdiction.

## I

The plaintiffs filed their first lawsuit against Curacao Drydock Company, Inc. ("Drydock") in 2006, alleging that they had been victims of a forced labor scheme perpetrated by Drydock and the government of Cuba.  After securing an $80 million default judgment against Drydock, the plaintiffs filed a motion to implead the Island Territory of Curacao, where the alleged scheme took place, the Netherlands Antilles, and the Kingdom of the Netherlands[2] as judgment-debtors on the theory that Drydock was their "alter ego."  The Governments moved to dismiss under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 *et seq*. Because the plaintiffs "identif[ied] property belonging to the Governments located in the United States which is now or was used in conjunction with the underlying

---

[1]   Docket entry cites refer to the consolidated docket in Case No. 1:06-cv-22128.
[2]   The Kingdom of the Netherlands was initially added as the successor-in-interest to the Netherlands Antilles, *see* D.E. 183 at 2 n.2, but has since been dismissed as a party to the action below, *see* D.E. 325. Because both the Country of Curacao and the Kingdom of the Netherlands are named as appellants, however, we refer to them collectively as the "Governments."

2

claim," the district court denied the motions to dismiss and allowed the plaintiffs to pursue limited jurisdictional discovery on the "commercial activity" exception to FSIA immunity from attachment or execution under 28 U.S.C. § 1610(a)(2). *See* D.E. 185 at 5. The Governments appealed the district court's order as a de facto denial of their sovereign immunity, but a panel of this Court dismissed that appeal for lack of jurisdiction. *See Licea v. Curacao Drydock Company, Inc.*, Case No. 11-15909 (11th Cir. Apr. 24, 2012). The propriety of the district court's prior discovery order and the dismissal of the corresponding appeal are not properly before us now, and therein lies the rub.

The plaintiffs now admit that § 1610 of the FSIA only "governs *post-judgment* attachment or execution of assets of a state agency," and acknowledge that they "have not yet obtained a judgment against the Governments." Pls./Appellees' Br. at 6 (emphasis in original). In an attempt to rectify this problem with their first lawsuit, the plaintiffs filed a second lawsuit against Curacao and the Netherlands "in order to obtain a judgment against the Governments that can be used to execute upon the assets of the Governments in the United States." *Id.* It is this second lawsuit that is the subject of this appeal.

The Governments filed motions to dismiss the second action, arguing that the complaint failed to allege sufficient facts, taken as true, to state an exception to their immunity from suit under the FSIA. Following the consolidation of the two

cases, the district court issued an order staying the Governments' motions to dismiss "pending the limited jurisdictional discovery currently underway in [the first filed case]." D.E. 282 at 3-4. The Governments timely filed this appeal from that order.

## II

It is by now "well-settled that a court of appeals has jurisdiction over interlocutory orders denying claims of immunity under the FSIA." *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1311 (11th Cir. 2009). *See also S & Davis Int'l, Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1297 (11th Cir. 2000) ("This court has jurisdiction over interlocutory orders denying claims of sovereign immunity under the FSIA."). We have also held that "[i]nasmuch as [an] order on appeal require[s] appellants to answer the complaint and call[s] for discovery, it denie[s] them immunity from suit under the FSIA," thereby allowing for appellate review. *Butler*, 579 F.3d at 1311. *See also McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1339 (11th Cir. 2007) ("A party is entitled to a collateral order appeal when it has a substantial claim to a true immunity from suit: i.e., an immunity that not only insulates the party from liability, but also prevents the party from being exposed to discovery and/or trial."). A careful review of the district court's order here, however, reveals that this is not such a case.

4

Although the district court's order includes stray remarks regarding the sufficiency of the plaintiffs' complaint, *see, e.g.*, D.E. 282 at 3 (noting that "the Court finds that Plaintiffs' Complaint sufficiently pleads an exception to the FSIA"), we take the district court at its word:   the order from which the Governments now appeal does nothing more than stay the motions to dismiss "pending the limited jurisdictional discovery currently under way in [the first lawsuit]." *Id.* at 3-4. Where, as here, no jurisdictional discovery has been ordered in the underlying action, an order merely staying ruling on a motion to dismiss on sovereign immunity grounds does not amount to a denial of said immunity, even where jurisdictional discovery is already underway in a related, consolidated matter. The practical effect of the district court's stay order here is no different than had the court chosen to do nothing at all and left the motions to dismiss pending on the docket. In sum, the district court's stay order does not confer appellate jurisdiction on this Court.[3]

Our dismissal of this appeal on jurisdictional grounds should not be read as minimizing the importance of the immunity issues raised by the Governments.

---

[3]   We do not know whether the discovery ordered in the plenary suit remains ongoing or has been completed. We briefly note that ongoing delay in the culmination of that discovery also prevents a speedy resolution of the sovereign immunity issue by the district court, and accordingly, encourage that those issues be resolved promptly. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) ("Moreover, because '[t]he entitlement is an *immunity from suit* rather than a mere defense to liability,'. . . we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Indeed, we recognize the implications of subjecting foreign sovereigns to the burdens of litigation the FSIA was designed to protect against. *See Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) ("FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation."). But our ability to reach these important merits issues is confined by the unique procedural posture of this case.

As noted, the only jurisdictional discovery authorized by the district court is confined to the plaintiffs' execution proceedings in the first filed lawsuit, and the appeal here is from an order staying ruling on the motions to dismiss in the second lawsuit. Despite the district court's procedural consolidation of the two cases, the correctness of the district court's earlier order allowing such discovery in the execution proceedings and of the prior panel's dismissal of the Governments' corresponding appeal is not properly before us. The issue we must decide is whether an interlocutory order staying a motion to dismiss on sovereign immunity grounds—pending jurisdictional discovery in a related matter—amounts to a denial of immunity so as to confer appellate jurisdiction on this Court. For the reasons we have articulated, we hold that it does not, at least where, as here, the district court orders no jurisdictional discovery in the case on appeal.

We also decline to treat the improper interlocutory appeal as a petition for a writ of mandamus. First, there is no indication that the Governments provided a

copy of their appellate brief (which essentially functioned as the mandamus petition) to the district court as required by Rule 21(a)(1) of the Federal Rules of Appellate Procedure. Second, given that the district court merely stayed ruling on the motions to dismiss without allowing for any new or additional discovery, the Governments have not demonstrated a "clear abuse of discretion or usurpation of judicial power." *In re Lopez-Lukis*, 113 F.3d 1187, 1187 (11th Cir. 1997).

We therefore dismiss this appeal for lack of jurisdiction. In so doing, we express no views as to whether the Governments would be entitled to an interlocutory appeal if the discovery order in the execution proceedings in the first filed lawsuit were to be enlarged or modified in any way to encompass jurisdictional issues specific to the plaintiffs' claims in this second case. *See Butler*, 579 F.3d 1307 (noting that district courts must "ensure that jurisdictional discovery is 'ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination'") (quoting *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998)).

**APPEAL DISMISSED FOR LACK OF JURISDICTION.**