**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 06-22128-CV-KING/MCALILEY**

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ, AND
LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs/Judgment Creditors,

vs.

CURACAO DRYDOCK COMPANY, INC., A/K/A
CURACAOSE DOKMAATSCHAPPIJ NV, A/K/A
CDMNV,

    Defendant/Judgment Debtor.
_____/

## AMENDED ANSWER OF GARNISHEE

COMES NOW, Garnishee, Church of Scientology Flag Ship Service Organization, Inc., ("FSSO"), by and through undersigned counsel, and hereby files its Amended Answer to Writ of Garnishment [DE 362], served by Plaintiffs/Judgment Creditors, Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo ("Judgment Creditors"), and states:

    1.    At the time of service of the Writ of Garnishment and at all times subsequent to such service, up to and including the time of filing this Amended Answer, Garnishee, FSSO, was not and is not indebted to Defendant/Judgment Debtor, Curacao Drydock Company, Inc., a/k/a Curacaose Dokmaatschappij NV, a/k/a CDMNV.

    2.    At the time of service of the Writ of Garnishment and at all times subsequent to such service, up to and including the time of filing this Amended Answer, Garnishee, FSSO, did not have and does not have in its possession or control any property, tangible or intangible,

payable to or otherwise for the benefit of Defendant/Judgment Debtor CDMNV, nor does it have any reason to expect that it will come into possession or control of any such property.

3. Garnishee, FSSO, as its name implies, is a service organization, and operates aboard the maritime vessel SMV FREEWINDS ("FREEWINDS"). The record owner of the FREEWINDS is San Donato Properties Corporation, a Panamanian corporation ("San Donato").

4. Garnishee, FSSO, is aware that San Donato, as record owner of the FREEWINDS, was indebted to and has paid the entire amount it was obligated to pay CDMNV, for recent dry-dock repairs to the FREEWINDS.

5. Garnishee, FSSO, is not aware of any other person indebted to the Defendant/Judgment Debtor, or who may be in possession or control of any of the property of the Defendant/Judgment Debtor.

6. San Donato's ownership of the FREEWINDS is a matter of public record, available on public internet databases such as www.world-ships.com and in the Panamanian Ship's Registry.

7. Under maritime law, the Vessel itself and the vessel's record owner is the party liable for and obligated to pay for dry-dock repairs.

8. San Donato was never served with a writ of garnishment in this proceeding.

9. On September 23, 2013, FSSO entered into an agreement "on behalf of FREEWINDS (OWNER)," *i.e.,* San Donato, with CDMNV to carry out repairs on the FREEWINDS.

10.     On October 15, 2013, CDMNV issued an invoice to "The Master & Owners of MV 'S.M.V. FREEWINDS,'" addressed to the owner, San Donato, at its address in Panama in the amount of $962,863.00. CDMNV and "The Master & Owners of MV 'S.M.V. FREEWINDS,'" addressed to the owner, San Donato, at its address in Panama, by the Captain of the FREEWINDS as "Owners Representative," entered into a full and final Settlement Agreement dated October 15, 2013 in the amount of from $770,290.00.

11.     Pursuant to the October 15 Settlement Agreement between San Donato and CDMNV, San Donato paid the invoiced amount of $770,290.00 to CDMNV.

12.     FSSO was never legally obligated to pay CDMNV for the repairs to the FREEWINDS, and any legal obligation was at all times that of the ungarnished record owner San Donato. For purposes of this garnishment proceeding only, FSSO does not contest that San Donato's payment of the invoice to CDMNV was a payment to clear and extinguish the possessory lien and maritime lien under Curacao law which had been asserted by CDMNV over or attached to the Vessel itself.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      Enforcement of the writ of garnishment against FSSO is inequitable and inconsistent with the principles of comity between nations concerning the owners or operators of ships undergoing dry-dock repairs, because enforcement necessarily results in an unavoidable risk of double liability.

2.      Under Curacao maritime law, which has its own organic law, and which also follows the laws of the Netherlands, CDMNV had a right to hold the FREEWINDS until its

3

repair bill was paid in full or to later enforce its maritime lien against the Vessel. Therefore, the vessel owner has no choice but to pay the dry-dock repair bill, or to enter into a promise to pay, as here.

3. Under Curacao maritime law, which has its own organic law, and which also follows the laws of the Netherlands , CDMNV had a right to assert a possessory lien and a maritime lien against the FREEWINDS which, upon information and belief, would have been enforced in courts outside the United States, resulting in the arrest and possible sale of FREEWINDS at foreclosure sale and/or auction, had San Donato refused to pay CDMNV for the repairs, pursuant to the October 15, 2013 Settlement Agreement.

4. Upon information and belief, this Court's judgment under the Alien Tort Statute, 28 U.S.C. § 1350, for acts occurring outside the United States involving non-U.S. parties, would not have been recognized by the courts outside of the United States as a defense to CDMNV's enforcement of its maritime lien against the FREEWINDS, or for breach of contract against FSSO and/or San Donato.

5. The Courts of the United States lack the power or jurisdiction to relieve FSSO and/or San Donato outside of the United States of any obligations under maritime law to pay CDMNV for dry-dock repairs had FSSO and/or San Donato made payment to the Judgment Creditors pursuant to the writ of garnishment, rather than to CDMNV.

6. As a result, this Court could not relieve FSSO and/or San Donato of the impermissible and inequitable real and practical risk of double liability had FSSO and/or San Donato paid the judgment creditors pursuant to the writ of garnishment.

**SECOND AFFIRMATIVE DEFENSE**

7. The writ of garnishment impermissibly threatened to interfere with and to substantially burden the free exercise rights of the Church of Scientology and of its members, in violation of the First Amendment to the U.S. Constitution and the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb, *et seq.* ("RFRA"), and, to the extent applicable, the Florida Religious Freedom Restoration Act of 1998, Fl. Laws §§ 761.01-761.05 ("Florida RFRA"), in connection with the scheduled provision and receipt of Scientology religious services, education, and training.

8. The FREEWINDS is the home of FSSO, which serves as a religious retreat ministering the most advanced level of spiritual counseling in the Scientology religion, known as New OT VIII, and which is exclusively entrusted to FSSO. The FREEWINDS provides Scientology parishioners with a safe, aesthetic, distraction-free environment appropriate for ministration of this profoundly spiritual level of auditing.

9. Scientologists believe that boarding the FREEWINDS for New OT VIII is the pinnacle of a deeply spiritual journey following years of training and auditing, and is the most significant spiritual accomplishment of his or her lifetime, and which brings with it the full realization of the believer's immortality.

10. Other religious programs conducted aboard the FREEWINDS include religious conventions and seminars for staff and parishioners from Churches of Scientology world over, as well as specially arranged gatherings of Scientologists from a particular country or community for a tailored program of religious services.

11. The FREEWINDS could not leave CDMNV facilities unless San Donato paid, or agreed to pay by a date certain, the specified sums for the ship repairs.

12. Under Curacao maritime law, which has its own organic law, and which also follows the laws of the Netherlands, CDMNV had a right to hold the FREEWINDS until its repair bill was paid in full. Therefore, a vessel owner has no choice but to pay the dry-dock repair bill, or to enter into a promise to pay, as here, in order to have its vessel released.

13. Under Curacao maritime law, which has its own organic law, and which also follows the laws of the Netherlands, CDMNV had a right to assert a possessory and maritime lien against the FREEWINDS which, upon information and belief, would have been enforced in courts outside the United States, resulting in the sale of FREEWINDS at foreclosure sale and/or auction, had San Donato refused to pay CDMNV for the repairs, pursuant to the October 15, 2013 Settlement Agreement.

14. Upon information and belief, this Court's judgment under the Alien Tort Statute 28 U.S.C. § 1350 ("ATS"), for conduct occurring outside the United States involving non-U.S. parties, would not have been recognized by the courts outside of the United States as a defense to CDMNV's enforcement of its lien against the FREEWINDS, or for breach of contract against FSSO and/or San Donato.

15. A United States Court was without power and jurisdiction to discharge outside the United States any debt of San Donato and/or FSSO to CDMNV and to order the release of the FREEWINDS from the facilities in Curacao, had FSSO and/or San Donato made payment to the Judgment Creditors pursuant to the writ of garnishment, rather than to CDMNV.

16. The Courts of the United States lack the power or jurisdiction to relieve FSSO and/or San Donato outside of the United States of the obligations under maritime law to pay CDMNV for dry-dock repairs or to extinguish a maritime lien conferred under Curacao law, had FSSO and/or San Donato made payment to the Judgment Creditors pursuant to the writ of garnishment, rather than to CDMNV.

17. As a result, this Court could not relieve FSSO and/or San Donato of the real risk of double liability under the writ of garnishment.

18. If San Donato had not agreed to pay the debt it owed to CDMNV, the FREEWINDS would not have been able to carry out its religious mission.

19. If San Donato had not agreed to pay the debt to CDMNV, Scientology parishioners would have been deprived of religious services, education, and training.

20. Enforcement of the writ of garnishment against FSSO, thereby requiring that FSSO and/or San Donato pay twice for the debt owed to CDMNV in order to carry out its religious mission, including providing religious services, education and training to Scientology parishioners, would impermissibly and substantially burden the free exercise rights of FSSO and Scientology parishioners, in violation of the First Amendment to the United States Constitution and RFRA.

21. The government lacks a compelling interest in enforcing a judgment under the ATS for conduct occurring wholly outside the United States between non-U.S. parties, as the U.S. Courts have no ATS jurisdiction in such circumstance.

22. Even if enforcement of the ATS judgment is a compelling government interest, enforcement of the writ of garnishment against FSSO, including requiring that FSSO and/or San

Donato pay twice for the debt owed to CDMNV, in order to carry out FSSO's religious mission is not the least restrictive means of furthering the government's interest in enforcing the ATS judgment against CDMNV, for events that have no relationship whatsoever to FSSO or any Scientology parishioners, in violation of the First Amendment to the United States Constitution and RFRA, and, to the extent applicable, Florida RFRA.

### THIRD AFFIRMATIVE DEFENSE

23. The default judgment against CDMNV is void for lack of subject matter jurisdiction under the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"), because all the relevant conduct took place outside the United States.

24. The default judgment against CDMNV is void for lack of subject matter jurisdiction under the ATS, because to the extent any relevant conduct took place inside the United States, such conduct did not touch and concern the territory of the United States with sufficient force to displace the presumption against extraterritorial application of the ATS.

25. Garnishee FSSO has standing to challenge the Court's subject matter jurisdiction under the ATS to enter the default judgment against CDMNV because the validity of the writ of garnishment depends on whether there is an enforceable underlying judgment.

26. Because the underlying default judgment against CDMNV is void for lack of subject matter jurisdiction under the ATS, the writ of garnishment against FSSO is void and unenforceable.

**FOURTH AFFIRMATIVE DEFENSE**

27. The underlying default judgment against CDMNV is void for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602, *et seq*.

28. Plaintiffs are judicially estopped from claiming that CDMNV is not an agency or instrumentality of a foreign state, within the meaning of 28 U.S.C. § 1603(a), (b) of the FSIA, by their representations to the Court that CDMNV is, and was at all relevant times, an alter ego of the Island Territory of Curacao, the Government of the Netherlands Antilles, the Country of Curacao, and/or the Kingdom of the Netherlands.

29. At the time that Plaintiffs commenced the action against CDMNV, and at the time that the default judgment was entered against CDMNV, Plaintiffs knew or reasonably should have known that CDMNV was an agency or instrumentality of a foreign state, within the meaning of 28 U.S.C. § 1603(a), (b) of the FSIA, and Plaintiffs are judicially estopped from claiming otherwise.

30. The default judgment against CDMNV is void for lack of subject matter jurisdiction under the FSIA, because CDMNV is an agency or instrumentality of a foreign state, within the meaning of 28 U.S.C. § 1603(a), (b) of the FSIA entitled to sovereign immunity absent a finding of an applicable statutory exception, Plaintiffs are judicially estopped from claiming otherwise, and the District Court made no findings of an exception to CDMNV's sovereign immunity at the time the default judgment entered.

31. The default judgment against CDMNV is void for lack of subject matter jurisdiction under the FSIA, because CDMNV is an agency or instrumentality of a foreign state,

within the meaning of 28 U.S.C. § 1603(a), (b) of the FSIA entitled to sovereign immunity absent an applicable statutory exception, Plaintiffs are judicially estopped from claiming otherwise, and the Plaintiffs failed to establish their claim or right to relief under the FSIA as required by 28 U.S.C. § 1608(e).

32. The doctrines of equitable and judicial estoppel bar Plaintiffs from obtaining a default judgment against CDMNV without identifying it as an agency or instrumentality of a foreign state, within the meaning of 28 U.S.C. § 1603(a), (b), and then representing in judicial proceedings that CDMNV is an alter ego of a foreign state and/or foreign states so that the foreign state(s) should be held liable for the default judgment against CDMNV.

33. Garnishee FSSO has standing to challenge the Court's subject matter jurisdiction under the FSIA to enter the default judgment against CDMNV because the validity of the writ of garnishment depends on whether there is an enforceable underlying judgment.

34. Because the underlying default judgment against CDMNV is void for lack of subject matter jurisdiction under the FSIA, the writ of garnishment against FSSO is void and unenforceable.

## FIFTH AFFIRMATIVE DEFENSE

35. The default judgment entered against CDMNV as to the issue of liability (D.E. # 101)is void because it was entered after CDMNV's appearance, but without a trial on liability in which Plaintiffs were required to prove their case as to liability.

36. Having fully answered the Writ of Garnishment [DE 362] served upon Garnishee, FSSO requests that it be allowed reasonable attorney's fees and costs as provided by applicable law resulting from its participation in this law suit and demands payment of any

amounts deposited with the Court for the payment or part payment of Garnishee's attorney's fees expended to respond to the writ.

WHEREFORE Garnishee, Church of Scientology Flag Ship Service Organization, Inc., requests that this Honorable Court enter an Order vacating Plaintiffs/Judgment Creditors, Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo's Writ of Garnishment [DE 362], awarding attorney's fees and costs as referenced above to Church of Scientology Flag Ship Service Organization, Inc., and for all other relief this Court deems just and proper.

Dated: June 9, 2014                  Respectfully Submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Garnishee*
355 Alhambra Circle
Suite 1100
Coral Gables, Florida 33134
Telephone:   (786) 221-0600
Facsimile:    (786) 221-0601
Email:          Michael@Moore-and-co.com


  */s/* **Michael T. Moore**
  Florida Bar No. 207845

**CERTIFICATE OF SERVICE**

I, HEREBY CERTIFY that on June 11, 2014, this document was electronically filed with the Clerk of the Court using CM/ECF and is thereby being served this day on all counsel of record identified on the following service list:

John Thornton, Esq.
Do Campo & Thornton, P.A.
Miami Tower
100 Southeast Second Street
Suite 2700
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601
Email: jt@dandtlaw.com
*Attorneys for Plaintiffs/Judgment Creditors*

        */s/* **Michael T. Moore**
        Florida Bar No. 207845