UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22128-CV-KING/MCALILEY

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ, AND
LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs/Judgment Creditors,
vs.

CURAÇAO DRYDOCK COMPANY, INC., A/K/A
CURAÇAOSE DOKMAATSCHAPPIJ NV, A/K/A
CDMNV,

    Defendant/Judgment Debtor.
_____/

**PLAINTIFF/JUDGMENT CREDITORS' MOTION TO INTERPLEAD FUNDS**

COME NOW, Plaintiffs/Judgment Creditors, Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo ("Plaintiffs" or "Judgment Creditors"), by and through their undersigned counsel, and file their Motion to Interplead Funds.

**I.     INTRODUCTION**

Plaintiffs are uncompensated victims of human trafficking and forced labor perpetrated by Curacao Drydock Company ("Judgment Debtor"), a Judgment Debtor that defies the law, the legal process and this Court's authority. After conceding this Court's jurisdiction over it, and after initial discovery proving Plaintiffs' allegations, Judgment Debtor roundly defied this Court's orders and ceased its defense of the matter. This Court struck Judgment Debtor's pleadings, and then held a trial on damages. On October 31, 2008, this Court entered a Final Judgment in favor of Plaintiffs for $80 million plus post-judgment interest. ("Final Judgment"). (DE 112). The time for Judgment Debtor to appeal the Final Judgment has long passed.

1

Plaintiffs seek to collect on the Final Judgment; however, Plaintiffs are forced to contend with Judgment Debtor's manipulative tactics to evade this Court's judgment, usurp its jurisdiction to act as arbiter of these garnishment proceedings, and coerce existing garnishees to withhold and divert funds owed to the Judgment Debtor that were properly garnished by writs of garnishment.  The focus of Plaintiffs' execution is now on Garnishee Reefership Marine Services Ltd. ("Reefership").  Reefership admits that it came into possession of monies owed to the Judgment Debtor arising from the Judgment Debtor's repair of the M/V Dole Ecuador.  It provides evidence that it diverted those funds to Judgment Debtor's counsel pursuant to an Escrow Agreement that binds the parties to an Order from the Court that the funds be paid to the Plaintiffs or into the court registry.  The Escrow Agreement further reveals that the Judgment Debtor, which long ago flouted this Court's authority, is using Reefership as a front to make arguments before this Court.  Reefership has no interest in the funds at issue, yet is contesting the garnishment proceedings on behalf of the Judgment Debtor.  It agreed to submit its pleadings for review and comment by the Judgment Debtor, who is even paying for litigation now before the Court.[1]

Plaintiffs request this Court not be a party to this ruse; give the Writ of Garnishment its proper effect; and take advantage of the Escrow Agreement by ordering Reefership and all parties to that Escrow Agreement to interplead the funds owed to the Judgment Debtor, including the Repair Work Funds in the Escrow Account or their equivalent.

**II.       FACTS AND PROCEDURAL POSTURE**

---

[1] For this reason alone, this Court could strike all of pleadings made by Reefership after its Answer as sham pleadings and not permit it to respond to this motion (except to contest that it is party to the Escrow Agreement).  The true party in interest to these pleadings is the Judgment Debtor, whose pleadings have already been stricken in this matter.  Reefership has no interest in the funds at issue, but is being used as a front to make arguments to the Judgment Debtor's benefit.

This Court granted Plaintiffs' applications for Writs of Garnishments, including a Writ directed to Reefership Marine Services Ltd. ("Reefership"). (DE 366).

Plaintiffs served the Writ of Garnishment on Reefership on October 24, 2013 by service on Neelesh Deshpande, Master of the M/V Dole Columbia. (DE 392).  A copy of the Writ of Garnishment and Affidavit of Service are attached hereto as Exhibit A.  Reefership filed an Answer to the Writ of Garnishment on November 12, 2013.  (DE 399).

In its Answer, Reefership admitted that as manager of the M/V Dole Ecuador, a vessel that was in for repairs at the Judgment Debtor's repair facility, it would receive funds payable to the Judgment Debtor for the repairs and then pay them to the Judgment Debtor. (DE 399, at p.2, par. 4).  It further states that it is "in doubt regarding whether it is obligated to retain any funds that may come into its hands for payment to the judgment debtor" (id. at p. 3, par. 4) and requests an order "allowing Reefership to pay funds owed to the judgment debtor . . ." (id., p. 5, Wherefore clause.).  In reliance on Reefership's representations that it was not sure as to its legal obligations and that it would be seeking an order allowing it to pay funds owed to the judgment debtor, Plaintiffs/Judgment Creditors sent a letter to Reefership's counsel stating Plaintiffs' reliance on Reefership's representation in its Answer that it would be seeking an order allowing the funds to be released.  See Affidavit of John Thornton, dated June 23, 2014 ("Thornton Affidavit"), attached hereto as Exhibit B and Exhibit 1 thereto.  Reefership's counsel did not respond or object in any way to this letter.

Thereafter, through discovery responses, Reefership disclosed an Escrow Agreement made in response to the Writ of Garnishment between it and its alter ego or affiliate Ventura Trading Ltd. ("Ventura Trading"), on the one hand, and the Judgment Debtor, and its counsel, Stichting Beheer Derdengelden Advocatenkantoor VanEps Kunneman VanDoorne ("VanEps")

3

on the other.  *See* Thornton Affidavit and Composite Exhibit 2 thereto (including the executed agreement as well as a legible version of the agreement provided by Reefership's counsel).  The Escrow Agreement identifies that the amount owed the Judgment Debtor for repair work was $1,250,000.00 (the "Repair Work Funds").  *Id*.  The Escrow Agreement provides that Reefership – instead of acting in compliance with the Writ by delivering these Repair Work Funds to the Judgment Creditors or paying them into the Court registry (the normal course when there is any question concerning a garnishment) – pay the funds into an Escrow Account held by VanEps, the Judgment Debtor's counsel.  Pursuant to the Escrow Agreement, all parties thereto agreed that the Repair Work Funds would be paid by the Escrow Agent to the Plaintiff or the court registry upon an order from this Court directing Reefership to either pay the Plaintiffs or make payment into the court registry.  *See* Affidavit of John Thornton at par. 9.  Plaintiffs now move for this relief, requesting the Court to order Reefership, as well as all parties to the Escrow Agreement, to deposit all funds owed to the Judgment Debtor, including the Repair Work Funds or their equivalent amount, into the court registry.

   First, this Court has *quasi in rem* jurisdiction over the funds owed to the Judgment Debtor, including the Repair Work Funds that were placed in the Escrow Account.  Ordering the deposit of these funds will serve the interests of justice and judicial economy.  Even if the Court were to engage in an inquiry into personal jurisdiction or any other matter, interpleading the funds in the interim would ensure that the inquiry is not in vain, given the Judgment Debtor's history of evading and frustrating this Court's jurisdiction.

   Such action imposes no burden on Reefership, especially since it admits that the Repair Work Funds do not belong to Reefership but rather belong to the Judgment Debtor, and since the Escrow Agreement clearly provides that the Escrow Agent will make the payment and that

Reefership is released of any liability for repairs to the Judgment Debtor upon an order that it pay the funds into the court registry.

Further, Reefership defied the Writ of Garnishment issued by this Court and served upon it by doing the exact opposite of what the Writ required of it.  Instead of paying the Repair Work Funds to the Plaintiffs/Judgment Creditors or into the court registry, it delivered them to the Judgment Debtors' attorney in Curacao, despite signaling to the Court and to Plaintiffs that it would first be seeking an order allowing it to pay the Judgment Debtor.  While it made an agreement for those funds' preservation through an escrow, the risk of the Judgment Debtor's counsel not honoring that agreement should be at Reefership's peril, not Judgment Creditors'.  Thus, ordering Reefership along with all parties to the escrow agent jointly and severally to pay the Repair Work Funds or their equivalent into the Court registry is wholly just and proper.  As far as the Judgment Debtor, this Court already has jurisdiction over it, and by extension, its counsel, which is acting as escrow agent of the Repair Work Funds.  Further, by agreeing to be bound by the Order of this Court, Judgment Debtor's counsel and all parties to the Escrow Agreement have explicitly waived any objection to this Court's jurisdiction.

Finally, the Judgment Debtors themselves agreed by contract to release the monies to the Plaintiff or the court registry upon order of the Court.  An order for payment into the court registry merely gives effect to and takes advantage of a contract providing for the Judgment Debtors' funds to be paid to the court registry or to Plaintiffs[2].  In light of the contract in which all parties agreed to abide by the Court's order, any potential defense to the Writ of Garnishment is no longer at issue.

---

[2] Plaintiffs do not oppose the entry of an order that the funds be paid directly to Plaintiffs.

For all these reasons, Plaintiffs/Judgment Debtors request the entry of an order directing Reefership and all parties to the Escrow Agreement to deposit the Repair Work Funds or their equivalent into the Court Registry without delay.

### III.   ARGUMENT AND AUTHORITY

A.   <u>This Court has jurisdiction to compel the relief requested.</u>

In their Answer and Affirmative Defenses to the Writ of Garnishment, Reefership contested this Court's jurisdiction over it.  *See* DE 399, at p.3, pars. 4-5.  This argument is no cause for why Reefership is not subject to the Writ of Garnishment and no cause for why the Repair Work Funds and any other funds owed to the Judgment Debtor should not be deposited into the registry of this Court.  Reefership will not be subjected to personal jurisdiction by interpleading these funds into this Court's registry because a garnishment proceeding only establishes jurisdiction over the *res* and not the garnishee.  *See United States Rubber Company v. Poage*, 297 F.2d 670 n.5 (5th Cir. 1962)[3] ("[t]he claim subjected by garnishment is the estate of the principal debtor in the hands of the garnishee, and in *the proceeding is against it as a res, a thing, and not against the garnishee personally*, except to compel him to turn it over to the creditor of the principal defendant in satisfaction of his claim. In every practical sense it amounts to a seizure of the thing.") (emphasis added); *see also Harris & Co. Adver., Inc. v. Republic of Cuba*, 127 So. 2d 687, 693 (Fla. Dist. Ct. App. 1961).  In a garnishment proceeding, the court can enter a judgment *in rem* even without the existence of personal jurisdiction.  "A judgment *in rem* may be entered in the absence of personal jurisdiction in actions on a debt due and owing."

---

[3] <u>Poage</u> is binding precedent.  <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Id*.  As is discussed more fully below, Garnishees do not subject themselves to jurisdiction by merely interpleading the funds into this Court's registry.

In initiating garnishment proceedings, the United States Supreme Court has long held that only *quasi in rem* jurisdiction over a party is necessary.  In *Harris v. Balk*, 198 U.S. 215, 222 (1905), the Supreme Court held that the "temporary presence of the garnishee within the state gives a court of that state jurisdiction to render judgment against him in the garnishment proceedings upon personal service of process within the state, if, during such temporary presence in the state, the principal debtor could have sued him there to recover the debt." *Id*.  In *Balk*, the garnishee contended that the Maryland court (where the garnishee was served) lacked jurisdiction to attach or garnish the debt owed to the plaintiff because the defendant was only temporarily in the state and the situs of the debt was in North Carolina.  However, the Supreme Court rejected this argument, holding that a party's obligation to pay his debt remains, whether he was in the state casually or temporarily and this "obligation can be enforced by the courts of the foreign state after personal service of process therein." *Id*. at 223.  The Supreme Court's holding in *Balk* is regarded as allowing courts to have jurisdiction over a garnishee when that garnishee is found in that court's state and process is personally served upon him therein.

Florida garnishment proceedings are considered *quasi in rem* actions in which "the court has no jurisdiction over the person of the Judgment Debtor but has jurisdiction over a thing belonging to the Judgment Debtor or over a person who is indebted or under a duty to the Judgment Debtor" *T.J.K v. N.B.*, 237 So. 2d 592, 594 (Fla. Dist. Ct. App. 1970).  Reefership was personally served while in the state of Florida through the Master of the M/V Dole Colombia,

Neelesh Deshpande.[4]  As Reefership was found in Florida when served, and as Reefership has admitted in its Answer that it came to hold funds payable to the Judgment Debtor, this Court has acquired jurisdiction over the *funds* at issue.

Indeed, in an enforcement action of this very judgment in Texas, the Southern District of Texas has ordered a garnishee who was served in Texas by the same method as Reefership, to place funds held by it into the court registry on these very same grounds and the corresponding law of Texas.  *See* Order Granting Motion to Interplead, in Misc. Action No. 4:13-MC-874 in the Southern District of Texas, attached hereto as Exhibit C (citing both *United States Rubber Company v. Poage*, 297 F.2d 670 (5th Cir. 1962) and *Harris v. Balk*, 198 U.S. 215 (1905)).

Additionally, while the Court need not reach the issue of personal jurisdiction over Reefership, it would exist.  Pursuant to Section 48.193(2), Florida Statutes, "[a] Defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."  While the full extent of Reefership's activities in Florida are currently unknown, Reefership, according to its website, "is the exclusive maritime transportation" of a major United States Corporation.  *See* website of Reefership Marine Services, Ltd., http://www.dole-reefership.com/, (accessed June 18, 2014).  It essentially delivers the Dole branded fruits, including bananas, ubiquitous at practically every supermarket in the United States.  It was served while engaging in that activity in Florida.  It clearly engages in substantial and not isolated activity in the state.

Finally, this Court already has jurisdiction over the Judgment Debtor and by extension its counsel, which is acting as escrow agent of the Repair Work Funds.  Further, by agreeing to be

---

[4] Service of process on the master of a vessel constitutes service on its corporate owner. *Witham v. The James e. McAlpine, et al.*, 96 F.Supp. 723 (E.D. Mich. 1951).

bound by the Order of this Court, Judgment Debtor's counsel has explicitly waived any objection to this Court's jurisdiction. In fact, in light of the Escrow Agreement, this Court need not even base its order on the Writ of Garnishment (and so need not consider any potential jurisdictional defenses to it). The Court has before it a contract in which Reefership, Ventura Trading, the Judgment Debtor and its counsel all agree to abide by the Court's ruling. The Court can clearly give effect to its judgment by ordering all of them jointly and severally to pay the Repair Work Funds into the court registry.

> B. Interpleading is the preferred procedure because it protects garnishees, is efficient, and prevents the Court's eventual orders from being ineffectual.

Interpleading is generally recognized as benefitting the garnishee in which a garnishee, such as Reefership, could interplead the disputed funds into the court registry and resolve current and future disputes over the money. The benefits of interpleading to a garnishee are considered "obvious" because the "garnishee is able to extinguish liability both to all the garnishors and the person to whom the garnishee is obligated in a single proceeding." 7 Fed. Prac. & Proc. Civ. § 1705 (3d ed.).

Further, in this case, the Judgment Debtor has undermined this Court's authority by coercing garnishees, such as Reefership, to ignore their obligations and duties required under their respective writs of garnishments. The Judgment Debtor, in its quest to frustrate the Final Judgment, has even agreed to reimburse Reefership for court costs and attorneys' fees in connection with this action. *See* Thornton Affidavit par. 10. There is no question that the Judgment Debtor is intent on evading this Court's jurisdiction by secreting its assets. In this context, the Court should ensure that it has the monies in its registry prior to entertaining any argument. With the use of the interpleader process, this Court would eliminate the risk that the

Judgment Debtor's actions will render the Final Judgment and any orders it issues concerning the Writ of Garnishment ineffectual.

Florida law envisions interpleader at this stage of the proceedings. Under "Section 77.082 . . . if a defendant fails to file a reply to a garnishee's answer, then the garnishee may pay any money in its possession into the registry of the court and, thereafter, the Court shall discharge the garnishee from all further liability under the writ of garnishment." *Kiersz v. Seymour Int'l, Inc.*, 6:08-CV-1664, 2011 WL 653387 (M.D. Fla. Jan. 27, 2011). Here, the Judgment Debtor has failed to reply to Reefership's Answer. Interpleader is proper.

Finally, the Florida garnishment statute requires that garnishees take reasonable positive actions to ensure that monies that might otherwise be in the process of flowing to judgment debtors are instead retrieved and delivered to Judgment Creditors who have garnished them. For example, the garnishment statute "imposes a duty on garnishees to issue a stop payment order on a check that has not yet been presented for payment, if the garnishee has the ability to do so." *Arnold, Matheny & Eagan, P.A. v. First Am. Holdings, Inc.*, 982 So. 2d 628 (Fla. 2008); West's F.S.A. § 77.06(2). Here, Reefership can essentially issue a stop payment of the funds from the escrow agent to the judgment debtor by paying the equivalent of those funds into the court registry. Plaintiffs ask that this Court order it to do so, and thereby trigger the release of the funds and the explicit extinguishment of Reefership's liability to the Judgment Debtor under the Escrow Agreement.

C. <u>Ordering Reefership to pay the funds is proper.</u>

Finally, ordering Reefership to pay the funds into the Court registry is a proper sanction against it. Reefership, in response to receiving the Writ of Garnishment, relinquished control of the Repair Work Funds to an agent of the Judgment Debtor in violation of the garnishment

statute. VanEps has consistently presented himself to represent the interests of the outlaw Judgment Debtor and is now in control of the disputed Repair Work Funds. After receiving the Writ of Garnishment, Reefership was under no duty to forfeit the Repair Work Funds to the Judgment Debtor. Conversely, Reefership did have a duty to retain the Repair Work Funds and now, as seen in *Arnold, Matheny & Eagan, P.A*, can be held liable to the Plaintiffs for a monetary sum.

That said, the Escrow Agreement provides that if the Court orders Reefership to pay the funds into the Court registry or to Plaintiffs, the "Escrow Agent [VanEps] shall release the Escrow Amount to the Court registry or pay to Plaintiffs . . . ." Thornton Aff. par. 9. Reefership thus should not suffer from such order. Plaintiffs/Judgment Creditors indeed seek primarily to punish the Judgment Debtors with their judgment, not the garnishees with any sanction. Thus, due to the desire to punish Judgment Debtors primarily, and for the reasons stated above, Plaintiffs request that the Court order all parties to the Escrow Agreement jointly and severally to deposit the Repair Work Funds or their equivalent into the court registry without delay. (To be clear, Reefership should also be subject to the order in order to trigger the payment by the Escrow Agent under the Escrow Agreement).

WHEREFORE, Plaintiffs/Judgment Creditors Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo pray that this Court enter an order requiring Reefership and all parties to the Escrow Agreement to interplead all funds owed to to the Judgment Debtor, including but not limited to the Repair Work Funds of $1,250,000.00, into the Court's registry.

Dated: June 25, 2014

                                        Respectfully submitted,

                                        DO CAMPO & THORNTON, P.A.

>Miami Tower
>100 S.E. Second St., Ste. 2700
>Miami, Florida 33131
>Telephone:  (305) 358-6600
>Facsimile:  (305) 358-6601
>
>By:
>
>*/s/John Thornton*
>JOHN THORNTON
>Florida Bar No. 004820
>jt@dandtlaw.com
>
>GROSSMAN ROTH, P.A.
>Seth Miles, Esq.
>Stuart Grossman, Esq.
>2525 Ponce de Leon Blvd., Suite 1150
>Coral Gables, Florida 33134
>(305) 442-8666
>
>REED SMITH LLP
>Jordan W. Siev, Esq.*
>Casey D. Laffey, Esq.*
>599 Lexington Avenue
>New York, New York 10022
>(212) 521-5400
>*Attorneys for Judgment Creditors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  Notice of this filing will be sent by operation of the Court's CM/ECF system.

>*/s/John Thornton*
>JOHN THORNTON