UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22128-CV-KING/MCALILEY

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ, AND
LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs/Judgment Creditors,
vs.

CURAÇAO DRYDOCK COMPANY, INC., A/K/A
CURAÇAOSE DOKMAATSCHAPPIJ NV, A/K/A
CDMNV,

    Defendant/Judgment Debtor.
_____/

### PLAINTIFF/JUDGMENT CREDITORS' OBJECTION TO CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION, INC.'S AMENDED ANSWER TO WRIT OF GARNISHMENT AND REPLY TO AFFIRMATIVE DEFENSES

    Plaintiffs/Judgment Creditors, Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo ("Plaintiffs" or "Judgment Creditors") object to Garnishee Church of Scientology Flag Ship Service Organization, Inc.'s Amended Answer to Writ of Garnishment filed June 11, 2014.

    Judgment Creditors have good reason to believe and do believe that the Amended Answer of the Garnishee Church of Scientology Flag Ship Service Organization ("FSSO") is incorrect in the following particulars:

    1.    Contrary to FSSO's Amended Answer, at the time of the service of the Writ of Garnishment, FSSO was indebted to Petitioner/Judgment Debtor, Curacao Drydock Company, a/k/a Curacaose Dokmaatschcappij NV a/k/a CDMNV (the "Drydock").

2. On September 23, 2013, FSSO and the Drydock signed an agreement for the repair of FREEWINDS (the "September 23 Agreement"). The September 23 Agreement is attached hereto as Exhibit B. As this Agreement clearly shows, FSSO entered into a contract with the Drydock for repairs on the FREEWINDS vessel.

3. Subsequently, the FREEWINDS entered the dock. On October 7, 2013, Plaintiffs requested and this Court issued a Writ of Garnishment against FSSO. FSSO was served with the Writ of Garnishment on October 7, 2013. A copy of the Writ of Garnishment and Affidavit of Service are attached hereto as Exhibit A.

4. At the time of service of the Writ of Garnishment, FSSO was the contracting party for the repairs and had full control over funds that were to be paid to the Drydock to satisfy outstanding fees for repairs of the SMV FREEWINDS vessel ("FREEWINDS").

5. While FSSO contends that the record owner of the FREEWINDS is San Donato Properties Corporation ("San Donato"), FSSO entered the contract for repairs and was responsible for paying for the repairs.

6. After FSSO was served with the writ of garnishment, it and the Drydock colluded to avoid the writ by cancelling work that had already been contracted for. A copy of the FREEWINDS repair invoice generated as of October 10, 2013 showing cancellations is attached hereto as Exhibit C. Still, despite those cancellations, the cost to date for the repairs was $1,028,487.64. *Id.*

7. In addition to limiting the scope of work, the Drydock and FSSO agreed to substitute out the payor for the repairs. On October 15, 2013, just over a week after the Writ of Garnishment was served on FSSO, a company called San Donato Properties entered into a settlement agreement, agreeing to pay the Drydock $770,290.00 (USD) for the repair of the

FREEWINDS that FSSO had contracted for.  A copy of this settlement agreement, along with an earlier version envisioning settlement for a higher amount, are attached hereto as Composite Exhibit D.

8.      Evincing the fact that all of these corporations, including FSSO and San Donato properties as alter egos of each other and of Church of Scientology International, on October 22 or October 23, 2013 (the dates of the signatories very), the Church of Scientology International's Board of Directors unanimously resolved to *loan* San Donato $770,500.00 (USD), interest free.  A copy of this executed Resolution adopted by Church of Scientology International's Board of Directors is attached hereto as Exhibit E.  In the agreement, FSSO receives no consideration for loaning San Donato an interest-free loan.  The stated purposes of the loan in the "Whereas" section are the facts that FSSO uses the ship, the ship needed repairs, the cost of the repairs were $770,500.00 and that San Donato Properties did not have sufficient funds to pay for the refurbishing.  *Id.*  If one were to buy into this ruse, one would have to believe that a corporation that owns a cruise ship would send it in for repairs without a penny on hand to pay for them, and that corporation A has reason to lend money to corporation B because corporation C needs to use something that corporation B owns.  There is no question that San Donato was never the real party in interest, but that the Church of Scientology International, FSSO's alter ego, paid the Drydock for the FREEWINDS' repair costs to benefit the FSSO and, more importantly, to avoid the effects of the Writ of Garnishment.

9.      On October 28, 2013, with its ruse complete, FSSO filed its Answer (D.E. 390) denying any indebtedness to the Drydock, not mentioning its contract for the repair of the FREEWINDS, not mentioning that the Church of Scientology International in fact paid for the repairs, and not raising any affirmative defenses.  FSSO did coyly mention a "Panamanian

Corporation", misleadingly characterizing how it became aware that that unnamed corporation had owed the repair, stating that it was because FSSO "operates aboard the vessel SMV Freewinds" (*id*. at par. 3) not because FSSO in fact had entered into the contract only to be substituted out.  FSSO went on try to shut Plaintiffs' inquiry down, adding gratuitously that the unnamed corporation "was indebted to and has paid the entire amount they were obligated to pay Defendant/Judgment Debtor . . .". *Id.*

9. As the above demonstrates, FSSO was indebted to the Drydock at the time of service of the Writ of Garnishment for well over $1 million.  FSSO, San Donato Properties, and the Church of Scientology International (as well as other garnishees in this action) are clearly agents or alter-egos of each other.  As an agent/alter ego of San Donato and Church of Scientology International, the companies that FSSO maintains owed the debt and that paid the debt, FSSO *was* indebted to the Drydock at the time of service of the Writ of Garnishment. *See e.g. United States v. Tianello*, 860 F. Supp. 1521, 1525 (M.D. Fla. 1994).  Further, Church of Scientology International clearly paid for the repairs and FSSO clearly knew this, yet answered misleadingly on this score, as well as others.

10. FSSO and its alter egos conspired to defy this Court's authority by substituting another party responsible under the repair contract, by having their alter ego parent entity pay for the repairs through a sham loan, and by filing false and misleading answers in these proceedings.

## REPLY TO AFFIRMATIVE DEFENSES

1. Plaintiffs deny the First Affirmative Defense.  Defendant Curacao Drydock Company is subject to jurisdiction of this Court, having even withdrawn its argument that this Court lacked jurisdiction over it.  Plaintiffs obtained a judgment against it.  That judgment is valid and outstanding.  As such, it is subject to these garnishment proceedings against it.

Contrary to the assertions in the First Affirmative Defense, Curacao Drydock Company has no right to assert or maintain any lien against the Freewinds in the event that monies that otherwise were due for a ship repair have been garnished to pay a judgment rendered by a Court that clearly has jurisdiction over it.  That it might threaten to hold any vessel is merely to threaten piracy.  Further, even if an innocent actor might be able to make an equity-based argument based on the threat of illicit seizure or retention of a vessel (which should not be allowed, lest the entire system of collection through garnishment be thwarted by belligerent judgment debtors), FSSO, by its actions recited herein, has unclean hands and is estopped from making any equitable defense.  Plaintiffs reserve the right to supplement the reply to this affirmative defense.

     2.    Plaintiffs deny FSSO's Second Affirmative Defense.  The contention that a garnishment of a sum due for ship repairs is in any way prohibited by the First amendment is pure hogwash. As far as Florida's Religious Freedom Restoration Act (the "FRFRA"), it prohibits the *government* from substantially burdening a person's exercise of religion. Aside from the fact that their actions in no way impeded the religious freedom, Judgment Creditors are clearly private individuals whose actions are not subject to the FRFRA because Plaintiffs are not government actors as defined by the statute. *Id*. Plaintiffs reserve the right to supplement the reply to this affirmative defense.

     3.    Plaintiffs deny FSSO's Third Affirmative Defense.  First, subject matter jurisdiction in this matter rests on both the ATS and Civil RICO.  Second, this matter concerned the international trafficking of individuals for the purpose of evading the U.S. embargo on Cuba helping it reach the U.S. market for ship repairs.  It does not concern actions solely within the borders of other nations, and clearly both impacted and reached the U.S. sufficiently to overcome any presumption against extraterritoriality in any jurisdictional statute.  Further, FSSO has no

standing to raise such issues.  Further, the judgment in this matter is final.  Plaintiffs reserve the right to supplement the reply to this affirmative defense.

4. Plaintiffs deny FSSO's Fourth Affirmative Defense.  Plaintiffs are not estopped from enforcing this judgment against the Drydock.  The judgment in this matter was properly entered.  It was never appealed and is final.  FSSO has no standing to raise any argument against it.  Further, enforcement against a government by garnishing monies in the United States generated by the commercial activity that lead to the judgment would be allowed by an exception to the Foreign Sovereign Immunities Act.  Further, Plaintiffs reserve the right to supplement the reply to this affirmative defense

5. Plaintiffs deny FSSO's Fifth Affirmative Defense.  The judgment in this matter was properly entered.  It was never appealed and is final.  FSSO has no standing to raise any argument against it. Plaintiffs reserve the right to supplement the reply to this affirmative defense.

WHEREFORE, Judgment Creditors request that the issues raised by this Reply and the Answer and Amended Answer of FSSO be tried, as provided by law, and demand judgment against Church of Scientology Flag Ship Service Organization, Inc. in accordance with the findings of the Court against the Judgment Debtors and against Garnishee in order that Judgment Creditors' Final Judgments in the amount of $80,000,000, plus interest and costs may be collected and for such other and further orders and relief as the Court may deem just and proper; and further request that the Court allow Judgment Creditors a reasonable opportunity to conduct discovery in aid of judgment and execution pursuant to Fed. R. Civ. P. 69(a) into the factual disputes raised in FSSO's Answer, Amended Answer, and this Reply.

Dated: July 7, 2014

Respectfully submitted,

By: */s /John Thornton*_____
John Thornton
Florida Bar No. 004820
jt@dandtlaw.com
*Attorneys for Plaintiffs/Judgment Creditors*

**DO CAMPO & THORNTON, P.A.**
Miami Tower
100 Southeast Second Street
Suite 2700
Miami, FL 33131
Phone: 305-358-6600
Fax: 305-358-6601

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of July 2014, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF.  Notice of this filing will be sent by operation of the Court's CM/ECF system.  I further certify that a copy of the foregoing documents were mailed on this day to Curacao Drydock Company, Inc., Dokweg 1, P.O. Box 3012, Curaçao.

*/s/John Thornton*
JOHN THORNTON