### UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 17, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 12-14440-EE
Case Style: Alberto Licea, et al v. The Kingdom of the Netherlands, et al
District Court Docket No: 1:06-cv-22128-JLK
Secondary Case Number: 1:11-cv-22568-JLK

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The enclosed order has been ENTERED.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Lois Tunstall, EE/bmc
Phone #: (404) 335-6224

MOT-2 Notice of Court Action

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 12-14440

D.C. Docket Nos. 1:06-cv-22128-JLK,
1:11-cv-22568-JLK (consolidated)

ALBERTO JUSTO RODRIGUEZ LICEA, et al.,

Plaintiffs-Appellees,

versus

THE COUNTRY OF CURACAO, et al.,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Florida

Before MARTIN and JORDAN, Circuit Judges, and BAYLSON,[*] District Judge:

BY THE COURT:

Curacao's motion for reconsideration is denied. We dismissed the appeal for lack of jurisdiction because the order challenged on appeal was not an order denying sovereign immunity to Curacao. The district court's order, on its face, did

---

[*] Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

not require appellants to answer the complaint or call for new or additional discovery. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1311 (11th Cir. 2009) ("Inasmuch as the order on appeal required appellants to answer the complaint and called for discovery, it denied them immunity from suit under the FSIA."). It instead stayed the motions to dismiss "pending the limited jurisdictional discovery currently underway in Case No. 06-22128-CIV," D.E. 282 at 3-4, a case which is not properly before this Court.

Nothing that Curacao has presented in its motion for reconsideration indicates that we were wrong. *Cf. Mollan v. Torrance*, 22 U.S. 537, 539 (1824) (Marshall, J.) ("It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events."); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567 (2004) (holding that a party's post-filing change in citizenship cannot cure a lack of subject-matter jurisdiction that existed at the time of filing in a diversity action). To the extent that Curacao believes that subsequent orders of the district court, taken alone or together, effectively constitute a denial of its claim of immunity, it is free to seek an appeal of those orders. *See* Order at 7, *Licea v. Country of Curacao*, No. 12-14440 (11th Cir. June 16, 2014) ("[W]e express no views as to whether the Governments would be entitled to an interlocutory appeal if the discovery order in the execution proceedings in the first filed lawsuit were to

2

be enlarged or modified in any way to encompass jurisdictional issues specific to the plaintiffs' claims in this second case.").

Martin, Circuit Judge, dissenting from the denial of reconsideration.

For the reasons stated in my dissent, I would grant the motion for reconsideration.