UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22128-CV-KING/MCALILEY

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ, AND
LUIS ALBERTO CASANOVA TOLEDO,

        Plaintiffs/Judgment Creditors,

vs.

CURAÇAO DRYDOCK COMPANY, INC., A/K/A
CURAÇAOSE DOKMAATSCHAPPIJ NV, A/K/A
CDMNV,

        Defendant/Judgment Debtor.

_____/

**PLAINTIFFS/JUDGMENT CREDITORS' MOTION TO COMPEL DOCUMENTS**

      Plaintiffs/Judgment Creditors, Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo ("Plaintiffs" or "Judgment Creditors"), by and through their attorneys, and pursuant to Federal Rule of Civil Procedure 34 and Rule 26.1(h) of the Local Rules for the U.S. District Court for the Southern District of Florida, move this Court to order Church of Scientology Flag Ship Service Organization, Inc. ("FSSO") to produce certain relevant documents sought by Plaintiffs in their Request for the Production of Documents in Aid of Execution of Judgment (the "Document Requests"). The Document Requests are propounded as part of Plaintiffs' efforts to recover a Final Judgment (the "Final Judgment"), entered by this Court, in favor of Plaintiffs and against Curacao Drydock Company, Inc. (the "Drydock" or "Judgment Debtors") in the amount of $80 million plus interest for severe injuries Plaintiffs suffered, and continue to suffer, as victims of a forced labor scheme perpetuated by the Drydock.

## FACTS AND PROCEDURAL POSTURE

This Court granted Plaintiffs' application for a Writ of Garnishment directed to FSSO on October 7, 2013 (DE 362).  FSSO filed its Answer to Writ of Garnishment on October 28, 2013. (DE 390).  FSSO's Answer only disclosed that a Panamanian Corporation was indebted to the Drydock but did not disclose the Corporation's name.  In furtherance of Plaintiffs' action to recover the Final Judgment, Plaintiffs served FSSO with the aforementioned Document Requests on March 7, 2014.[1]  See Affidavit of John Thornton, ("Thornton Affidavit")[2].  FSSO served its responses on June 16, 2014, raising objections to many of the requests.[3]  Prior to FSSO's service of its objections to Plaintiffs' counsel, FSSO filed an Amended Answer to the Writ of Garnishment, revealing the previously undisclosed name of the Panamanian Corporation as San Donato Properties Corporation ("San Donato") as the corporation that owned the vessel ("SMV Freewinds") docked with the Judgment Debtor.  (DE 456).  FSSO now contends that San Donato was previously indebted to the Judgment Debtor but had since paid the debt, conveniently not relaying such information in its original Answer to Writ of Garnishment.

With its objections, FSSO served a small amount of relevant discovery in response to Plaintiffs' Discovery Requests.  However, in an effort to reach an understanding concerning the production of documents, Plaintiffs' counsel conferred with FSSO regarding FSSO's document production on July 16, 2014.  Thornton Affidavit at ¶ 8.  On that same day, the parties agreed to a limited production.  On July 28, Plaintiffs' counsel inquired to FSSO the status of the limited production and FSSO responded that the production would be available within 14 days.  Id. at ¶ 9.

---

[1] A copy of Plaintiffs' Request for Production of Documents is attached hereto as Exhibit A.
[2] The Affidavit of John Thornton is attached as Exhibit B.
[3] A copy of FSSO's objections and Responses to Plaintiffs' First Request for Production of Documents is attached hereto as Exhibit C.

After FSSO's own 14 day deadline passed, on August 12, Plaintiffs received an email from FSSO counsel requesting for time to present a stipulation.  Id. at ¶ 10.  On August 21, 2014, FSSO counsel emailed Plaintiffs with a stipulation that had not been reduced to writing and included a request for a protective order.  Id. at ¶ 11.  Since March 7, 2014, over 100 days after Plaintiffs made their original document requests, FSSO has not communicated any plans to produce the requested documents, forcing Plaintiffs to file this Motion to Compel against FSSO. The documents FSSO did produce revealed a bold scheme to avoid this garnishment (the "Garnishment Avoidance Scheme"), including 1) the original agreement between the Judgment Debtor and FSSO for the repair of the ship, that leaves to doubt that it was FSSO that originally owed the Judgment Debtor funds; 2) a subsequent document, executed *after* the service of the Writ of Garnishment on FSSO, transferring that obligation to San Donato and reducing the amount to be paid; and 3) a subsequent document authorizing an interest free loan from the Church of Scientology International to San Donato Properties for the payment of the repair bill that had as its stated purpose the fact that FSSO uses the ship.  See D.E. 465.

Given the strong evidence of foul play, Plaintiffs dispute FSSO's objections to its document requests and respectfully move for this Court to issue an Order compelling FSSO to produce documents responsive to Plaintiffs' Document Requests.  FSSO's objections and responses rest on boilerplate objections and assertions of privilege and erroneously depend on arguments that Plaintiffs' requests were overbroad, unduly burdensome, and violated FSSO's Constitutional rights.  Plaintiffs therefore request that this Court enter an Order overruling FSSO's objections and compelling FSSO to immediately produce documents responsive to Plaintiffs' Document Requests.

<u>**LAW AND ARGUMENT**</u>

**I.      Legal Standard**

Courts have construed FRCP 26(b)(1) broadly to allow parties, during discovery, the opportunity to access a wide variety of relevant documents.  Indeed, "the Federal Rules of Civil Procedure strongly favor a full and broad scope of discovery whenever possible, allowing a party to obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party."  <u>Rosenbaum v. Becker & Poliakoff, P.A.</u>, 08-CV-81004, 2010 WL 623699 (S.D. Fla. Feb. 23, 2010).  Relevance is more broadly defined for discovery than for trial purposes and "[d]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action." <u>Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.</u>, 01-0392-CIV-GOLD, 2001 WL 34079319 (S.D. Fla. Nov. 1, 2001).  Further, it is the burden of the party resisting discovery to demonstrate why the requested documents are not relevant.  *Id.*  Here, FSSO has failed to properly demonstrate its reasoning for objecting and withholding the documents Plaintiffs requested.


**II.     Plaintiffs' Request for Production of Documents**

Pursuant to S.D. Fla. L.R. 26.1(h)(2), Plaintiffs cite the Requests and Responses from FSSO's Objections and Responses, including the grounds assigned for the objection where applicable, immediately followed by Plaintiffs' arguments in support of the Document Requests. The requests at issue are as follows:

(A)     <u>**DOCUMENT REQUEST NO. 1:**</u>

All Documents that discuss, refer to or relate to any agreements or partnerships You have with Curacao Drydock or any of its successors or affiliates regarding the sale, purchase, service, maintenance, repair or conversion of ships, vessels, or parts.

- 4 -

**RESPONSE**: Objection, the term is overbroad as it includes individuals and entities not under the control of FSSO including past employees, officers, directors, principals, attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns.   Further objection because this request is overbroad and unduly burdensome in that it demands documents from a time period irrelevant to the alleged indebtedness and garnishment which is the subject of this action. (*See* Amended Answer to Writ of Garnishment by FSSO (DE 456). FSSO states that it has no documents reflecting agreements or partnerships it had with Curacao Drydock during the relevant period January 2013 - January 2014.   Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: subject to the foregoing, attached find documents related to any and all agreements between the owner of the SMV Freewinds and Curacao Drydock from the period January 2013 - January 2014.

1. ***The Document Request is Not Overly Broad and FSSO's Objections are Contradictory***

FSSO erroneously argues that the request is overbroad in the respect that it purportedly seeks documents no longer under the company's control.  However, even if the document request seeks documentation that was created or prepared by now former FSSO employees concerning the Judgment Debtor, such documents are still under FSSO's control because it is FSSO, not the former employees, whose name or affiliation is associated with the document.   "Control" is broadly defined as the "legal right to obtain documents requested upon demand." <u>Jans ex rel. Jans v. The GAP Stores, Inc</u>., 605CV1534ORL31JGG, 2006 WL 2691800 (M.D. Fla. Sept. 20, 2006).  As such, FSSO is obligated to produce documents involving the Judgment Debtor and itself, alter egos, subsidiaries and/or affiliates.  Further, FSSO's objections are contradictory in that it states it has no documents between itself and the Judgment Debtor yet produces documentation suggesting the very existence of such documents, one example being an agreement between FSSO and the Judgment Debtor.

FSSO repeats in its Amended Answer to Writ of Garnishment that it had no documents reflecting any affiliation or partnership with the Judgment Debtor, but fails to acknowledge that

it produced documentation reflecting such a relationship.  FSSO's contradictory language reveals a growing trend of subterfuge in order to impede Plaintiffs' ability to receive documents relevant to this action.  As such, FSSO should not only be ordered to produce documents relevant to this request, but Plaintiffs request this Court to consider the application of sanctions against FSSO.

(B)    **For Document Requests 2 & 8[4], FSSO Responded in the Following Manner:**

> Objection, the term "You" is overbroad as it includes individuals and entities not under the control of FSSO including past employees, officers, directors, principals, attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns.  Further objection as this request is overbroad and unduly burdensome in that it demands documents from a time period which is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as  follows:  Responsive documents within  FSSO's  possession,  custody  or  control  from  the relevant period of January 2013 to the present  are attached hereto.

1.      *The Document Requests are Reasonable*

Plaintiffs reiterate and incorporate the aforementioned arguments and assertions against FSSO's objections.  Despite FSSO's objections, Plaintiffs' requests are reasonable and relevant in that they relate to Plaintiffs pursing a garnishment action against FSSO in order to recover the Final Judgment against the Judgment Debtor.  FSSO endeavors to wrongly limit this discovery action by arguing that the requests are irrelevant.  However, this Court has held that there is a broad scope in discovery actions and that "discovery is not limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits."  See Adelman v. Boy Scouts of Am., 276 F.R.D. 681, 689 (S.D. Fla. 2011) citing Oppenheimer Fund, 437 U.S. at 352, 98 S.Ct. 2380.  As such, this Court should order FSSO to produce the requested documents concerning its communications and relationship with the Judgment Debtor.

---

[4] Please see Exhibit A for a copy of Document Requests 2 & 8.

(C)  **DOCUMENT REQUEST NO. 3:**

All statements regarding all bank accounts, investment accounts, and other similar accounts used in connection to payment by You of any funds to Curacao Drydock or any of its successors or affiliates, directly or indirectly, including but not limited to checking accounts, savings accounts, certificates of deposit, time deposits, and money market accounts, that You have held at any time during the past five years.

**RESPONSE:** Respondent objects to this request because the statement "all statements regarding all bank accounts…" is insufficient to inform respondent as to what documents are requested. Further objection because the term "You" is overbroad because it includes individuals and entities not under the control of respondent including past employees, officers, directors, principals, attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns. Further objection because request is overbroad and unduly burdensome in that it demands documents from a time period which is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Further, the request for "all bank accounts, investment accounts and similar accounts" is overly broad, unduly burdensome and invades responding party's rights to privacy under the First, Fifth and Fourteenth Amendment of the U.S. Constitution and Responding party's First Amendment Rights under the Religion Clauses of the First Amendment. Notwithstanding this objection, FSSO states that is has no responsive documents in its possession, custody or control from the relevant period of January 2013 to the present.

1.  *FSSO's Financial Information is Relevant to this Action*

In addition to the incorporation of the aforementioned arguments against FSSO's objections, Plaintiffs object to FSSO's assertion that it has no bank accounts or statements in its possession used to pay the Judgment Debtor. Despite FSSO's meritless Constitutional argument, this Court has previously allowed for judgment creditors to seek discovery from garnishees. Alejandre v. Republic of Cuba, 64 F.Supp 2d 1245 (S.D Fla.1999). Here, Plaintiffs only seek financial information in regard to FSSO's relationship with the Judgment Debtor. Such information is relevant in that it would reveal any and all potential payments made by FSSO to the Judgment Debtor after service of the Writ of Garnishment. Courts have ordered parties to produce financial records and information on many occasions. See e.g. Ward v. Estaleiro Itajai, S/A, 05-61821-CIV-ZLOCH, 2008 WL 2704229 (S.D. Fla. July 10, 2008), (ordering defendant

to produce financial records showing  financial worth data); <u>ABM Fin. Servs., Inc. v. Express</u>

<u>Consolidation, Inc.</u>, 07-60294, 2008 WL 1776595 (S.D. Fla. Apr. 17, 2008), (court ordered party

to produce financial records because the records fell within "Federal Rules' broad definition of

relevance"); <u>Desoto Health & Rehab, L.L.C. v.</u> <u>Philadelphia Indem. Ins. Co.</u>, 2:09-CV-599-

FTM-99S, 2010 WL 4853891 (M.D. Fla. Nov. 22, 2010) (party ordered to produce records of

"cash disbursements, employee time sheets, payroll records, payroll tax returns, and all other

financial records for the Leesburg facility.")   The document request is limited to only those

documents and financial statements that are connected to the Judgment Debtor and does not seek

information outside this scope.     Hence, Plaintiffs' document request is relevant and

commonplace and FSSO should be ordered to produce the necessary documents in its

possession.

**(D)    For Document Requests 4, 5, 6, 9, 11, 12, 13[5], FSSO Responded in the Following Manner:**

> Objection, this request is overbroad and unduly burdensome in that it demands
> documents from a time period which is irrelevant to the alleged indebtedness and
> garnishment which is the subject of this action.   Subject to Local Rule 26.1(g)(3)(C)
> responding party answers as follows: responsive documents within FSSO's possession,
> custody or control from the relevant period of January 2013 to the present are attached
> hereto.

1.     ***The Document Requests are Not Overly Broad***

Plaintiffs expressly incorporate the previously mentioned assertions regarding FSSO's

meritless objections.   This Motion to Compel is a direct result of FSSO's unwillingness to

cooperate with the Writ of Garnishment.    As such, Plaintiffs seek information concerning

FSSO's relationship with the Judgment Debtor, including payments, invoices, shipments, etc.

Such documentation demonstrates past, present, and future payments to the Judgment Debtor.

---

[5] Please see Exhibit A for a copy of Document Requests 4, 5, 6, 9, 11, 12, 13.

As FSSO is a garnishee in the current action and Plaintiffs seek to garnish possible funds payable to the Judgment Debtor, Plaintiffs' document requests clearly and easily fall within this Court's wide gambit and definition of relevance.   Hence, FSSO should be required to submit the documentation as sought in Plaintiffs' above document requests.

(E)   **DOCUMENT REQUEST NO. 7:**

> All Documents that discuss, refer to, or relate to the following address: Dokweg I, Koningsplein – P.O. Box 3012 Curacao, Netherlands Antilles.

> **RESPONSE:** Respondent objects to this request as it fails to describe with "reasonable particularity" the documents that are being requested. Further Objection because this request is overbroad and unduly burdensome in that it demands documents from a time period that is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

1.      *The Document Request is Reasonably Specific and Relevant*

FSSO, as the organization that operates, among other activities, aboard the SMV Freewinds and has entered into agreements with the Judgment Debtor (see FSSO Amended Answer D.E. 456) is fully knowledgeable of the Judgment Debtor's address.  Further, the above listed address is also present on the Pacer.gov website for this matter, the very site FSSO has used to file its Amended Answer and Responses.  FSSO's formulaic objection has also been previously rejected by this Court.  The Southern District of Florida has ruled that discovery responses where a party objects but still produces documents "preserves nothing and serves only to waste the time and resources of both the Parties and the Court.  Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered."   Consumer Electronics Ass'n v.

Compras & Buys Magazine, Inc., 08-21085-CIV, 2008 WL 4327253 (S.D. Fla. Sept. 18, 2008). As such, Plaintiffs respectfully request this Court to enter an Order compelling FSSO to produce the requested documents.

(F)    **DOCUMENT REQUEST NO. 10:**

> All documents that discuss, refer to, or relate to agreements to manage any vessel in Curacao or any vessel by Curacao Drydock or any of its successors or affiliates, including any actual agreements to manage the vessel or portion of the vessel
>
> **RESPONSE:** Respondent objects to this request because the statement "manage any vessel in Curacao" is insufficient for it to determine what documents are being requested. Further objection because this request is overbroad and unduly burdensome in that it demands documents from a time period that is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: FSSO has no documents related to Curacao Drydock's management of any vessel in its possession, custody or control from the relevant period of January 2013 to the present.

1.    *The Document Request is Relevant to the Present Action*

Plaintiffs incorporate the aforementioned objections to FSSO's response and duly maintain that as Judgment Debtor controls a major shipyard in Curacao, FSSO's agreements to manage ships in Curacao is directly intertwined with its activities with the Judgment Debtor. The document request is also sufficiently limited, only seeking to ascertain those documents that are in regard to FSSO's management of vessels relating to the Judgment Debtor or Curacao. Such documents are relevant because as common in garnishment actions, judgment creditors can request documents that would further reveal the relationship, agreements, debts, etc. between a garnishee and a judgment debtor.  See e.g. Alejandre v. Republic of Cuba, 64 F.Supp 2d 1245 (S.D. Fla.1999).  As Plaintiffs make the above document request only to obtain information

regarding FSSO's indebtedness to the Judgment Debtor, this court should order FSSO to produce

the requested documents.

(G)   **DOCUMENT REQUEST NO. 15:**

All documents that discuss, refer to, or relate to any repairs or service of any vessel by
Curacao Drydock or any of its successors or affiliates or any vessel in Curacao in 2013
and 2014.

**RESPONSE:** Objection, this request is overbroad and unduly burdensome in that it
demands documents which are irrelevant to the alleged indebtedness and garnishment
which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party
answers as follows: responsive documents within FSSO's possession, custody or control
from the relevant period of January 2013 to the present are attached hereto.

      1.    ***FSSO Erroneously Asserts Claims of Irrelevance Concerning Potential Repairs***

***by the Judgment Debtor***

Plaintiffs expressly incorporate the previously mentioned assertions regarding FSSO's

unfounded objections.  Judgment Debtor's business is repairing and servicing vessels located in

its shipyard.  Plaintiffs' document request goes to the very essence of FSSO's relationship with

the Judgment Debtor; the repair and service of vessels like the SMV Freewinds.  With the repair

or service of an FSSO vessel, FSSO becomes indebted to the Judgment Debtor and given the

present nature of this garnishment action, such information is relevant.  Because information

regarding the repair or service of FSSO vessels by the Judgment Debtor is clearly relevant and

discoverable, FSSO should be compelled to respond to the document request.

(H)   **DOCUMENT REQUEST NO. 16:**

All documents that discuss, refer to, or relate to the Writ of Garnishment (DE 379) served
on you in this matter, including any and all communications between you and the
Curacao Drydock Company, Inc. or any of its representatives concerning this same
matter.

- 11 -

**RESPONSE:** Objection as this request seeks disclosure of confidential attorney-client communications and attorney work product generated after service of the writ of garnishment. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive, non-privileged documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

1. ***FSSO Improperly Asserts Claims of Attorney-Client and Work Product Privilege***

Under Florida law, the burden of establishing attorney-client privilege rests on the party claiming it and unlike for individuals, corporations that claim attorney-client privilege are subject to a heightened level of scrutiny.  In re Denture Cream Products Liab. Litig., 09-2051-MD, 2012 WL 5057844 (S.D. Fla. Oct. 18, 2012).

To establish that documents fall under the protection of attorney-client privilege, the party claiming the privilege must show:

> (1)   the communication would not have been made but for the contemplation of legal service;
>
> (2)   the employee making the communication did so at the direction of his or her corporate superior;
>
> (3)   the superior made the request of the employee as part of the corporation's effort to secure legal advice or services;
>
> (4)   the content of the communication relates to the legal services being rendered, and the subject matter of the communication is within the scope of the employee's duties;
>
> (5)   the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

Id. Here, FSSO seeks the protections of attorney-client privilege concerning communications involving the Judgment-Debtor, not limiting its objections to matters concerning its own counsel.  Additionally, and contrary to Fed. R. Civ. P. 26(b)(5), FSSO failed

to provide a privilege log.   Fed. R. Civ. P. 26(b)(5), requires that when a party withholds otherwise discoverable documentation, that party must provide a privilege log that describes the nature of the withheld documents.   The Advisory Committee Notes to the 1993 Amendments specifically state that "[t]o withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."   FSSO's actions demonstrate a willful desire to delay discovery and at minimum, FSSO's defiance of the FRCP is a strong basis for sanctions.

FSSO's claim for work-product privilege is also ill-founded.  Plaintiffs' seek communications in connection with the Writ of Garnishment and Judgment-Debtor.  Under Fed. R. Civ. P. 26(b)(3), work product privilege protects those documents created in anticipation of litigation.  This protection, however, does not extend to *facts* contained in documents prepared in anticipation of litigation.   In re Denture Cream Products Liab. Litig., 09-2051-MD, 2012 WL 5057844 (S.D. Fla. Oct. 18, 2012) (emphasis added).   Like attorney-client privilege, the party claiming the privilege carries the burden of proving its existence.  Here, FSSO has made but has not demonstrated the existence of a substantive work-product privilege argument.  Absent prove, and the necessary privilege log, FSSO has not met its burden and this Court should order FSSO to produce the requested documents.


(I)      **DOCUMENT REQUEST NO. 17:**

All documents that discuss, refer to, or relate to communications between you, Church of Scientology Flag Service Organization, Inc., Church of Scientology Flag Ship Service Organization, Inc., and Church of Scientology International, Inc. concerning the Freewinds vessel and/or SMV Freewinds and the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3.

**RESPONSE**: Objection, this request is overbroad and unduly burdensome as it is not reasonably limited in scope by either time period or topic and requests documents which

are irrelevant to this garnishment action. Further, the request for "all … communications is overly broad, unduly burdensome and invades responding party's rights to privacy under the First, Fifth and Fourteenth Amendment of the U.S. Constitution and Responding party's First Amendment Rights under the Religion Clauses of the First Amendment. In addition, this request seeks disclosure of confidential attorney-client communications and attorney work product generated after service of the writ of garnishment. Local Rule 26.1(g)(3)(C).

1.   ***FSSO's Boilerplate, Overbreadth Objection Is Ill Supported***

FSSO makes unsubstantiated allegations that Plaintiffs' document requests are overbroad and unduly burdensome. Parties objecting to discovery requests bear the burden of demonstrating why a document request is unreasonable and the "objection must show specifically how a discovery request is overly broad, burdensome, or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." Bell v. Scully Co., 11-81140-CIV, 2012 WL 9384470 (S.D. Fla. Apr. 18, 2012).

FSSO fails to sustain its burden to prove that Plaintiffs' document requests are overbroad. FSSO does not argue with the required specificity to demonstrate that Plaintiffs' document requests are unreasonable. "Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate the position with detailed affidavits ... [and] cannot rely on simple conclusory assertions about the difficulty of complying with the discovery requests… a mere showing of burden and expense is not enough." F.T.C. v. Nationwide Connections, Inc., 06-80180-CIV-RYSKAMP, 2007 WL 2462015 (S.D. Fla. Aug. 27, 2007). As previously discussed, relevance is broadly defined in discovery proceedings and Plaintiffs have restricted their discovery requests to documents that relate to this action.

Here, we have strong evidence of foul play in the Garnishment Avoidance Scheme which points to the alter-ego status of the various Scientology entities. As such, there is simply no denying the relevance of this request.

FSSO's also incorrectly relies on the First, Fifth, and Fourteenth Amendments of the United States Constitution, clearly forgetting that Plaintiffs are private individuals, not government actors. The aforementioned Amendments prohibit the *government* and/or government actors from partaking in activities that inhibit those freedoms guaranteed in these Amendments. Accordingly, because Plaintiffs only seek information in relation to their claim to enforce the Final Judgment, the Court should overrule FSSO's arguments and objections.

(J)    **DOCUMENT REQUEST NO. 18:**

> All documents that discuss, refer to, or relate to communications showing the corporate structure of the ownership of the Freewinds vessel and/or SMV Freewinds, showing the corporation that owns it, and the succession of corporations that own that corporation, including the ultimate parent corporation that is not owned by any other corporations.

> **RESPONSE**: Objection, this request is overbroad and unduly burdensome in that it demands documents irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Objection to the extent that this request seeks disclosure of confidential attorney-client communications and attorney work product.

1.    ***FSSO's Overbreadth and Undue Burdensome Objections Fail as a Matter of Law***

As outlined above, FSSO does not argue with the necessary degree of specificity to demonstrate a finding that Plaintiffs' document requests are either unduly burdensome or overbroad. The requested documents will clarify FSSO's current corporate structure and will facilitate the present action by identifying those organizations that are closely related to FSSO. Accordingly, Plaintiffs' requests are not unduly burdensome or overbroad and the Court should order FSSO to produce the requested documents. Further, there is strong evidence of foul play in

the Garnishment Avoidance Scheme which points to the alter-ego status of the various Scientology entities.  As such, there is simply no denying the relevance of this request.

(K)   **DOCUMENT REQUEST NO. 19:**

> All documents that discuss, refer to, or relate to communications between you, Church of Scientology Flag Service Organization, Inc., Church of Scientology International, Inc., and Church of Scientology Flag Ship Service Organization, Inc., and the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 concerning the decision not to provide the name of the Panamanian Corporation in any Answer to Writ of Garnishment filed in this matter.

> **RESPONSE**: This request seeks disclosure of confidential attorney-client communications and attorney work product generated after service of the writ of garnishment.  Local Rule 26.1(g)(3)(C).  There are no non-privileged documents responsive to this request.

1.   *FSSO's Claim for Attorney-Client and Work Product Privilege is Unsupported*

FSSO again attempts to shield itself from relevant discovery requests by erroneously alleging privilege without any substantive proof.  Plaintiffs incorporate the reasons set forth in the arguments from above to support its claim.  In brief, Plaintiffs argue that attorney client privilege does not apply because the requested documents do not meet the requirements delineated in In re Denture Cream Products Liab. Litig., 09-2051-MD, 2012 WL 5057844 (S.D. Fla. Oct. 18, 2012).  In FSSO's Answer to Writ of Garnishment (DE 390), it initially did not disclose the name of a Panamanian Corporation, the alleged owner of the vessel docked with the Judgment-Debtor.  It was only after Plaintiffs' request for documents that the Panamanian corporation, now known as San Donato, was disclosed.  As such, there is clear evidence of fraudulent intent in the Garnishment Avoidance Scheme that would defeat any claim of privilege.  Gutter v. E.I. Dupont De Nemours, 124 F. Supp. 2d 1291 (S.D. Fla. 2000).  Further,

the request seeks correspondence between parties, not between parties and their counsel, and so the claim of attorney-client privilege is misplaced.

Finally, if FSSO seeks to claim privilege, it must do so with the use of a privilege log, something it has failed to do here.  As a result, the Court should overrule FSSO's unsubstantiated privilege claims and compel them to produce the requested documents.


(L)     **DOCUMENT REQUEST NO. 20:**

> All documents that discuss, refer to, or relate to the knowledge of how the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 was indebted to Curacao Drydock or any of its successors or affiliates.

> **RESPONSE:** Objection, the term "relate to the knowledge of how" is insufficient for respondent to determine what documents are being requested. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive, non-privileged documents which discuss the vessel owner's indebtedness to Curacao Drydock within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.


1.      ***FSSO's Definition of "relate to the knowledge of how" is Unreasonable***

FSSO attempts to avoid production of documents by misinterpreting the simple phrase of "relate to the knowledge of how"  The Supreme Court has broadly defined "relates to" and the Southern District of Florida has rejected a party's arguments that attempt to convolute the phrase. See F.T.C. v. Nationwide Connections, Inc., 06-80180- CIV-RYSKAMP, 2007 WL 2462015 (S.D. Fla. Aug. 27, 2007), where the court rejected a party's interpretation of "relates to", finding that the party's unreasonable interpretation defeated the purpose of discovery.

FSSO attempts to elude discovery requests by claiming ignorance of which documents are requested in this document request.  Plaintiffs requested documents that are in relation to FSSO's relationship with the Judgment-Debtor.  As Plaintiffs seek to enforce the Final Judgment

against the Judgment-Debtor, documents relating to FSSO's relationship with the Judgment Debtor are relevant.  Thus, this Court should overrule FSSO's objections.

**(M)**   **DOCUMENT REQUEST NO. 21:**

> All documents that discuss, refer to, relate to, or show the name of the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 and when knowledge of said Panamanian Corporation was acquired.
>
> **RESPONSE:** Objection, the term "when knowledge of said Panamanian Corporation was acquired" is insufficient to inform respondent as to what documents are requested. Further objection because this request is overbroad and unduly burdensome as it is not reasonably limited in scope by either

1.   ***FSSO's Definition of "when knowledge of said Panamanian Corporation was acquired" is Unreasonable***

Plaintiffs reiterate the reasons set forth above. In brief, FSSO attempts to evade producing documents by claiming ignorance of the meaning of the phrase "when knowledge of said Panamanian Corporation was acquired."  However, FSSO's argument fails because the phrase is clear in which documents are requested.  As in <u>F.T.C. v. Nationwide Connections, Inc.</u>, 06-80180-CIV-RYSKAMP, 2007 WL 2462015 (S.D. Fla. Aug. 27, 2007), FSSO attempts to deconstruct the phrase in order to impede the discovery process.  Accordingly, the Court should order FSSO to produce the requested documents.

**(N)**   **DOCUMENT REQUEST NO. 22:**

> All documents that discuss, refer to, relate to, or show the relationship, if any, between or among the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390)¶ 3 and Church of Scientology Flag Service Organization, Inc., Church of Scientology of Florida, Inc., and Church of Scientology International, Inc. and/or the Freewinds vessel.

**RESPONSE:** Objection, this request is overbroad and unduly burdensome in that it demands documents without limitation of time period, and seeks records which are irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Further, the request invades responding party's rights to privacy under the First, Fifth and Fourteenth Amendment of the U.S. Constitution and Responding party's First Amendment Rights under the Religion Clauses of the First Amendment.

1.    ***FSSO's Boilerplate Overbreadth Objection is Supported by a Scarcity of Evidence***

As previously mentioned, FSSO's also erroneously relies on the First, Fifth, and Fourteenth Amendments of the United States Constitution to object to Plaintiffs' Document Requests.  The contention that discovery sought in aid of a civil judgment in any way offends due process or the free exercise of religion is pure hogwash.

Further, the idea that the request is overly burdensome fails in light strong evidence of foul play in the Garnishment Avoidance Scheme, which points to the alter-ego status of the various Scientology entities that the request concerns.

 For all these reasons, this Court should overrule FSSO's objections and order it to produce the requested documents.

<u>**CONCLUSION**</u>

For the forgoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' motion and enter an order compelling FSSO to immediately produce documents responsive to Plaintiffs' Document Requests.

October 7, 2014.

Respectfully submitted,

By: */s/John Thornton*
John Thornton
Florida Bar No. 004820

jt@dandtlaw.com
*Attorneys for Plaintiffs/Judgment*
*Creditors*

**DO CAMPO & THORNTON, P.A.**
Miami Tower
100 Southeast Second Street
Suite 2700
Miami, FL 33131
Phone: 305-358-6600
Fax: 305-358-6601

GROSSMAN ROTH, P.A.
Seth Miles, Esq.
Stuart Grossman, Esq.
2525 Ponce de Leon Blvd., 1150
Coral Gables, Florida 33134
(305) 442-8666

REED SMITH LLP
Jordan W. Siev, Esq.
Casey D. Laffey, Esq.
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
*Attorneys for Plaintiffs/Judgment*
*Creditors*

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for Plaintiffs has conferred with Church of Scientology Flag Ship Service Organization, Inc.'s counsel in a good faith effort to resolve the issues but has been unable to resolve such issues.

*/s/John Thornton*
JOHN THORNTON

- 20 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of October 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Notice of this filing will be sent by operation of the Court's CM/ECF system.

*/s/John Thornton*
JOHN THORNTON
