

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Modupeolu Adegoke**
Direct Phone:  1-212-521-5463

March 7, 2014

**Via Email (cnaughton@moore-and-co.com) and U.S. Mail**

Clay M. Naughton
Moore & Company, P.A.
355 Alhambra Circle,
Suite 1100
Coral Gables, FL 33134

**Licea, et al. v. Curacao Drydock Co., Inc., et al., U.S. District Court for the Southern District of Florida, Index No. 06-22128**

Dear Counsel:

As you know, this firm represents Plaintiffs Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez and Luis Alberto Casanova Toledo ("Plaintiffs") in the above-referenced matter.  Attached please find the Plaintiffs' Request for Production of Documents for Church of Scientology Flag Ship Service Organization, Inc., Church of Scientology of Florida, Inc., and Church of Scientology International, Inc.

Sincerely,

Modupeolu Adegoke

MA:eh

w/enclosures

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

```
----------------------------------------------------------------------X
ALBERTO JUSTO RODRIQUEZ LICEA,                :
FERNANDO ALONZO HERNANDEZ, and                :
LUIS ALBERTO CASANOVA TOLEDO                  :
                                              :
                    Plaintiffs,               :        Case No. 06-22128-CIV-
                                              :        KING/MCALILEY
        -against-                             :
                                              :
CURACAO DRYDOCK COMPANY, INC. a/k/a           :
CURACAOSE DOKMAATSCHAPPIJ NV, a/k/a           :
CDMNV,                                        :
                                              :
                    Defendant.                :
----------------------------------------------------------------------X
```

### PLAINTIFFS/JUDGMENT CREDITORS' REQUESTS FOR THE PRODUCTION OF DOCUMENTS IN AID OF EXECUTION OF JUDGMENT

Plaintiffs-Judgment Creditors Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo, (collectively, "Plaintiffs") hereby propound the following Requests for the Production of Documents in Aid of Execution of Judgment ("Document Requests") to Church of Scientology Flag Ship Service Organization, Inc. Please produce all of the documents requested below at the offices of John Thornton, Do Campo & Thornton, 100 Southeast Second Street, Suite 2700, Miami, FL 33131 on April 7, 2014. These Document Requests are being served pursuant to the collection of an outstanding judgment from Defendants-Judgment Debtors Curaçao Drydock Company, Inc. ("Curaçao Drydock"). These Document Requests are continuing, and if You discover additional responsive documents after you have answered, supplemental or amended answers and productions must be made at the earliest possible date.

### DEFINITIONS

1.     "All," "any," "each," "every" and similar terms mean "each and every" as necessary to make the terms inclusive rather than exclusive.

2.      "And" and "or" as used herein each mean "and/or," which shall be construed both conjunctively and disjunctively so as to require the broadest possible response to any given Interrogatory.

3.      "Communications" shall be construed in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, requests, responses, or any other matter, and every disclosure, transfer, or exchange of information, whether oral or written, including but not limited to all letters, memoranda, notes, and messages, whether printed, typed, or handwritten, all electronic modes of correspondence such as electronic mail and facsimiles, and all documents reflecting the substance or occurrence of conversations or meetings, whether between Persons or between or among groups of Persons.

4.      The terms "Document" or "Documents" are used in the broadest sense permissible under Federal Rule of Civil Procedure 34, and includes without limitation: (a) correspondence, memoranda, records, letters, telegrams, reports, notes, drafts, books, records, papers, minutes, schedules, tabulations, computations, lists, ledgers, journals, statements, purchase orders, sales contracts, employment contracts, any other form of contract, invoices, agreements, vouchers, accounts, checks, books of original entry, receipts, recordings, affidavits, diaries, calendars, desk pads, drawings, blueprints, photostats, motion pictures, slides, photographs, sketches, charts, graphs, or any written or printed matter or tangible thing on which any words or phrases are affixed; (b) information contained in any computer, electronic, digital, or tape-recorded format or media, including any computer or electronic database, electronic mail or "e-mail," translated, if necessary into reasonably usable form; (c) originals and copies, any and all drafts and all copies that contain any notation not on the original; and (d) Communications.

5.      "Employee" means any former or present employee, officer, director, manager, agent, representative, consultant, office, committee, department, division, or group within or retained by You, including those at corporate headquarters or at regional or local offices anywhere in the world.

"Curaçao Drydock" means Curaçao Drydock Company, Inc., a/k/a Curaçao Dokmaatschappij NV, and all of its past and present employees, officers, directors, principals,

attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns, as well as any entity operating at the drydock facility located at Dokweg 1, Koningsplein -P.O. Box 3012 Curacao, Netherlands Antilles.

6.      The term "Person" or "Persons" means any natural persons, any form of business entity (whether partnership, association, cooperative, corporation, division, committee, company or otherwise), and any governmental entity or department, agency, bureau, or political subdivision thereof.

7.      "Regarding" means regarding, relating to, in connection with, concerning, pertaining to, referring to, describing, discussing, mentioning, evidencing or constituting.

8.      "Whether" means whether or not.

9.      "You" and "Your" means Church of Scientology Flag Ship Service Organization, Inc.,  and all of its past and present employees, officers, directors, principals, attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns.

## INSTRUCTIONS

1.      In responding to each Request for Production of Documents, You must furnish all Documents in Your possession, custody, or control, including Documents in the possession of Your officers, directors, employees, agents, attorneys, investigators, corporate affiliates and all persons acting on Your behalf. Accordingly, these requests specifically call for the production of all responsive documents that are in the possession of any Church of Scientology Flag Ship Service Organization, Inc. affiliate as well as all documents that are in the possession of Church of Scientology Flag Ship Service Organization, Inc.'s agents.

2.      The original of each Document requested herein shall be produced together with any drafts, revisions, or copies of the same which bear any mark or notation not present on the original or which otherwise differ from the original.

3.      These Document requests call for the production of each requested Document in its entirety.

4.      To the extent any request is objected to, set forth all reasons therefore.

5.      If You claim any form of privilege, whether based on rule, statute, case or otherwise, as grounds for not describing requested oral Communications, state the following with respect to such Communications: (a) the date thereof; (b) the name and present or last known home and business addresses and telephone numbers, title (or position) and occupation of each of the participants in the oral Communication; (c) the name and present or last known home and business addresses and telephone numbers, title (or position) and occupation of each Person present during any portion of the oral Communication; (d) a description of the oral communication which is sufficient to identify the particular Communication (without revealing the information for which privilege is claimed); and (e) with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid, the rule, statute or case, if any, upon which Your claim of privilege is based and, in complete detail, each and every fact or basis upon which You claim any such privilege.

6.      The specific or duplicative or overlapping nature of any Document Request shall not be construed to limit the generality or breadth of any other Document Request.

7.      For the purposes of these Document Requests, whenever necessary to ensure completeness or accuracy, words employing the singular number include the plural and words employing the plural include the singular; similarly, words employing the feminine gender include the masculine and neuter, words employing the neuter gender include the masculine and feminine, and words employing the masculine gender include the neuter and feminine.

8.      When, after a reasonable and thorough investigation using due diligence, You are unable to produce a Document requested, specify in full and complete detail whether such Document existed or exists, and, if so, the reason the Document is not available for production.

9.      If any Documents requested were at one time in Your possession, custody or control, but no longer are in Your possession, custody or control, for each such Document: (a) describe the Document and the circumstances under which it was prepared, including by whom and at whose insistence it was generated; (b) state the date upon and circumstances under which it left Your possession, custody or control, ceased to exist or was lost; (c) identify all persons

having knowledge of the circumstances under which it left Your possession, custody or control, ceased to exist or was lost; (d) identify its last known custodian; (e) identify all persons having knowledge of the contents thereof; (f) identify each person who received it; and (g) provide a summary of its contents.

## REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1

All Documents that discuss, refer to or relate to any agreements or partnerships You have with Curaçao Drydock or any of its successors or affiliates regarding the sale, purchase, service, maintenance, repair or conversion of ships, vessels, or parts.

### DOCUMENT REQUEST NO. 2

All Documents that discuss, refer to or relate to any Communications You have had with Curaçao Drydock or any of its successors or affiliates in the past five years.

### DOCUMENT REQUEST NO. 3

All statements regarding all bank accounts, investment accounts, and other similar accounts used in connection to payment by You of any funds to Curaçao Drydock or any of its successors or affiliates, directly or indirectly, including but not limited to checking accounts, savings accounts, certificates of deposit, time deposits, and money market accounts, that You have held at any time during the past five years.

### DOCUMENT REQUEST NO. 4

All Documents that discuss, refer to, or relate to any invoices regarding Curaçao Drydock or any of its successors or affiliates.

### DOCUMENT REQUEST NO. 5

All Documents that discuss, refer to, or relate to any payments made to or by Curaçao Drydock or any of its successors or affiliates, including, but not limited to any Documents that refer to accounts receivable or accounts payable.

## DOCUMENT REQUEST NO. 6

All Documents that discuss, refer to, or relate to Curaçao Drydock or any of its successors or affiliates, including any agreements regarding the shipment, distribution, maintenance, repair or conversion of ships, vessels, parts or any payments made to or by Curaçao Drydock or any of its successors or affiliates.

## DOCUMENT REQUEST NO. 7

All Documents that discuss, refer to, or relate to the following address: Dokweg 1, Koningsplein -P.O. Box 3012 Curacao, Netherlands Antilles.

## DOCUMENT REQUEST NO. 8

All Documents that discuss, refer to, or relate to repair, maintenance, or services purchased or received by You or Your affiliates from Curaçao Drydock or its successors or affiliates.

## DOCUMENT REQUEST NO. 9

All documents that discuss, refer to, or relate to the ownership, purchase, sale, or lease of the vessel SMV Freewinds.

## DOCUMENT REQUEST NO. 10

All documents that discuss, refer to, or relate to agreements to manage the vessel SMV Freewinds, including any actual agreements to manage the vessel or portion of the vessel.

## DOCUMENT REQUEST NO. 11

All documents that discuss, refer to, or relate to any vessel owned, managed or leased by you and that has been repaired or for which a future repair is planned or contemplated at Curacao Drydock or any of its successors or affiliates.

## DOCUMENT REQUEST NO. 12

All documents that discuss, refer to, or relate to communications between you and any party concerning the repair of the vessel SMV Freewinds or any vessel by Curacao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 13**

All documents that discuss, refer to, or relate to responsibility or methods for payment of repairs for any vessel repaired or serviced by the Curacao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 14**

All documents that discuss, refer to, or relate to responsibility or methods for payment of repairs of any vessels by the Curacao Drydock or any of its successors or affiliates in 2013 and 2014, including but not limited to any documents concerning reimbursement to any parties.

**DOCUMENT REQUEST NO. 15**

All documents that discuss, refer to, or relate to any repairs or service of the vessel SMV Freewinds or any vessel in Curacao in 2013 and 2014.

**DOCUMENT REQUEST NO. 16**

All documents that discuss, refer to, or relate to the Writ of Garnishment (DE 362) served on you in this matter, including any and all communications between you and the Curacao Drydock Company, Inc. or any of its representatives concerning this same matter.

**DOCUMENT REQUEST NO. 17**

All documents that discuss, refer to, or relate to communications between you, Church of Scientology Flag Service Organization, Inc., Church of Scientology of Florida, Inc., and Church of Scientology International, Inc. concerning the Freewinds vessel and/or SMV Freewinds and the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3.

**DOCUMENT REQUEST NO. 18**

All documents that discuss, refer to, or relate to communications showing the corporate structure of the ownership of the Freewinds vessel and/or SMV Freewinds, showing the corporation that owns it, and the succession of corporations that own that corporation, including the ultimate parent corporation that is not owned by any other corporations.

**DOCUMENT REQUEST NO. 19**

All documents that discuss, refer to, or relate to communications between you, Church of Scientology Flag Service Organization, Inc., Church of Scientology of Florida, Inc., and Church of Scientology International, Inc. and the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 concerning the decision not to provide the name of the Panamanian Corporation in any Answer to Writ of Garnishment filed in this matter.

**DOCUMENT REQUEST NO. 20**

All documents that discuss, refer to, or relate to the knowledge to how the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 was indebted to Curacao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 21**

All documents that discuss, refer to, relate to, or show the name of the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 and when knowledge of said Panamanian Corporation was acquired.

**DOCUMENT REQUEST NO. 22**

All documents that discuss, refer to, relate to, or show the relationship, if any, between or among the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 and Church of Scientology Flag Service Organization, Inc., Church of Scientology of Florida, Inc., and Church of Scientology International, Inc. and/or the Freewinds vessel.


Dated March 7, 2014

John Thornton, Esq.
DO CAMPO & THORNTON
100 Southeast Second Street, Suite 2700
Miami, FL 33131

- 8 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

```
---------------------------------------------------------------------X
ALBERTO JUSTO RODRIQUEZ LICEA,              :
FERNANDO ALONZO HERNANDEZ, and              :
LUIS ALBERTO CASANOVA TOLEDO                :
                                            :
                   Plaintiffs,              :      Case No. 06-22128-CIV-
                                            :      KING/MCALILEY
          -against-                         :
                                            :
CURACAO DRYDOCK COMPANY, INC. a/k/a         :
CURACAOSE DOKMAATSCHAPPIJ NV, a/k/a         :
CDMNV,                                      :
                                            :
                   Defendant.               :
---------------------------------------------------------------------X
```

**PLAINTIFFS/JUDGMENT CREDITORS' REQUESTS FOR THE PRODUCTION OF**
**DOCUMENTS IN AID OF EXECUTION OF JUDGMENT**

Plaintiffs-Judgment Creditors Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo, (collectively, "Plaintiffs") hereby propound the following Requests for the Production of Documents in Aid of Execution of Judgment ("Document Requests") to Church of Scientology of Florida, Inc.  Please produce all of the documents requested below at the offices of John Thornton, Do Campo & Thornton, 100 Southeast Second Street, Suite 2700, Miami, FL 33131 on April 7, 2014.  These Document Requests are being served pursuant to the collection of an outstanding judgment from Defendants-Judgment Debtors Curaçao Drydock Company, Inc. ("Curaçao Drydock").  These Document Requests are continuing, and if You discover additional responsive documents after you have answered, supplemental or amended answers and productions must be made at the earliest possible date.

**DEFINITIONS**

1.      "All," "any," "each," "every" and similar terms mean "each and every" as necessary to make the terms inclusive rather than exclusive.

2.      "And" and "or" as used herein each mean "and/or," which shall be construed both conjunctively and disjunctively so as to require the broadest possible response to any given Interrogatory.

3.      "Communications" shall be construed in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, requests, responses, or any other matter, and every disclosure, transfer, or exchange of information, whether oral or written, including but not limited to all letters, memoranda, notes, and messages, whether printed, typed, or handwritten, all electronic modes of correspondence such as electronic mail and facsimiles, and all documents reflecting the substance or occurrence of conversations or meetings, whether between Persons or between or among groups of Persons.

4.      The terms "Document" or "Documents" are used in the broadest sense permissible under Federal Rule of Civil Procedure 34, and includes without limitation: (a) correspondence, memoranda, records, letters, telegrams, reports, notes, drafts, books, records, papers, minutes, schedules, tabulations, computations, lists, ledgers, journals, statements, purchase orders, sales contracts, employment contracts, any other form of contract, invoices, agreements, vouchers, accounts, checks, books of original entry, receipts, recordings, affidavits, diaries, calendars, desk pads, drawings, blueprints, photostats, motion pictures, slides, photographs, sketches, charts, graphs, or any written or printed matter or tangible thing on which any words or phrases are affixed; (b) information contained in any computer, electronic, digital, or tape-recorded format or media, including any computer or electronic database, electronic mail or "e-mail," translated, if necessary into reasonably usable form; (c) originals and copies, any and all drafts and all copies that contain any notation not on the original; and (d) Communications.

5.      "Employee" means any former or present employee, officer, director, manager, agent, representative, consultant, office, committee, department, division, or group within or retained by You, including those at corporate headquarters or at regional or local offices anywhere in the world.

"Curaçao Drydock" means Curaçao Drydock Company, Inc., a/k/a Curaçao Dokmaatschappij NV, and all of its past and present employees, officers, directors, principals,

attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns, as well as any entity operating at the drydock facility located at Dokweg 1, Koningsplein -P.O. Box 3012 Curacao, Netherlands Antilles.

6.      The term "Person" or "Persons" means any natural persons, any form of business entity (whether partnership, association, cooperative, corporation, division, committee, company or otherwise), and any governmental entity or department, agency, bureau, or political subdivision thereof.

7.      "Regarding" means regarding, relating to, in connection with, concerning, pertaining to, referring to, describing, discussing, mentioning, evidencing or constituting.

8.      "Whether" means whether or not.

9.      "You" and "Your" means Church of Scientology of Florida, Inc. and all of its past and present employees, officers, directors, principals, attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns.

## INSTRUCTIONS

1.      In responding to each Request for Production of Documents, You must furnish all Documents in Your possession, custody, or control, including Documents in the possession of Your officers, directors, employees, agents, attorneys, investigators, corporate affiliates and all persons acting on Your behalf. Accordingly, these requests specifically call for the production of all responsive documents that are in the possession of any Church of Scientology of Florida, Inc. affiliate as well as all documents that are in the possession of Church of Scientology of Florida, Inc.'s agents.

2.      The original of each Document requested herein shall be produced together with any drafts, revisions, or copies of the same which bear any mark or notation not present on the original or which otherwise differ from the original.

3.      These Document requests call for the production of each requested Document in its entirety.

- 3 -

4.      To the extent any request is objected to, set forth all reasons therefore.

5.      If You claim any form of privilege, whether based on rule, statute, case or otherwise, as grounds for not describing requested oral Communications, state the following with respect to such Communications: (a) the date thereof; (b) the name and present or last known home and business addresses and telephone numbers, title (or position) and occupation of each of the participants in the oral Communication; (c) the name and present or last known home and business addresses and telephone numbers, title (or position) and occupation of each Person present during any portion of the oral Communication; (d) a description of the oral communication which is sufficient to identify the particular Communication (without revealing the information for which privilege is claimed); and (e) with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid, the rule, statute or case, if any, upon which Your claim of privilege is based and, in complete detail, each and every fact or basis upon which You claim any such privilege.

6.      The specific or duplicative or overlapping nature of any Document Request shall not be construed to limit the generality or breadth of any other Document Request.

7.      For the purposes of these Document Requests, whenever necessary to ensure completeness or accuracy, words employing the singular number include the plural and words employing the plural include the singular; similarly, words employing the feminine gender include the masculine and neuter, words employing the neuter gender include the masculine and feminine, and words employing the masculine gender include the neuter and feminine.

8.      When, after a reasonable and thorough investigation using due diligence, You are unable to produce a Document requested, specify in full and complete detail whether such Document existed or exists, and, if so, the reason the Document is not available for production.

9.      If any Documents requested were at one time in Your possession, custody or control, but no longer are in Your possession, custody or control, for each such Document: (a) describe the Document and the circumstances under which it was prepared, including by whom and at whose insistence it was generated; (b) state the date upon and circumstances under which it left Your possession, custody or control, ceased to exist or was lost; (c) identify all persons

having knowledge of the circumstances under which it left Your possession, custody or control, ceased to exist or was lost; (d) identify its last known custodian; (e) identify all persons having knowledge of the contents thereof; (f) identify each person who received it; and (g) provide a summary of its contents.

## REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1

All Documents that discuss, refer to or relate to any agreements or partnerships You have with Curaçao Drydock or any of its successors or affiliates regarding the sale, purchase, service, maintenance, repair or conversion of ships, vessels, or parts.

### DOCUMENT REQUEST NO. 2

All Documents that discuss, refer to or relate to any Communications You have had with Curaçao Drydock or any of its successors or affiliates in the past five years.

### DOCUMENT REQUEST NO. 3

All statements regarding all bank accounts, investment accounts, and other similar accounts used in connection to payment by You of any funds to Curaçao Drydock or any of its successors or affiliates, directly or indirectly, including but not limited to checking accounts, savings accounts, certificates of deposit, time deposits, and money market accounts, that You have held at any time during the past five years.

### DOCUMENT REQUEST NO. 4

All Documents that discuss, refer to, or relate to any invoices regarding Curaçao Drydock or any of its successors or affiliates.

### DOCUMENT REQUEST NO. 5

All Documents that discuss, refer to, or relate to any payments made to or by Curaçao Drydock or any of its successors or affiliates, including, but not limited to any Documents that refer to accounts receivable or accounts payable.

**DOCUMENT REQUEST NO. 6**

All Documents that discuss, refer to, or relate to Curaçao Drydock or any of its successors or affiliates, including any agreements regarding the shipment, distribution, maintenance, repair or conversion of ships, vessels, parts or any payments made to or by Curaçao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 7**

All Documents that discuss, refer to, or relate to the following address: Dokweg 1, Koningsplein -P.O. Box 3012 Curacao, Netherlands Antilles.

**DOCUMENT REQUEST NO. 8**

All Documents that discuss, refer to, or relate to repair, maintenance, or services purchased or received by You or Your affiliates from Curaçao Drydock or its successors or affiliates.

**DOCUMENT REQUEST NO. 9**

All documents that discuss, refer to, or relate to the ownership, purchase, sale, or lease of any vessel in Curacao or any vessel by Curacao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 10**

All documents that discuss, refer to, or relate to agreements to manage any vessel in Curacao or any vessel by Curacao Drydock or any of its successors or affiliates, including any actual agreements to manage the vessel or portion of the vessel.

**DOCUMENT REQUEST NO. 11**

All documents that discuss, refer to, or relate to any vessel owned, managed or leased by you and that has been repaired or for which a future repair is planned or contemplated at Curacao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 12**

All documents that discuss, refer to, or relate to communications between you and any party concerning the repair of any vessel in Curacao or any vessel by Curacao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 13**

All documents that discuss, refer to, or relate to responsibility or methods for payment of repairs for any vessel repaired or serviced by the Curacao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 14**

All documents that discuss, refer to, or relate to responsibility or methods for payment of repairs of any vessels by the Curacao Drydock or any of its successors or affiliates in 2013, including but not limited to any documents concerning reimbursement to any parties.

**DOCUMENT REQUEST NO. 15**

All documents that discuss, refer to, or relate to any repairs or service of any vessel by Curacao Drydock or any of its successors or affiliates or any vessel in Curacao in 2013 and 2014.

**DOCUMENT REQUEST NO. 16**

All documents that discuss, refer to, or relate to the Writ of Garnishment (DE 379) served on you in this matter, including any and all communications between you and the Curacao Drydock Company, Inc. or any of its representatives concerning this same matter.

**DOCUMENT REQUEST NO. 17**

All documents that discuss, refer to, or relate to communications between you, Church of Scientology Flag Service Organization, Inc., Church of Scientology Flag Ship Service Organization, Inc., and Church of Scientology International, Inc. concerning the Freewinds vessel and/or SMV Freewinds and the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3.

- 7 -

## DOCUMENT REQUEST NO. 18

All documents that discuss, refer to, or relate to communications showing the corporate structure of the ownership of the Freewinds vessel and/or SMV Freewinds, showing the corporation that owns it, and the succession of corporations that own that corporation, including the ultimate parent corporation that is not owned by any other corporations.

## DOCUMENT REQUEST NO. 19

All documents that discuss, refer to, or relate to communications between you, Church of Scientology Flag Service Organization, Inc., Church of Scientology International, Inc., and Church of Scientology Flag Ship Service Organization, Inc., and the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 concerning the decision not to provide the name of the Panamanian Corporation in any Answer to Writ of Garnishment filed in this matter.


Dated March 7, 2014

_John Thornton/Wil_
John Thornton, Esq.
DO CAMPO & THORNTON
100 Southeast Second Street, Suite 2700
Miami, FL 33131

- 8 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

-----------------------------------------------------------------------X

ALBERTO JUSTO RODRIQUEZ LICEA,
FERNANDO ALONZO HERNANDEZ, and
LUIS ALBERTO CASANOVA TOLEDO

                Plaintiffs,

     -against-

CURACAO DRYDOCK COMPANY, INC. a/k/a
CURACAOSE DOKMAATSCHAPPIJ NV, a/k/a
CDMNV,

                Defendant.

-----------------------------------------------------------------------X

Case No. 06-22128-CIV-KING/MCALILEY

## PLAINTIFFS/JUDGMENT CREDITORS' REQUESTS FOR THE PRODUCTION OF DOCUMENTS IN AID OF EXECUTION OF JUDGMENT

Plaintiffs-Judgment Creditors Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo, (collectively, "Plaintiffs") hereby propound the following Requests for the Production of Documents in Aid of Execution of Judgment ("Document Requests") to Church of Scientology International, Inc.  Please produce all of the documents requested below at the offices of John Thornton, Do Campo & Thornton, 100 Southeast Second Street, Suite 2700, Miami, FL 33131 on April 7, 2014.  These Document Requests are being served pursuant to the collection of an outstanding judgment from Defendants-Judgment Debtors Curaçao Drydock Company, Inc. ("Curaçao Drydock").  These Document Requests are continuing, and if You discover additional responsive documents after you have answered, supplemental or amended answers and productions must be made at the earliest possible date.

## DEFINITIONS

1.     "All," "any," "each," "every" and similar terms mean "each and every" as necessary to make the terms inclusive rather than exclusive.

2.     "And" and "or" as used herein each mean "and/or," which shall be construed both conjunctively and disjunctively so as to require the broadest possible response to any given Interrogatory.

3.     "Communications" shall be construed in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, requests, responses, or any other matter, and every disclosure, transfer, or exchange of information, whether oral or written, including but not limited to all letters, memoranda, notes, and messages, whether printed, typed, or handwritten, all electronic modes of correspondence such as electronic mail and facsimiles, and all documents reflecting the substance or occurrence of conversations or meetings, whether between Persons or between or among groups of Persons.

4.     The terms "Document" or "Documents" are used in the broadest sense permissible under Federal Rule of Civil Procedure 34, and includes without limitation: (a) correspondence, memoranda, records, letters, telegrams, reports, notes, drafts, books, records, papers, minutes, schedules, tabulations, computations, lists, ledgers, journals, statements, purchase orders, sales contracts, employment contracts, any other form of contract, invoices, agreements, vouchers, accounts, checks, books of original entry, receipts, recordings, affidavits, diaries, calendars, desk pads, drawings, blueprints, photostats, motion pictures, slides, photographs, sketches, charts, graphs, or any written or printed matter or tangible thing on which any words or phrases are affixed; (b) information contained in any computer, electronic, digital, or tape-recorded format or media, including any computer or electronic database, electronic mail or "e-mail," translated, if necessary into reasonably usable form; (c) originals and copies, any and all drafts and all copies that contain any notation not on the original; and (d) Communications.

5.     "Employee" means any former or present employee, officer, director, manager, agent, representative, consultant, office, committee, department, division, or group within or retained by You, including those at corporate headquarters or at regional or local offices anywhere in the world.

"Curaçao Drydock" means Curaçao Drydock Company, Inc., a/k/a Curaçao Dokmaatschappij NV, and all of its past and present employees, officers, directors, principals,

attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns, as well as any entity operating at the drydock facility located at Dokweg 1, Koningsplein -P.O. Box 3012 Curacao, Netherlands Antilles.

6.      The term "Person" or "Persons" means any natural persons, any form of business entity (whether partnership, association, cooperative, corporation, division, committee, company or otherwise), and any governmental entity or department, agency, bureau, or political subdivision thereof.

7.      "Regarding" means regarding, relating to, in connection with, concerning, pertaining to, referring to, describing, discussing, mentioning, evidencing or constituting.

8.      "Whether" means whether or not.

9.      "You" and "Your" means Church of Scientology International, Inc. and all of its past and present employees, officers, directors, principals, attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns.

## INSTRUCTIONS

1.      In responding to each Request for Production of Documents, You must furnish all Documents in Your possession, custody, or control, including Documents in the possession of Your officers, directors, employees, agents, attorneys, investigators, corporate affiliates and all persons acting on Your behalf. Accordingly, these requests specifically call for the production of all responsive documents that are in the possession of any Church of Scientology International, Inc. affiliate as well as all documents that are in the possession of Church of Scientology International, Inc.'s agents.

2.      The original of each Document requested herein shall be produced together with any drafts, revisions, or copies of the same which bear any mark or notation not present on the original or which otherwise differ from the original.

3.      These Document requests call for the production of each requested Document in its entirety.

4.      To the extent any request is objected to, set forth all reasons therefore.

5.      If You claim any form of privilege, whether based on rule, statute, case or otherwise, as grounds for not describing requested oral Communications, state the following with respect to such Communications: (a) the date thereof; (b) the name and present or last known home and business addresses and telephone numbers, title (or position) and occupation of each of the participants in the oral Communication; (c) the name and present or last known home and business addresses and telephone numbers, title (or position) and occupation of each Person present during any portion of the oral Communication; (d) a description of the oral communication which is sufficient to identify the particular Communication (without revealing the information for which privilege is claimed); and (e) with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid, the rule, statute or case, if any, upon which Your claim of privilege is based and, in complete detail, each and every fact or basis upon which You claim any such privilege.

6.      The specific or duplicative or overlapping nature of any Document Request shall not be construed to limit the generality or breadth of any other Document Request.

7.      For the purposes of these Document Requests, whenever necessary to ensure completeness or accuracy, words employing the singular number include the plural and words employing the plural include the singular; similarly, words employing the feminine gender include the masculine and neuter, words employing the neuter gender include the masculine and feminine, and words employing the masculine gender include the neuter and feminine.

8.      When, after a reasonable and thorough investigation using due diligence, You are unable to produce a Document requested, specify in full and complete detail whether such Document existed or exists, and, if so, the reason the Document is not available for production.

9.      If any Documents requested were at one time in Your possession, custody or control, but no longer are in Your possession, custody or control, for each such Document: (a) describe the Document and the circumstances under which it was prepared, including by whom and at whose insistence it was generated; (b) state the date upon and circumstances under which it left Your possession, custody or control, ceased to exist or was lost; (c) identify all persons

- 4 -

having knowledge of the circumstances under which it left Your possession, custody or control, ceased to exist or was lost; (d) identify its last known custodian; (e) identify all persons having knowledge of the contents thereof; (f) identify each person who received it; and (g) provide a summary of its contents.

## REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1

All Documents that discuss, refer to or relate to any agreements or partnerships You have with Curaçao Drydock or any of its successors or affiliates regarding the sale, purchase, service, maintenance, repair or conversion of ships, vessels, or parts.

### DOCUMENT REQUEST NO. 2

All Documents that discuss, refer to or relate to any Communications You have had with Curaçao Drydock or any of its successors or affiliates in the past five years.

### DOCUMENT REQUEST NO. 3

All statements regarding all bank accounts, investment accounts, and other similar accounts used in connection to payment by You of any funds to Curaçao Drydock or any of its successors or affiliates, directly or indirectly, including but not limited to checking accounts, savings accounts, certificates of deposit, time deposits, and money market accounts, that You have held at any time during the past five years.

### DOCUMENT REQUEST NO. 4

All Documents that discuss, refer to, or relate to any invoices regarding Curaçao Drydock or any of its successors or affiliates.

### DOCUMENT REQUEST NO. 5

All Documents that discuss, refer to, or relate to any payments made to or by Curaçao Drydock or any of its successors or affiliates, including, but not limited to any Documents that refer to accounts receivable or accounts payable.

**DOCUMENT REQUEST NO. 6**

All Documents that discuss, refer to, or relate to Curaçao Drydock or any of its successors or affiliates, including any agreements regarding the shipment, distribution, maintenance, repair or conversion of ships, vessels, parts or any payments made to or by Curaçao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 7**

All Documents that discuss, refer to, or relate to the following address: Dokweg 1, Koningsplein -P.O. Box 3012 Curacao, Netherlands Antilles.

**DOCUMENT REQUEST NO. 8**

All Documents that discuss, refer to, or relate to repair, maintenance, or services purchased or received by You or Your affiliates from Curaçao Drydock or its successors or affiliates.

**DOCUMENT REQUEST NO. 9**

All documents that discuss, refer to, or relate to the ownership, purchase, sale, or lease of any vessel in Curacao or any vessel by Curacao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 10**

All documents that discuss, refer to, or relate to agreements to manage any vessel in Curacao or any vessel by Curacao Drydock or any of its successors or affiliates, including any actual agreements to manage the vessel or portion of the vessel.

**DOCUMENT REQUEST NO. 11**

All documents that discuss, refer to, or relate to any vessel owned, managed or leased by you and that has been repaired or for which a future repair is planned or contemplated at Curacao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 12**

All documents that discuss, refer to, or relate to communications between you and any party concerning the repair of any vessel in Curacao or any vessel by Curacao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 13**

All documents that discuss, refer to, or relate to responsibility or methods for payment of repairs for any vessel repaired or serviced by the Curacao Drydock or any of its successors or affiliates.

**DOCUMENT REQUEST NO. 14**

All documents that discuss, refer to, or relate to responsibility or methods for payment of repairs of any vessels by the Curacao Drydock or any of its successors or affiliates in 2013, including but not limited to any documents concerning reimbursement to any parties.

**DOCUMENT REQUEST NO. 15**

All documents that discuss, refer to, or relate to any repairs or service of any vessel by Curacao Drydock or any of its successors or affiliates or any vessel in Curacao in 2013 and 2014.

**DOCUMENT REQUEST NO. 16**

All documents that discuss, refer to, or relate to the Writ of Garnishment (DE 381) served on you in this matter, including any and all communications between you and the Curacao Drydock Company, Inc. or any of its representatives concerning this same matter.

**DOCUMENT REQUEST NO. 17**

All documents that discuss, refer to, or relate to communications between you, Church of Scientology Flag Service Organization, Inc., Church of Scientology of Florida, Inc., and Church of Scientology Flag Ship Service Organization, Inc., concerning the Freewinds vessel and/or SMV Freewinds and the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3.

- 7 -

**DOCUMENT REQUEST NO. 18**

All documents that discuss, refer to, or relate to communications showing the corporate structure of the ownership of the Freewinds vessel and/or SMV Freewinds, showing the corporation that owns it, and the succession of corporations that own that corporation, including the ultimate parent corporation that is not owned by any other corporations.

**DOCUMENT REQUEST NO. 19**

All documents that discuss, refer to, or relate to communications between you, Church of Scientology Flag Service Organization, Inc., Church of Scientology of Florida, Inc., and Church of Scientology Flag Ship Service Organization, Inc., and the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 concerning the decision not to provide the name of the Panamanian Corporation in any Answer to Writ of Garnishment filed in this matter.

Dated March 7, 2014

John Thornton, Esq.
DO CAMPO & THORNTON
100 Southeast Second Street, Suite 2700
Miami, FL 33131