UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22128-CV-KING/MCALILEY

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ, AND
LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs/Judgment Creditors,

vs.

CURAÇAO DRYDOCK COMPANY, INC., A/K/A
CURAÇAOSE DOKMAATSCHAPPIJ NV, A/K/A
CDMNV,

    Defendant/Judgment Debtor.
_____/

**AFFIDAVIT OF JOHN THORNTON IN SUPPORT OF
PLAINTIFFS/JUDGMENT CREDITORS' MOTION TO COMPEL DOCUMENTS**

I, John Thornton, declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

    1.    I am an attorney for Plaintiffs/Judgment Creditors, Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo ("Plaintiffs") in the above-captioned case.

    2.    On October 31, 2008, this Court entered a final Judgment in favor of Plaintiffs and against Judgment Debtor/ Curacao Drydock Company, Inc. ("Judgment Debtor") for $80 million plus post-judgment interest.  (DE 112).

    3.    In satisfaction of the Final Judgment, Plaintiffs filed a Motion for a Writ of Garnishment against Church of Scientology Flag Ship Service Organization, Inc. ("FSSO") on October 7, 2013.  (DE 361).

4. On October 28, 2013, FSSO filed an Answer to the Writ of Garnishment stating, but not naming, a Panamanian Corporation that was indebted to the Judgment Debtor.

5. In an effort to satisfy the Final Judgment, Plaintiffs served FSSO with a Request for the Production of Documents in Aid of Execution of Judgment (the "Document Requests") on March 7, 2014.

6. On June 11, 2014, FSSO filed its Amended Answer identifying the previously unmentioned Panamanian Corporation as San Donato Properties Corporation ("San Donato").

7. Subsequent to the filing of its Amended Answer, FSSO produced objections as well as some relevant documents to Plaintiffs' Document Requests.

8. In response to FSSO's objections, Plaintiffs conferred with FSSO regarding FSSO's document production on July 16, 2014, discussing whether FSSO planned to maintain its objections or produce further relevant documentation. The parties agreed that FSSO would submit to a limited production. However, in the event that FSSO's document production was unsatisfactory, Plaintiffs retained the right to file any and all necessary documents in aid of its execution of its Document Requests.

9. On July 28, 2014, Plaintiffs' counsel again contacted FSSO to discuss the limited production and FSSO responded the following day asking for a 14 day extension, which Plaintiffs obliged.

10. On the 14th day or August 12, 2014, Plaintiffs' counsel received an email from FSSO requesting a few more days to present a stipulation that would resolve the issues, to which Plaintiffs' counsel again agreed.

11. On August 21, 2014, FSSO contacted Plaintiffs' counsel with a "stipulation" that was not reduced to writing and also included a request to enter into a protective order. Plaintiffs'

- 3 -

counsel responded on the same day with a reasonable response but have not heard from FSSO or its counsel since August 21, 2014.

12. On September 6, 2014, Plaintiffs' counsel contacted FSSO, reiterating its inaction in the discovery process and cautioning them that Court intervention would be sought.

13. Despite Plaintiffs best efforts to work with FSSO and its counsel, FSSO has not properly responded to Plaintiffs' Document Requests, making Court intervention necessary.

Dated: October 7, 2014

By: */s/John Thornton*
John Thornton