IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALBERTO JUSTO RODRIQUEZ LICEA, FERNANDO ALONZO HERNANDEZ, and LUIS ALBERTO CASANOVA TOLEDO<br><br>Plaintiffs,<br><br>-against-<br><br>CURACAO DRYDOCK COMPANY, INC. a/k/a CURACAOSE DOKMAATSCHAPPIJ NV, a/k/a CDMNV,<br><br>Defendant. | Case No. 06-22128-CIV-KING/MCALILEY |

## DEFENDANT CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION, INC'S., OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Church of Scientology Flag Ship Service Organization, Inc. ("FSSO") pursuant to Federal Rule of Civil Procedure 34 makes the following objections and responses to Plaintiffs' First Request for Production of Documents in Aide of Execution of Judgment dated March 7, 2014.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

A. FSSO does not represent that its understanding or use of the terms contained in the Request accords with the meaning intended by Plaintiffs.

B. FSSO objects to the Instructions section because it attempts to impose obligations on FSSO which extend beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida. FSSO will comply with the rules of this Court governing discovery.

**FSSO'S RESPONSES TO PLAINTIFFS'
REQUESTS FOR PRODUCTION**

**DOCUMENT REQUEST NO. 1**

All Documents that discuss, refer to or relate to any agreements or partnerships You have with Curacao Drydock or any of its successors or affiliates regarding the sale, purchase, service, maintenance, repair or conversion of ships, vessels, or parts.

RESPONSE:

Objection, the term "You" is overbroad as it includes individuals and entities not under the control of FSSO including past employees, officers, directors, principals, attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns. Further objection because this request is overbroad and unduly burdensome in that it demands documents from a time period irrelevant to the alleged indebtedness and garnishment which is the subject of this action. (See Amended Answer to Writ of Garnishment by FSSO (DE 456). FSSO states that it has no documents reflecting agreements or partnerships it had with Curacao Drydock during the relevant period January 2013 - January 2014. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: subject to the foregoing, attached find documents related to any and all agreements between the owner of the SMV Freewinds and Curacao Drydock from the period January 2013 - January 2014.

**DOCUMENT REQUEST NO. 2**

All Documents that discuss, refer to or relate to any Communications You have had with

Curacao Drydock or any of its successors or affiliates in the past five years.

RESPONSE:

Objection, the term "You" is overbroad as it includes individuals and entities not under the control of FSSO including past employees, officers, directors, principals, attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns. Further objection as this request is overbroad and unduly burdensome in that it demands documents from a time period which is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: Responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 3**

All statements regarding all bank accounts, investment accounts, and other similar accounts used in connection to payment by You of any funds to Curacao Drydock or any of its successors or affiliates, directly or indirectly, including but not limited to checking accounts, savings accounts, certificates of deposit, time deposits, and money market accounts, that You have held at any time during the past five years.

RESPONSE:

Respondent objects to this request because the statement "all statements regarding all bank accounts…" is insufficient to inform respondent as to what documents are requested. Further objection because the term "You" is overbroad because it includes individuals and entities not under the control of respondent including past employees, officers, directors, principals, attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns. Further objection because request is overbroad and

unduly burdensome in that it demands documents from a time period which is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Further, the request for "all bank accounts, investment accounts and similar accounts" is overly broad, unduly burdensome and invades responding party's rights to privacy under the First, Fifth and Fourteenth Amendment of the U.S. Constitution and Responding party's First Amendment Rights under the Religion Clauses of the First Amendment. Notwithstanding this objection, FSSO states that is has no responsive documents in its possession, custody or control from the relevant period of January 2013 to the present.

**DOCUMENT REQUEST NO. 4**

All Documents that discuss, refer to, or relate to any invoices regarding Curacao Drydock or any of its successors or affiliates.

RESPONSE:

Objection, this request is overbroad and unduly burdensome in that it demands documents from a time period which is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 5**

All Documents that discuss, refer to, or relate to any payments made to or by Curacao Drydock or any of its successors or affiliates, including, but not limited to any Documents that refer to accounts receivable or accounts payable.

RESPONSE:

Objection, this request is overbroad and unduly burdensome in that it demands documents from a time period which is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 6**

All Documents that discuss, refer to, or relate to Curacao Drydock or any of its successors or affiliates, including any agreements regarding the shipment, distribution, maintenance, repair or conversion of ships, vessels, parts or any payments made to or by Curacao Drydock or any of its successors or affiliates.

RESPONSE:

Objection, this request is overbroad and unduly burdensome in that it demands documents from a time period which is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 7**

All Documents that discuss, refer to, or relate to the following address: Dokweg I, Koningsplein − P.O. Box 3012 Curacao, Netherlands Antilles.

RESPONSE:

Respondent objects to this request as it fails to describe with "reasonable particularity" the documents that are being requested. Further Objection because this request is overbroad and unduly burdensome in that it demands documents from a time period that is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 8**

All Documents that discuss, refer to, or relate to repair, maintenance, or services purchased or received by You or Your affiliates from Curacao Drydock or its successors or affiliates.

RESPONSE:

Objection, the term "You" is overbroad as it includes individuals and entities not under the control of FSSO including past employees, officers, directors, principals, attorneys, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, successors, and assigns. Further Objection because this request is overbroad and unduly burdensome in that it demands documents from a time period that is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 9**

All documents that discuss, refer to, or relate to the ownership, purchase, sale, or lease of any vessel in Curacao or any vessel by Curacao Drydock or any of its successors or affiliates.

RESPONSE:

Objection, this request is overbroad and unduly burdensome in that it demands documents from a time period that is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: FSSO has no responsive documents in its possession, custody or control from the relevant period of January 2013 to the present.

**DOCUMENT REQUEST NO. 10**

All documents that discuss, refer to, or relate to agreements to manage any vessel in Curacao or any vessel by Curacao Drydock or any of its successors or affiliates, including any actual agreements to manage the vessel or portion of the vessel.

RESPONSE:

Respondent objects to this request because the statement "manage any vessel in Curacao" is insufficient for it to determine what documents are being requested. Further objection because this request is overbroad and unduly burdensome in that it demands documents from a time period that is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: FSSO has no documents related to Curacao Drydock's management of any vessel in its possession, custody or control from the relevant period of January 2013 to the present.

**DOCUMENT REQUEST NO. 11**

All documents that discuss, refer to, or relate to any vessel owned, managed or leased by you and that has been repaired or for which a future repair is planned or contemplated at Curacao Drydock or any of its successors or affiliates.

RESPONSE:

Objection, this request is overbroad and unduly burdensome in that it demands documents from a time period that is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 12**

All documents that discuss, refer to, or relate to communications between you and any party concerning the repair of any vessel in Curacao or any vessel by Curacao Drydock or any of its successors or affiliates.

RESPONSE:

Objection, this request is overbroad and unduly burdensome in that it demands documents from a time period that is irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 13**

All documents that discuss, refer to, or relate to responsibility or methods for payment of

repairs for any vessel repaired or serviced by the Curacao Drydock or any of its successors or affiliates.

RESPONSE:

Objection, this request is overbroad and unduly burdensome in that it demands documents from a time period that is irrelevant to the alleged indebtedness and garnishment which is the subject of this action.  Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 14**

All documents that discuss, refer to, or relate to responsibility or methods for payment of repairs of any vessels by the Curacao Drydock or any of its successors or affiliates in 2013, including but not limited to any documents concerning reimbursement to any parties.

RESPONSE:

Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 15**

All documents that discuss, refer to, or relate to any repairs or service of any vessel by Curacao Drydock or any of its successors or affiliates or any vessel in Curacao in 2013 and 2014.

RESPONSE:

Objection, this request is overbroad and unduly burdensome in that it demands documents which are irrelevant to the alleged indebtedness and garnishment which is the subject

of this action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 16**

All documents that discuss, refer to, or relate to the Writ of Garnishment (DE 379) served on you in this matter, including any and all communications between you and the Curacao Drydock Company, Inc. or any of its representatives concerning this same matter.

RESPONSE:

Objection as this request seeks disclosure of confidential attorney-client communications and attorney work product generated after service of the writ of garnishment. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive, non-privileged documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 17**

All documents that discuss, refer to, or relate to communications between you, Church of Scientology Flag Service Organization, Inc., Church of Scientology Flag Ship Service Organization, Inc., and Church of Scientology International, Inc. concerning the Freewinds vessel and/or SMV Freewinds and the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3.

RESPONSE:

Objection, this request is overbroad and unduly burdensome as it is not reasonably limited in scope by either time period or topic and requests documents which are irrelevant to

this garnishment action. Further, the request for "all … communications is overly broad, unduly burdensome and invades responding party's rights to privacy under the First, Fifth and Fourteenth Amendment of the U.S. Constitution and Responding party's First Amendment Rights under the Religion Clauses of the First Amendment. In addition, this request seeks disclosure of confidential attorney-client communications and attorney work product generated after service of the writ of garnishment. Local Rule 26.1(g)(3)(C).

**DOCUMENT REQUEST NO. 18**

All documents that discuss, refer to, or relate to communications showing the corporate structure of the ownership of the Freewinds vessel and/or SMV Freewinds, showing the corporation that owns it, and the succession of corporations that own that corporation, including the ultimate parent corporation that is not owned by any other corporations.

RESPONSE:

Objection, this request is overbroad and unduly burdensome in that it demands documents irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Objection to the extent that this request seeks disclosure of confidential attorney-client communications and attorney work product.

**DOCUMENT REQUEST NO. 19**

All documents that discuss, refer to, or relate to communications between you, Church of Scientology Flag Service Organization, Inc., Church of Scientology International, Inc., and Church of Scientology Flag Ship Service Organization, Inc., and the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 concerning the decision not to provide the name of the Panamanian Corporation in any Answer to Writ of Garnishment filed in this matter.

RESPONSE:

This request seeks disclosure of confidential attorney-client communications and attorney work product generated after service of the writ of garnishment. Local Rule 26.1(g)(3)(C). There are no non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 20**

All documents that discuss, refer to, or relate to the knowledge of how the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 was indebted to Curacao Drydock or any of its successors or affiliates.

RESPONSE:

Objection, the term "relate to the knowledge of how" is insufficient for respondent to determine what documents are being requested. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive, non-privileged documents which discuss the vessel owner's indebtedness to Curacao Drydock within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 21**

All documents that discuss, refer to, relate to, or show the name of the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 and when knowledge of said Panamanian Corporation was acquired.

RESPONSE:

Objection, the term "when knowledge of said Panamanian Corporation was acquired" is insufficient to inform respondent as to what documents are requested. Further objection because this request is overbroad and unduly burdensome as it is not reasonably limited in scope by either

time period or topic and demands documents which are irrelevant to this garnishment action. Subject to Local Rule 26.1(g)(3)(C) responding party answers as follows: responsive, relevant documents within FSSO's possession, custody or control from the relevant period of January 2013 to the present are attached hereto.

**DOCUMENT REQUEST NO. 22**

All documents that discuss, refer to, relate to, or show the relationship, if any, between or among the Panamanian Corporation referred to in the Answer to Writ of Garnishment (DE 390) ¶ 3 and Church of Scientology Flag Service Organization, Inc., Church of Scientology of Florida, Inc., and Church of Scientology International, Inc. and/or the Freewinds vessel.

RESPONSE:

Objection, this request is overbroad and unduly burdensome in that it demands documents without limitation of time period, and seeks records which are irrelevant to the alleged indebtedness and garnishment which is the subject of this action. Further, the request invades responding party's rights to privacy under the First, Fifth and Fourteenth Amendment of the U.S. Constitution and Responding party's First Amendment Rights under the Religion Clauses of the First Amendment.

Dated June 16, 2014                     **MOORE & COMPANY, P.A.**
                                        *Counsel for Garnishee*
                                        355 Alhambra Circle, Suite 1100
                                        Coral Gables, FL  33134
                                        Telephone: (786) 221-0600
                                        Facsimile: (786) 221-0601
                                        Email: cnaughton@moore-and-co.com
                                        Email: michael@moore-and-co.com

                                        **s/ Clay M. Naughton**
                                        _____

                Clay M. Naughton
                FL Bar No. 029302
                Michael T. Moore
                FL Bar No. 207845

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on June 16, 2014, I served the foregoing by emailing it to: John Thornton, Esq., John Thornton, at jt@dandtlaw.com, Do Campo & Thornton, P.A., attorneys for Plaintiffs/Judgment Creditors.