UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22128-CV-KING/MCALILEY

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ, AND
LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs/Judgment Creditors,

vs.

CURAÇAO DRYDOCK COMPANY, INC., A/K/A
CURAÇAOSE DOKMAATSCHAPPIJ NV, A/K/A
CDMNV,

    Defendant/Judgment Debtor.
_____/

## PLAINTIFFS/JUDGMENT CREDITORS' REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

Plaintiffs/Judgment Creditors, Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo ("Plaintiffs"), by and through their attorneys hereby file this Reply in Further Support of its Motion to Compel Discovery against Garnishee Church of Scientology Flag Ship Service Organization, Inc.'s ("FSSO").  Plaintiffs move to compel FSSO to produce the requested documents from Plaintiffs' Request for the Production of Documents in Aid of Execution of Judgment (the "Document Requests") concerning its relationship with Curacao Drydock Company, Inc. (the "Drydock" or "Judgment Debtor").

Contrary to FSSO's Response, this Court has the power to extend a writ of garnishment for more than one additional 6-month extension term.  FSSO's interpretation of Florida's Garnishment Statutes is ill supported in that it fails to refer to any source that specifically prohibits the extension of a writ of garnishment for an additional 6-month extension.  Under Fla. Stat. Ann. § 77.07, a "plaintiff has the right to extend the writ for an additional 6 months by

serving the garnishee and the defendant a notice of extension and filing in the underlying proceeding a certification of such service." Nowhere in Florida's garnishment statutes, their respective legislative history, or in any source cited by FSSO, adopt, allude, or infer that a writ of garnishment can only be extended for only one 6 month period. Conversely, FSSO's erroneous interpretation of the statute would cause this court "to read language into the statute that is simply not there." *Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*, 121 So. 3d 83, 87 (Fla. Dist. Ct. App. 2013). Under *Akerman*, the garnishee attempted to dissolve a second round of writs of garnishment against itself, in the same action, after the first writs of garnishment automatically dissolved. The court rejected garnishees' argument that § 77.07 prevented the issuance of a second round of writs of garnishment, holding that the statute was "clear and unambiguous." *Id*. The court further held

> [w]e cannot extend the express terms of section 77.07(5) to hold that a subsequent writ of garnishment is impermissible where a prior writ of garnishment was automatically dissolved pursuant to the terms of that subsection. "Florida courts are without power to construe an unambiguous statute in a way that would extend its express terms or its reasonable and obvious implications because to do so would be an abrogation of legislative power.

*Id*. at 87 citing *Holly v. Auld,* 450 So.2d 217, 219 (Fla. 1984). Here, FSSO attempts to circumvent legislative authority and interpret the statute without providing any support or basis for its analysis.

Further, Plaintiffs' Motion to Compel was proper and consistent with Rule 26.1(h)(2) of the Local Rules for the U.S. District Court for the Southern District of Florida. FSSO erroneously argues that Plaintiffs' Motion to Compel should be denied on this basis. However, Plaintiffs, in an effort to comply with Local Rule 7.1(c)(2), formatted its Motion to Compel in a way that adhered to Rule 26.1(h)(2). FSSO was not prejudiced by Plaintiffs' actions. *See e.g*.

*Nachimson v. All Construction Fastening Systems*, Inc. No. 00-cv-06680-WPD, (S.D. Fla 2000), where the court found unpersuasive, Plaintiff's argument to deny Defendant's motion to compel; holding that Plaintiff was not prejudiced by Defendant's actions in not complying with Rule 26.1(h)(2).

FSSO also seemingly fails to acknowledge that in its Response to Plaintiffs' Document Requests (*see* D.E. 513-3), FSSO refurbished the same boilerplate objections seven times, specifically for Document Requests 4, 5, 6, 9, 11, 12, and 13.  Pursuant to Rule 26.1(h)(2), a party is not required to cite each document request, when a party improperly responds to the document requests with "general or blanket objections to discovery [or] motions to compel discovery."  FSSO repeatedly recycled general objections and thus invoked the exception outlined in Rule 26.1(h)(2).

FSSO's attempts to evade Plaintiffs' Discovery Requests are ill supported and greatly delay Plaintiffs' right to seek information in aid of its execution of its judgment against the Drydock.  Thus Plaintiffs' Motion to Compel Discovery against FSSO should be granted.

### Argument

Plaintiffs reincorporate its arguments outlined in its Motion to Compel (DE 513) and Reply and Objections to FSSO's Amended Answer (DE 465).  As Judge James Lawrence King of this District has noted, discovery may cover "not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of evidence." *Weiner v. Bache Halsey Stuart, Inc*., 76 F.R.D. 624, 625 (S.D. Fla. 1977).  Here, Plaintiffs seek information that pertains to FSSO's relationship with the Judgment Debtors.  FSSO claims to be an innocent garnishee yet consistently impedes Plaintiffs' valid discovery.

FSSO's objections to the Motion to Compel do not exhibit good cause to warrant a protective order. Additionally, FSSO continually ignores the obligations mandated by the Writ of Garnishment, including its obligation to report any payments or debts owed to the Judgment Debtor. Moreover, FSSO's actions suggest an alter-ego relationship with San Donato. With FSSO failing to offer valid reasons for its refusal to produce the requested documents, the Court should compel production of the same.

### 1. Plaintiffs Are Entitled to Discovery Against Garnishee FSSO

Plaintiffs, as judgment creditors, should be given broad discretion in pursuing post-judgment discovery. Indeed, Florida law promotes that "[i]n aid of a judgment . . . or execution the judgment creditor . . . may obtain discovery from any person, including the judgment debtor." Fla. R. Civ. P. 1.560. *See also Regions Bank v. MDG Frank Helmerich, LLC*, 118 So. 3d 968, 970 (Fla. Dist. Ct. App. 2013) where "[b]road discovery of a debtor's assets is permitted postjudgment—the debtor's assets, whether held individually or jointly, are relevant to collecting the debt owed."

With a valid judgment against the Drydock, Plaintiffs are permitted to pursue discovery that will reveal possible information concerning the Drydock's assets, including against non-party entities. *See e.g. Alejandre v. Republic of Cuba*, 64 F.Supp 2d 1245 (S.D Fla. 1999), where discovery was permitted against a garnishee; *see also DiFrancesco v. Home Furniture Liquidators*, Inc., 2008 WL 4724504, at *2 (S.D. Fla. Oct. 24, 2008) holding that "the court may subpoena the garnishee to inquire about his or her liability to or possession of property of the defendant."

As an entity that has admitted it has engaged in business transactions with the Drydock, FSSO is obligated to produce such information. Plaintiffs' Document Requests are limited in that the narrow requests seek relevant information concerning FSSO's relationship with the Judgment Debtor. Despite FSSO's contentions that it lacks any such information, FSSO's conduct since service of the Writ of Garnishment contrarily supports the fact that FSSO is privy to information concerning Judgment Debtor's assets. FSSO is unnecessarily prolonging this discovery process and instead has adopted the mannerisms of a garnishee that is engaging in highly suspicious and questionable behavior. *See Bel Trading & Consulting, Ltd. v. KNM Worldwide Servs., LLC*, No. 14-22313-MC, 2014 WL 3865952, (S.D. Fla. Aug. 6, 2014), where the court noted that the non-party's response to the document requests was indicative of questionable behavior.

Plaintiffs' Document Requests do not impede on any attorney-client privilege or work product exception and FSSO provides no privilege log to support this baseless contention. Instead the Document Requests are limited to FSSO's relationship with the Judgment Debtor. Since the requested documents and information are relevant to the present action, this Court should not grant FSSO's request for a protective order and should thereby grant Plaintiffs' Motion to Compel.

### 2. FSSO Does Not Offer Valid Reasons for Failing to Comply with the Document Requests

As previously mentioned, Plaintiffs, as the judgment creditors, are entitled to wide discretion in pursuing discovery that would reveal information concerning the Judgment Debtor's assets. FSSO unsuccessfully attempts to implicate the First Amendment's religious freedom protections as a barrier against Plaintiffs' Document Requests. However, FSSO fails to

consider the necessary element that government activity/involvement/action is required to invoke the protections within the First Amendment.

The only possible government involvement is the court order to compel FSSO to produce the relevant requested documents. However, this involvement has already been held to not constitute a potential threat to the free exercise of religion. *See Ambassador Coll. v. Geotzke*, 675 F.2d 662 (5th Cir. 1982). In *Geotzke*, the Court of Appeals upheld an order compelling a college, endowed and supported by a church, to produce requested documents. The court ordered the college to produce the documents finding that there was "no danger of government seeking to monitor or regulate a religious group. . . .We find that there are simply no free exercise considerations of even arguable validity raised by Ambassador College." *Id*. at 664. Additionally the court held that the Constitutional Amendments did not prohibit the regulation of church conduct if it was for the protection of society:

> Free exercise of religion, as it is encapsulated in the First Amendment, embraces two concepts-freedom to believe and freedom to act. The first is absolute, but the second remains subject to regulation for the protection of society. *Cantwell v. Connecticut*, 310 U.S. 296, 303-04, (1940). We are not concerned here with the former; Holmes and other congregation members remain unimpeded in the cerebral sphere. The sole issue is whether the Church may refrain from producing documents under a narrowed court order. There is no doubt that this constitutes conduct.

*Id*. FSSO has engaged in questionable conduct with the Judgment Debtor and San Donato. Even though FSSO is a religious entity, its conduct does not supersede this Court's ability to compel FSSO to comply with the discovery requests. Any resulting order compelling production of documents demonstrating clear corporate and financial transactions and activities, would not impede on the Church of Scientology's religious freedoms. Thus, as in *Goetz*, FSSO "must respond to discovery requests, as any other similarly situated litigant would be required."

*Id*. at 664.  Accordingly, FSSO's First Amendment arguments should be denied and the Court should grant Plaintiffs' Motion to Compel.

### 3. FSSO Does Not Demonstrate the Requisite Standard of Good Cause for a Protective Order

Good cause must exist in order to acquire a protective order.  The burden of proving good cause for the imposition of a protective order lies with the moving party.  *Pinilla v. Northwings Accessories Corp.*, No. 07-21564-CIV, 2007 WL 2826608, at *4 (S.D. Fla. Sept. 25, 2007).  Further "[t]he scope of post-judgment discovery is broad; the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor."  *Frenkel v. Acunto*, No. 11-62422-CIV, 2014 WL 4680738, at *5 (S.D. Fla. Sept. 19, 2014).  In *Frenkel*, the court denied the non-party's motion for a protective order against judgment-creditor's request to produce documents, holding that the requested documents were relevant.  Here, FSSO has failed to proffer any sufficient reason to justify a protective order.  FSSO does not give any support for its assertion that the Document Requests are burdensome; making no claims that the documents are inaccessible or give proper evidence, in the form of a privilege log, to support its argument that some documents are privileged.  Instead, FSSO reiterates its original, boilerplate objections that the requests are overly broad and burdensome.

Additionally, FSSO cites to authority that is inapplicable to the present motion.  In *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 357 (11th Cir. 1987), the individuals seeking access to the discovery were non-parties seeking information based on the First Amendment's freedom of press.  Unlike *In re Alexander*, Plaintiffs are moving to compel information from a party that has a clear relationship with the Judgment Debtor.  Similarly, FSSO cites to *Pinilla v. Northwings Accessories Corp.*, No. 07-21564-CIV, 2007 WL 2826608, at *4 (S.D. Fla. Sept. 25,

2000), an action that acknowledges that for discovery, relevance is set at a "remarkably low bar for the discovery of any evidence reasonably calculated to lead to the discovery of admissible evidence." Here it is undisputed, and FSSO does not argue otherwise, that if Plaintiffs were given access to FSSO's corporate structure, it would prove or disprove an alter ego relationship between San Donato and FSSO. (FSSO's refusal to produce such documents only confirms a potential alter ego relationship.) FSSO has not met its burden for a protective order and accordingly, the Court should grant Plaintiffs' Motion to Compel.

### 4. FSSO's Fails to Address its Violation of the Writ of Garnishment

Under a writ of garnishment, garnishees are obligated to "act expeditiously on the writ" and are obligated to reveal whether the garnishee knew of any individual indebted to the judgment-debtor. Fla. Stat. Ann. § 77.04. Here, FSSO attempted to subvert Florida's garnishment statutes by initially denying any knowledge of potential entities indebted to the Judgment Debtor. It was only after FSSO's partial production of documents to Plaintiffs that FSSO "realized" it had knowledge of San Donato's existence.

After receiving the Writ of Garnishment, FSSO colluded with the Judgment Debtor to avoid its statutory obligations by cancelling previously contracted work. *See* 465-3, detailing a copy of the invoice for the cancelled repairs for the FREEEWINDS vessel. Despite those cancellations, the cost to date for the repairs was $1,028,487.64. *Id.* Additionally, in order to avoid admitting it personally owed funds to the Judgment Debtor, on October 15, 2013, a company called San Donato Properties entered into a settlement agreement, agreeing to pay the Drydock $770,290.00. FSSO was aware of the settlement agreement, as evidence of its

submission of this information in its partial document production to Plaintiffs. Alas, FSSO failed to disclose this in its initial Answer to Writ of Garnishment.

FSSO's scheme was only revealed after it partially produced the documents Plaintiffs requested. If it were not for service of Plaintiffs' Document Requests, FSSO would continue to deceive this Court by filing self-serving and baseless answers stating that they had no connection or relationship with the Judgment-Debtor. This fact not only supports the liberal discovery of non-party garnishees, but the need for additional discovery from FSSO. As such, this Court should grant Plaintiffs' Motion to Compel.

### 5. FSSO's Actions Demonstrate a Clandestine Alter-Ego Relationship with San Donato

FSSO incorrectly asserts the piercing the corporate veil theory. Unlike the cases cited by FSSO, Plaintiffs are presently seeking discovery. In discovery actions, the standard of review, including for piercing the corporate veil theory, is less stringent. The Eleventh Circuit, in deciding whether to allow discovery, has applied a less stringent standard, looking not at whether a party will prevail on a piercing the corporate veil theory but, instead whether the allegations set forth are sufficient to allow the party to conduct discovery to prove its allegations. *Jackam v. Hosp. Corp. of Am. Mideast*, 800 F.2d 1577, 1579 (11th Cir. 1986). FSSO, during this discovery phase, attempts to halt Plaintiffs' valid Document Requests by disputing the strength of Plaintiffs' allegations that FSSO and San Donato share an alter-ego relationship. However, FSSO is applying the wrong standard of review. Conversely, as seen in *Jackam*, the proper standard is whether Plaintiffs' allegations are sufficient to allow them to conduct discovery.

As discussed above, the Church of Scientology International Inc. ("CSI"), an undisputed affiliate of FSSO, entered into a contract to provide an interest-free loan to San Donato to pay for

repair costs owed to the Judgment-Debtor.  The fact that CSI agreed to make an <u>interest-free</u> loan to a corporation with which it states it has no relationship is hard to believe.  The interest free loan is evidence of a relationship.  Moreover, as stated above, San Donato was a company that FSSO states it was not aware of until <u>after</u> it filed its initial answer to the Writ of Garnishment (DE 390).  What has already been shown through the pleadings process clearly indicates the possibility of an alter ego relationship and deceitful actions by FSSO to protect its alter ego.  Again, the Plaintiffs are not required to prove that an alter ego relationship exists, but present allegations that support discovery.  These facts of record already include evidence of FSSO's questionable and deceitful conduct and clearly support additional discovery.  Were it not for Plaintiffs Document Requests, none of these facts would have been discovered, thereby only further supporting additional discovery.  Accordingly, this Court should not adopt FSSO's erroneous standard and instead grant Plaintiffs' Motion to Compel.

### 6.  Specific Document Requests

FSSO did not furnish responses to Document Requests 1-15, 19, and 21, stating that Plaintiffs agreed that FSSO reasonably complied with the Document Requests.  However, Plaintiffs agreement to limit discovery was dependent on FSSO producing documents relevant to Document Requests 16, 17, 18, 20, and 22.  Nonetheless, as seen in Plaintiff's Motion to Compel, FSSO has failed to adequately complete this necessary step.  With FSSO's noncompliance with the original agreement, Plaintiffs moved to compel FSSO to produce the documents requested for Document Requests 1-22.

FSSO only applied responses to Document Requests 16, 17, 18, 20, and 22, which Plaintiffs will address below.

**Document Request No. 16**

FSSO incorrectly relies on inapplicable Local Rule 26.1(g)(3)(C) to avoid addressing its failure to properly supply a privilege log.  Local Rule 26.1(g)(3)(C) does not require the production of a privilege log concerning communication between a party and its counsel. However, Document Request 16 clearly requests communications between FSSO and the Judgment Debtor, not between FSSO and its counsel.[1]  Thus, the aforementioned Local Rule does not apply and FSSO is required to produce all responsive documents, and if any are privileged, to submit a privilege log.

**Document Request No. 17**

As previously mentioned, Plaintiffs' Motion to Compel as well as a court order granting this motion, does not constitute government action. *See Ambassador Coll. v. Geotzke*, 675 F.2d 662 (5th Cir. 1982).  FSSO argues that Plaintiffs' Document Requests violate its First, Fifth, and Fourteenth Amendment rights.  However, as the current action involves private parties,  no government imposition is possible and FSSO's Constitutional argument is inapplicable.

**Document Request No. 18**

Plaintiffs' request is relevant to the present action because it seeks information concerning which entity under FSSO's umbrella owes a debt to the Judgment Debtor.  As highlighted above, Plaintiffs, in aid of execution of judgment, have a wide latitude in seeking

---

[1] Document Request No. 16 states as follows: All documents that discuss, refer to, or relate to the Writ of Garnishment (DE 362) served on you in this matter, including any and all communications between you and the Curacao Drydock Company, Inc. or any of its representatives concerning this same matter.

discovery. Here, Plaintiffs request documents that are highly relevant to the present action and FSSO should be ordered to produce documents in adherence to this request.

**Document Request No. 20**

Plaintiffs reiterate that the document request seeks information concerning FSSO's relationship with the Judgment Debtor. FSSO continues to claim that it does not possess the ability to ascertain what information the document request is seeking. In actuality, FSSO refuses to produce the requested documents as part of its scheme to not reveal its relationship and questionable actions with the Judgment Debtor and San Donato. As such, this Court should compel FSSO to produce documents in compliance with this request.

**Document Request No. 22**

FSSO again seeks to cloak itself from proper discovery by incorrectly invoking Constitutional protections that ***only apply against government actions***. Plaintiffs seek a Motion to Compel that would affect FSSO's conduct and "not invade on FSSO's constitutionally protected freedoms" (DE 524). As previously held in *Geotzke*, 675 F.2d 662 (5th Cir. 1982), a court can enforce a discovery motion against a church entity without breaching said entity's constitutional freedoms. A court order granting the Motion to Compel against FSSO would not violate FSSO's Constitutional rights but instead would be a justified exercise of this Court's ability to compel discovery from wayward litigants.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an order granting Plaintiffs' Motion to Compel Documents and deny the issuance of a protective order for Church of Scientology Flag Ship Service.

Dated: November 7, 2014

Respectfully submitted,

By: /s /John Thornton
John Thornton
Florida Bar No. 004820
jt@dandtlaw.com
*Attorneys for Plaintiffs/Judgment Creditors*

**DO CAMPO & THORNTON, P.A.**
Miami Tower
100 Southeast Second Street
Suite 2700
Miami, FL 33131
Phone: 305-358-6600
Fax: 305-358-6601

GROSSMAN ROTH, P.A.
Seth Miles, Esq.
Stuart Grossman, Esq.
2525 Ponce de Leon Blvd., 1150
Coral Gables, Florida 33134
(305) 442-8666

REED SMITH LLP
Jordan W. Siev, Esq.
Casey D. Laffey, Esq.
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
*Attorneys for Plaintiffs/Judgment Creditors*

- 14 -

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 7th day of November 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  Notice of this filing will be sent by operation of the Court's CM/ECF system.

                                                         */s/Seth Miles*  
                                                         SETH MILES