UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22128-CV-KING/MCALILEY

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ, AND
LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs/Judgment Creditors,

vs.

CURAÇAO DRYDOCK COMPANY, INC., A/K/A
CURAÇAOSE DOKMAATSCHAPPIJ NV, A/K/A
CDMNV,

    Defendant/Judgment Debtor.
_____/

**PLAINTIFFS/JUDGMENT CREDITORS' RESPONSE IN OPPOSITION TO CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION INC.'S CORRECTED MOTION TO STRIKE AND OBJECTION TO PLAINTIFFS' NOTICES OF EXTENSION OF WRIT OF GARNISHMENT.**

Plaintiffs/Judgment Creditors, Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo ("Plaintiffs" or "Judgment Creditors"), by and through their attorneys hereby file this Response in Opposition to Church of Scientology Flag Ship Service Organization, Inc.'s ("FSSO") Corrected Motion to Strike Plaintiffs' Certificate of Service and Notices of Extension of Writ of Garnishment (DE 527).

**FACTS AND PROCEDURAL POSTURE**

On October 31, 2008, this Court entered a Final Judgment in favor of Plaintiffs and against the Curacao Drydock Company, Inc. (the "Drydock" or "Judgment Debtor") for $80 million plus post-judgment interest. (DE 112). As of 2013, that judgment remained unsatisfied, and so Plaintiffs engaged to garnish customers of the Drydock. On August 20, 2013, based on

the stated belief that "Garnishee, FSSO or its agent or alter ego is the owner or manager of a ship that is currently in repair at the Judgment Debtor's drydock facility in Curacao …", Plaintiffs moved for a Writ of Garnishment directed to FSSO. (DE 361). This Court granted Plaintiffs' application and issued the Writ of Garnishment directed to FSSO on October 7, 2013. The Writ of Garnishment commanded FSSO to answer whether it was indebted or knew of any party that was indebted to the Judgment Debtor. (DE 362). Plaintiffs served both the Motion for a Writ of Garnishment and the Writ of Garnishment on October 9, 2013. FSSO filed its Answer to Writ of Garnishment on October 28, 2013. (DE 390). In furtherance of Plaintiffs' action to recover the Final Judgment, Plaintiffs served FSSO with a Request for the Production of Documents in Aid of Execution of Judgment (the "Document Requests") on March 7, 2014. FSSO's failure to adequately respond to Plaintiffs' Document Requests led to Plaintiffs seeking a motion to compel discovery against FSSO, which remains pending before this Court.

Due to FSSO's continual efforts to stonewall this Court and Plaintiffs from revealing its hidden agenda between itself and the Judgment Debtor, Plaintiffs had to extend the writ of garnishment on two occasions, April 2, 2014 and October 2, 2014. As specified in Fla. Stat. Ann. § 77.07, Plaintiffs electronically filed the corresponding certificates of service for the extension of the writ and simultaneously served to FSSO both the Notice of Extension of Writ of Garnishment and the Certificates of Service. FSSO now moves to strike the extension of the writ of garnishment.

## **LAW AND ARGUMENT**

**I. Plaintiffs' Actions to Extend the Writ of Garnishment Against FSSO Were Proper**

Plaintiffs sufficiently performed the necessary measures to successfully extend the Writ of Garnishment against FSSO. Pursuant to Fla. Stat. Ann. § 77.07, a "plaintiff has the right to extend the writ for an additional 6 months". In extending a writ of garnishment, the plaintiff only has to serve "the garnishee and the defendant a notice of extension and [file] in the underlying proceeding a certification of such service." *Id*. Essentially, in order to extend a writ of garnishment, the plaintiff need only file the certification of the service portraying that the plaintiff served the garnishee and defendant a notice of the extension. Plaintiffs have strictly adhered to the statute by not only mailing a notice of extension to FSSO and the Drydock, but also by electronically filing the certification of service evidencing this mailing. FSSO's interpretation of Florida's garnishment statute lacks any statutory support. FSSO states that the "certificate of service [e-]filing did not include the Notice of Extension of Writ itself." See FSSO Corrected Motion to Strike and Objection to Notices of Extension of Writ of Garnishment Against FSSO pg. 1 (D.E. 527). However, similar to its erroneous interpretation of a party's ability to extend a writ of garnishment, FSSO also fails to realize that the electronic filing of the notice of extension is not required by Fla. Stat. Ann. § 77.07.

Additionally, FSSO seeks to strike the certificate of service because of a minor oversight. Certificates of service attest that proper notice and service was given, concerning a filing or matter in the proceeding, to another party. Fla. Stat. Ann. § 77.07 does not require the certificate of service for a notice of extension to be electronically filed and thus, while Plaintiffs did serve the Notice of Extension and Certificate of Service to FSSO, these documents were not

electronically filed. Additionally, FSSO received clear notice of the extension of the writ. Indeed, FSSO acknowledges that it received the Notice of the Extension of the Writ of Garnishment. See FSSO Corrected Motion to Strike and Objection to Notices of Extension of Writ of Garnishment Against FSSO pg. 2 (D.E. 527). This minor defect does not and will not prejudice FSSO in any manner and this Court should deny FSSO's motion.

**II. Florida's Garnishment Statute Permits Multiple Extensions of a Writ of Garnishment**

No provision in Florida's garnishment statute, its respective legislative history, or in any source cited by FSSO, adopt, allude, or infer that a writ of garnishment can only be extended for one 6 month period. FSSO only cites to information that regurgitates Fla. Stat. Ann. § 77.07, but offers no interpretation that supports FSSO's arguments.

Conversely, FSSO's erroneous interpretation of the statute would cause this court "to read language into the statute that is simply not there." Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc., 121 So. 3d 83, 87 (Fla. Dist. Ct. App. 2013). Under Akerman, the garnishee attempted to dissolve a second round of writs of garnishment against itself, in the same action, after the first writs of garnishment automatically dissolved. The court rejected garnishees' argument that § 77.07 prevented the issuance of a second round of writs of garnishment, holding that the statute was "clear and unambiguous." Id. The court further held

> [w]e cannot extend the express terms of section 77.07(5) to hold that a subsequent writ of garnishment is impermissible where a prior writ of garnishment was automatically dissolved pursuant to the terms of that subsection. "Florida courts are without power to construe an unambiguous statute in a way that would extend its express terms or its reasonable and obvious implications because to do so would be an abrogation of legislative power.

Id. at 87 citing Holly v. Auld, 450 So.2d 217, 219 (Fla.1984).  Presumably, if a court will allow consecutive writs of garnishment against the same party in the same action, as seen in Akerman, a court will permit *consecutive extensions* of a writ.  Consecutively filed writs of garnishment share key similarities with a writ of garnishment that has been extended multiple times.  In both situations, a garnishee's presence is continued in the action.  Additionally, like consecutive writs of garnishment, Fla. Stat. Ann. § 77.07 does not expressly hold that multiple extensions of a writ of garnishment is impermissible.  To read the statute in such a manner, an action FSSO argues this Court should do, would "extend the express terms of section 77.07" an action the Akerman court warned against.  Akerman Senterfitt & Eidson, P.A., 121 So. 3d at 87.  Here, FSSO attempts to circumvent legislative authority and interpret the statute without providing any support or basis for its analysis.  As Florida's garnishment statute does not bar additional extensions for a writ of garnishment, FSSO's motion should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an order denying FSSO's Corrected Motion to Strike Plaintiffs' Certificate of Service and Notices of Extension of Writ of Garnishment.

Dated: November 17, 2014                                  Respectfully submitted,

                                                          By: /s /John Thornton_____
                                                                John Thornton
                                                                Florida Bar No. 004820
                                                                jt@dandtlaw.com
                                                                *Attorneys for Plaintiffs/Judgment Creditors*

                                                                **DO CAMPO & THORNTON, P.A.**
                                                                Miami Tower
                                                                100 Southeast Second Street

Suite 2700
Miami, FL 33131
Phone: 305-358-6600
Fax: 305-358-6601

GROSSMAN ROTH, P.A.
Seth Miles, Esq.
Stuart Grossman, Esq.
2525 Ponce de Leon Blvd., 1150
Coral Gables, Florida 33134
(305) 442-8666

REED SMITH LLP
Jordan W. Siev, Esq.
Casey D. Laffey, Esq.
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
*Attorneys for Plaintiffs/Judgment Creditors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of November 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  Notice of this filing will be sent by operation of the Court's CM/ECF system.

/s/Seth Miles
SETH MILES