UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-22128-CV-KING/MCALILEY

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ, AND
LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs/Judgment Creditors,

vs.

CURACAO DRYDOCK COMPANY, INC., A/K/A
CURACAOSE DOKMAATSCHAPPIJ NV, A/K/A
CDMNV,

    Defendant/Judgment Debtor.
_____/

**FSSO'S REPLY TO PLAINTIFF/JUDGMENT CREDITORS' RESPONSE
TO FSSO's MOTION TO STRIKE AND OBJECTION TO PLAINTIFFS' NOTICES OF
EXTENSION OF WIRT OF GARNISHMENT [ECF No. 536]**

    Garnishee, Church of Scientology Flag Ship Service Organization, Inc., (FSSO), by and through undersigned counsel, files its reply to Plaintiff/Judgment Creditors' Response to FSSO's Motion to Strike and Objection to Plaintiffs' Notices of Extension of Writ of Garnishment [ECF No. 536] and states:

    **A.  The Statute Allows For Only One Extension:**

    Plaintiffs do not even attempt to address the plain language of Fla. Stat. Ann. § 77.07(5), which expressly provides only for "*an*" additional six month extension. Nor do they respond to FSSO's showing that the word "an" in the statute plainly means "one," or provide an explanation for their position that "an" means "many" or "unlimited." Had the legislature intended to allow multiple extensions, the statute would have provided for the "right to extend the writ for additional six month periods…" not "for an additional six months." As shown, there is no need

to go beyond the unchallenged plain meaning of the statue, which must be strictly construed. *See Aetna Cas. & Sur. Co. v Huntington Nat. Bank*, 609 So. 2d 1315, 1317 (Fla. 1992).

Although the legislative history need not be considered, Plaintiffs are also wrong that there is nothing in the legislative history or commentary that supports the natural reading of the statute that "an" equals "one." As shown, and as explained in the cited commentary and legislative history, FSSO Mem. at 4-5, the 2005 amendment altered the garnishment statute from providing that the writ would remain in force until discharged, to "provid[ing] for the automatic dissolution of a writ and discharge of a garnishee from liability and grant[ing] the plaintiff the authority to extend the writ for an additional 6 months," Florida Staff Analysis, S.B. 370, 4/4/2005. According to the Florida 2005 Session Law Service history note relating to the 2005 amendment of the Florida garnishment statute (copy attached at Exhibit 1), 77.07, F.S. "provides for automatic dissolution of a writ and discharge of a garnishee of liability under certain circumstances; granting a plaintiff the right to extend a writ for *a certain time period. . ."*; (emphasis added), again using the singular "a," meaning one time period. Thus, the stated legislative purpose of this amendment was to allow the judgment creditors to extend a writ of garnishment for a time certain (an additional six months), not *ad infinitum* as Plaintiffs argue in their opposition.

Plaintiffs would render the 2005 amendment a nullity by re-writing § 77.07(5) to authorize the writ to remain in force indefinitely through unlimited extensions, directly contrary to the above-expressed legislative purpose of the amendment, as well as the statute's plain language. If the statute is construed to permit two extensions, then there is no limiting principal that would prevent multiple extensions, other than the 20-year life of the judgment. To allow a

judgment creditor to hold innocent garnishees, such as banks, insurers, employers, and other businesses, in legal limbo indefinitely is not only unfair to the garnishees, but highly disruptive to commerce, and is contrary to the clear intent of the legislature in amending the statute to provide for discharge after six months, plus *an* additional six month extension.

The one case Plaintiffs cite, *Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*, 121 So. 3d 83 (Fla. Dist. Ct. App. 2013), in fact directly torpedoes their argument. In *Akerman*, unlike here, the first writ was dissolved, and the judgment creditor then filed a *new, second* writ of garnishment. That second writ, of course, could only garnish indebtedness of the garnishee to the judgment debtor *at the time the second writ was served*. The second writ could not garnish any indebtedness due prior to the time the first writ was dissolved, unless, unlike here, that indebtedness remained. The court in *Akerman* made that point explicitly: "The language of [§ 77.05(7) is clear and unambiguous…. It provides for the automatic dissolution of a writ of garnishment, and for the discharge of a garnishee, not from *all* further liability, but rather, from **liability under the writ automatically dissolved**." *Id*. at 87 (italics original, bolded added).

Thus, the effect of an extension of a writ, and of a dissolution of that writ and service of a new writ are very different. Plaintiffs are free to file a second writ here; but, as they know, FSSO has no indebtedness to the judgment debtor at this time. Plaintiffs cannot avoid this reality by subverting the plain statutory language, or by pretending that a second writ is the same as an extension of a first writ.

**B.** **The Incorrect Certification Renders the Extensions Facially Deficient:**

Plaintiffs' admit (and indeed cannot deny) they incorrectly certified that their Notice of Extension was being filed and served electronically, when in fact the Notice was never filed or

3

served electronically. [ECF No. 536, p. 3]. Plaintiffs' describe their false certification as "a minor oversight" because at some point Plaintiffs sent the document to FSSO by mail. *Id.* at 3-4. However, given that the garnishment statute must be strictly construed, the defect in Plaintiffs' Notices of Extension of Writ should be deemed fatal and the Notices of Extension should be held to be ineffective. *Akerman,* 121 So. 3d at 87 ("It is fundamental that garnishment statutes must be strictly construed.").

WHEREFORE, Church of Scientology Flag Ship Service Organization, Inc., respectfully requests the Court strike Plaintiffs' Certificate of Service of Extension of Writ of Garnishment (ECF No. 508) and Notice of Extension of Writ of Garnishment (ECF No. 527, Exhibit 2) and find Plaintiffs' Writ of Garnishment (ECF No. 362) was automatically dissolved as of October 9, 2014.

Dated: November 26, 2014            Respectfully Submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Garnishee*
355 Alhambra Circle
Suite 1100
Coral Gables, Florida 33134
Telephone:   (786) 221-0600
Facsimile:    (786) 221-0601
Email:         Michael@Moore-and-co.com
Email:         Claynaughton@moore-and-co.com


            */s/* **Clay M. Naughton**
            Clay M. Naughton
            Florida Bar No. 29302
            Michael T. Moore
            Florida Bar No 207845

**CASE NO.: 06-22128-CV-KING/MCALILEY**

**CERTIFICATE OF SERVICE**

I, HEREBY CERTIFY that on November 26, 2014, this document was electronically filed with the Clerk of the Court using CM/ECF and is thereby being served this day on all counsel of record identified on the following service list:

John Thornton, Esq.
Do Campo & Thornton, P.A.
Miami Tower
100 Southeast Second Street
Suite 2700
Miami, Florida 33131
Telephone:     (305) 358-6600
Facsimile:     (305) 358-6601
Email:         jt@dandtlaw.com
***Attorneys for Plaintiffs/Judgment Creditors***

*/s/* Clay M. Naughton
Florida Bar No. 29302