UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22128-CV-KING/MCALILEY

FILED by CBR D.C.

JUL 14 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

ALBERTO JUSTO RODRIGUEZ LICEA,
FERNANDO ALONSO HERNANDEZ, AND
LUIS ALBERTO CASANOVA TOLEDO,

    Plaintiffs/Judgment Creditors,

vs.

CURAÇAO DRYDOCK COMPANY, INC., A/K/A
CURAÇAOSE DOKMAATSCHAPPIJ NV, A/K/A
CDMNV,

    Defendant/Judgment Debtor.
_____/

## PLAINTIFFS/JUDGMENT CREDITORS' MOTION FOR WRITS OF GARNISHMENT

COME NOW Plaintiffs/Judgment Creditors, Alberto Justo Rodriguez Licea, Fernando Alonso Hernandez, and Luis Alberto Casanova Toledo ("Plaintiffs"), by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 62, 64, and 69 and Fla. Stat. §§ 77.01 *et. seq.* and move this Court for issuance of post-judgment writs of garnishment concerning the assets of Defendant/Judgment Debtor Curacao Drydock Company, Inc., to be served on Maersk, Inc. and Maersk Agency, U.S.A., Inc. and as grounds therefore state:

    1.    On October 31, 2008, this Court entered a final Judgment in favor of Plaintiffs and against Defendant/Judgment Debtor for $80 million plus post-judgment interest at the rate set by 28 U.S.C. § 1961. DE 112.

    2.    On October 21, 2009, the Clerk issued a Writ of Execution for $80,000,000.00 and interest according to 28 U.S.C. § 1961 since October 31, 2008. DE 119.

    3.    The Final Judgment was not appealed and the time for appeal has passed.

4. Judgment Debtor has paid none of the judgment; while Judgment Creditors have collected some funds through garnishments, more than $80 million of the judgment and interest thereon remains unsatisfied.

5. As Judgment Debtor is a foreign entity whose assets are primarily located outside of the United States, Judgment Creditors have been unable to levy on Judgment Debtor's assets.

6. Judgment Debtor is a drydock facility located in Curacao.

7. Garnishees, Maersk, Inc. and Maersk Agency, U.S.A., Inc., or their agents or alter egos, are managers or owners of ships and are periodic customers of Judgment Debtor's drydock facility in Curacao. As such, Judgment Creditors believe that Garnishees owe Judgment Debtor for ship repairs. More specifically, Judgment creditors believe that Garnishees and/or their agents or alter egos have not paid and have not been relieved of their duty to pay for repairs made to the ship Maersk Wismar. Garnsihees or their agents or alter egos owe money to the Judgment Debtor and/or Garnsihees or their agents or alter egos control or will control money belonging to the Judgment Debtor.

8. Judgment Creditors seek writs of garnishment pursuant to Fla. Stat. § 77.03.

**WHEREFORE**, Judgment Creditors request the issuance of writs of garnishment against Curacao Drydock Company, Inc.'s property held or controlled by garnishees, Maersk, Inc. and Maersk Agency, U.S.A., Inc., in the form attached hereto and to grant any further relief as is just, fair and equitable.

Dated: July 13, 2015

                                              Respectfully submitted,

                                              DO CAMPO & THORNTON, P.A.
                                              Miami Tower
                                              100 Southeast Second Street
                                              Suite 2700

Miami, FL 33131
Phone: 305-358-6600
Fax: 305-358-6601

By: _____
John Thornton
Florida Bar No. 004820
jt@dandtlaw.com
*Attorneys for Plaintiffs/Judgment Creditors*